UNITED STATES COURT OF FEDERAL CLAIMS

Philip C. Ueland and )
Nicole Ueland, )
    Plaintiffs, )
                  v. )   Civil Action No. 1:23-cv-00931-RTH
                     )
United States of America, )
    Defendant )

**AMENDED COMPLAINT**

Come now, Philip C. Ueland and Nicole Ueland, by and through their undersigned counsel, and alleges as follows:

1. Plaintiffs brings this action under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1) for refunds in the amount of $95,850.10 plus interest. The claimed amount of $95,850.10 relates to an improperly and illegally assessed tax penalty for tax year 2017 relating to tax Form 3520 and/or Form 3520-A. Defendant, United States of America, improperly seized the illegally assessed penalty by refund offset from a refund otherwise due Plaintiffs for tax year 2019.

2. The United States seized the $95,850.10 penalty for tax year 2017 on or about September 21, 2020 and notified Plaintiffs of its action by letter dated November 2, 2020. A copy of this letter is attached as Exhibit A.

Complaint page 1 of 16

**The Parties**

3.  Plaintiff Philip C. Ueland is a United States citizen whose resides in Australia.

4.  Plaintiff Nicole C. Ueland is a United States citizen whose resides in Australia.

5.  Defendant is the United States of America. The actions complained of in this matter were undertaken by the Internal Revenue Service (IRS), an agency of the United States.

**Jurisdiction and Venue**

6.  Based on IRS records, on or about September 21, 2020, the IRS asserts that it assessed a penalty in the amount of $95,850.10 against Plaintiffs relating to tax year 2017.

7.  The IRS improperly collected the penalty in the amount of $95,850.10 for tax year 2017 on or about September 21, 2020 and notified Plaintiffs of its action by letter dated November 2, 2020. Exhibit A.

8.  Plaintiffs made a timely claim for refund by filing Form 843, Claim for Refund and Request for Abatement, on December 30, 2021. A copy of Plaintiffs' claim for refund, with Appendices A through L inclusive, is attached as Exhibit B.

9.  The IRS sent Plaintiffs a form letter denying his request for the abatement of the penalty and the refund of penalty in the amount of $95,850.10 on

August 26, 2022. Exhibit C.

10. Plaintiffs made a timely claim for refund within two years of the IRS seizing their $95.850.10, and the IRS denied that claim for refund.

11.   The IRS never sent Plaintiffs a notice of claim disallowance.

12. The time limitation under 26 U.S.C. § 6532 (two years from notice of claim disallowance) has not lapsed because the IRS has not sent Plaintiffs a notice of claim disallowance, and this suit is timely.

## Relevant Facts

13.   As an overview, this case centers on Plaintiffs' good faith efforts to comply with complex international reporting requirements relating to a type of Australian retirement-type account known as a superannuation fund and the IRS' practice of "systemically" assessing penalties without consideration of the facts or law.

14.   Plaintiffs have resided in Australia since 2010.

15.   Plaintiffs operate a business in Australia and earn Australian-sourced income.

16.   Plaintiffs file income tax returns in Australia and pay taxes in Australia.

17.   Plaintiffs also reports their worldwide income on U.S. income tax returns, pays taxes on their worldwide income, and file various international information returns to report ownership of foreign financial assets.

Complaint page  3  of  16

18.  Plaintiffs take their U.S. income tax compliance seriously and relied on competent professionals to assist them with their income tax returns and international information returns.

19.  Plaintiffs engaged competent tax professionals to advise them on what forms to file and how to report income and foreign financial assets to comply with his U.S. tax reporting requirements.

20.  As a result of Plaintiffs' Australian residency and Australian-sourced income, Plaintiffs participate in a retirement-type account known as a superannuation fund. See generally, https://www.forbes.com/advisor/au/superannuation/ (last visited June 15, 2023)

21.  Participation in superannuation funds is mandatory in Australia.

22.  Superannuation funds are difficult to classify for U.S. tax purposes, and the IRS refuses to provide U.S. persons with interests in superannuation funds clear guidance on how to report them or provide general relief from complex international reporting regimes. See, e.g., Roy A. Berg and Marsha-Laine Dungog, U.S. Income Tax Treatment of Australian Superannuation Funds, TAX NOTES INT'L, October 10, 2016.

23.  Given the dearth of guidance from the IRS and the draconian penalties for the IRS may impose relating to foreign grantor trusts under 26 U.S.C. § 6677, many conservative tax practitioners classify Australian superannuation funds as

foreign grantor trusts under the provisions of 26 U.S.C. §§ 671-679 and report them on Form 3520 and/or Form 3520-A. See 26 U.S.C. § 6048 (relating to reporting foreign trusts).

24.  As U.S. citizens residing abroad, Plaintiffs were required to file their 2017 U.S. income tax return on or before June 15, 2018. See 26 CFR § 1.6081-5(a)(5).

25.  Plaintiffs requested a six-month extension of time to file their 2017 income tax return, and the due date considering the extension for the 2017 return was December 15, 2018.

26.  Plaintiffs timely filed, considering an extension of time to file, their 2017 U.S. income tax return on November 6, 2018.

27.  Plaintiffs also timely filed a Form 3520 for tax year 2017 reporting a superannuation fund as a foreign trust. Exhibit B, Appendix A-9 through A-14. Exhibit B, appendix J.

28. The Ueland Superannuation Fund has a fiscal year ending June 30, and Plaintiffs filed an extension of time to file on Form 7004 for the Form 3520-A for the Ueland Superannuation Fund.

29.  The due date, considering the extension of time to file, for the Form 3520-A for Ueland Superannuation Fund was March 15, 2019.

30.  The IRS admitted that the 2017 Form 3520-A for the Ueland

Superannuation Fund was received on March 12, 2019.

31. Therefore, the 2017 Form 3520-A for the Ueland Superannuation Fund was timely filed.

32. The IRS sent Plaintiffs' CPA a letter dated December 24, 2018 about Plaintiffs' Form 3520. Exhibit B, Appendix B.

33. The IRS' letter dated December 24, 2018 alleged certain components of the Form 3520 were incomplete and threatened various penalties. Exhibit B, Appendix B.

34. Plaintiffs' CPA, as Plaintiffs' representative, responded to the IRS' December 24, 2018 letter on January 8, 2019 by sending what she believed was a complete and proper Form 3520 for Plaintiffs. Exhibit B, Appendix A-19 through A-36.

35. From the time Plaintiffs' CPA mailed the January 8, 2019 letter to the IRS until November 2, 2020, the IRS did not communicate with Plaintiffs or their representative about the 2017 Form 3520 or about the 2017 Form 3520-A.

36. According to IRS transcripts, the IRS purportedly assessed a "miscellaneous penalty" in the amount of $95,850.10 on September 21, 2020 relating to tax year 2017.

37. According to IRS transcripts, the purportedly assessed "miscellaneous penalty" in the amount of $95,850.10 only relates to Plaintiff Philip C. Ueland.

38.  The IRS failed to notify Plaintiffs of its purported assessment on September 21, 2020.

39.  The IRS never issued to Plaintiffs a CP15 "notice of penalty charge" relating to the penalty for 2017.

40.  From the date of purported assessment of the penalty for 2017 through 2021, the IRS never issued any document providing notice of assessment of the penalty for 2017, explaining the basis of the penalty for 2017, or providing a computation of the penalty for 2017.

41.  By letter dated November 2, 2020, the IRS informed Plaintiffs that it seized an overpayment from Plaintiffs' 2019 Form 1040 to fully satisfy a "civil penalty" owed for 2017; this letter did not identify the nature of the "civil penalty" or give any other clues about the penalty. Exhibit A.

42.  In other words, the November 2, 2020 letter from the IRS was the first indication in writing to Plaintiffs that the IRS had secretly assessed a "civil penalty" for 2017.

43.  The November 2, 2020 letter from the IRS did not name the penalty that was purportedly assessed, did not provide the Internal Revenue Code section relating to the penalty, and did not provide a computation of the penalty.

44.  In response to the letter dated November 2, 2020, Plaintiffs' CPA, as their representative, called the IRS and spoke to IRS employee Carla U. Loven

Complaint page  7  of  16

(IRS Employee Loven).

45.  In the course of the phone call, IRS Employee Loven explained that the penalty related to the failure to report transactions with a foreign trust. Exhibit B, Appendix L.

46.  IRS Employee Loven also faxed a redacted notice dated March 11, 2019 to Plaintiffs' CPA, and that notice recited a penalty under 26 U.S.C. § 6702(a). Exhibit B, Appendix E.

47.  The information provided by IRS Employee Loven to Plaintiffs' representative failed to explain why the IRS penalized Plaintiffs or otherwise shed light on the "civil penalty" for 2017.

48.  Given the opaqueness of the IRS' communication concerning the "civil penalty" purportedly assessed against Plaintiffs in the amount of $95,850.10, Plaintiffs' counsel made a request on January 15, 2021 under the Freedom of Information Act (FOIA) for all records relating to the "civil penalty" for tax year 2017.

49.  By letter dated July 9, 2021, the IRS partially responded to counsel for Plaintiffs' FOIA request. Exhibit B, Appendix A-1 through A-37.

50.  Counsel for Plaintiffs made another FOIA request for records on August 19, 2021 (Exhibit B, Appendix G), and after some back and forth received a tidbit of clarification from an IRS employee on October 8, 2021 as follows (Exhibit B,

Complaint page  8  of  16

Appendix I:

> I have been looking into this case and reviewed the letter and documents provided to you previously [under FOIA]. There are no records regarding the penalty because it was automatically assessed. Per the Letter 3652C, it appears that the Form 3520-A was not completed per instructions, so the penalty was assessed. Please let me know if you have any additional questions.

51.   On December 30, 2021, Plaintiffs filed a Form 843, Claim for Refund and Request for Abatement, requesting that the IRS abate the penalty relating to tax year 2017 and refund $95,850.10.

52.   A copy of Plaintiffs' Form 843 with attachments appendices A through L, inclusive, is attached as Exhibit B.

53.   As an overview, in Plaintiffs' Form 843 counsel for Plaintiffs explained that the IRS failed to follow various procedural requirements relating to the "civil penalty" for 2017 including failed to provide a "notice and demand" for the penalty and failed to comply with provision in 26 U.S.C. § 6751(a) and (b); counsel for Plaintiffs made clear that because the IRS failed to follow statutory mandates and prerequisites, the penalty assessment was invalid and the IRS was required to refund the penalty in the amount of $95,850.10 plus interest.

54.   Plaintiffs' Form 843 included the clear request for a refund under the subheading "Conclusion" by stating: "Therefore, the amount of $95,850.10 in civil penalties should be abated and/or the collection of this amount via offset should be invalidated and the same amount be refunded to the taxpayers with interest."

Complaint page  9  of  16

Exhibit B, attachment to Form 843, pgs. 5-6.

55.  In response to Plaintiffs' Form 843, the IRS sent a form letter on August 26, 2022 about the "civil penalty." Exhibit C.

56.  The IRS' August 26, 2022 form letter stated that what Plaintiffs "submitted doesn't establish reasonable cause or show due diligence. Therefore, we must deny your request for penalty adjustment." Exhibit C.

57.  The IRS' August 26, 2022 form letter indicates that the IRS failed to read or failed to understand the statutory arguments in Plaintiffs' Form 843.

58.  The IRS' August 26, 2022 form letter also stated: "Penalty was not assessed for Form 3520. It was assessed for late filing of Form 3520-A. The Form 3520-A was received Mar. 12, 2019, and the due date was Mar. 15, 2018. There is no record on the account of an extension." Exhibit C.

59.  The IRS' August 26, 2022 form letter indicates that the IRS did not comprehend the concept of a fiscal year Form 3520-A, even though the form clearly contemplates reporting other than by calendar year.

60.  Although the IRS' August 26, 2022 form letter did not specify under what section of the Internal Revenue Code the "civil penalty" for 2017 was imposed, given the form letter's mentioning Form 3520-A Plaintiffs infer the penalty is under 26 U.S.C. § 6677(b) relating to the information reporting requirement mandated by 26 U.S.C. § 6048(b).

Complaint page  10  of  16

61.  Subsequently, counsel for Plaintiffs requested by letter dated December 1, 2022 administrative appeal consideration of the 2017 penalty with the IRS' Independent Office of Appeals (Appeals). Exhibit D.

62.  Appeals has no record of the request by Plaintiffs mailed on December 1, 2022, and the request for consideration was lost by the IRS.

63.  The United States of America bears the burden of production to establish all procedural requirements relating to IRS penalties including the penalty Plaintiffs are seeking refunded in this case. 26 U.S.C. § 7491(c).

## Count I

64.  Plaintiffs incorporate all earlier allegations contained in paragraphs 1 through 63 of this Complaint.

65. As an overview, in Count I Plaintiffs asserts they are entitled to a refund in the amount of $95,850.10 plus interest because the IRS failed to follow the procedural prerequisites to issue a "notice and demand" for the penalty for 2017 before attempting to collect the penalty.

66.  The international reporting penalty imposed by 26 U.S.C. § 6677(b) is located in Chapter 68 of the Internal Revenue Code, and 26 U.S.C. § 6665(a) directs that penalties under Chapter 68 are subject to "notice and demand" and are paid in the same manner as taxes.

67.  Notice and demand for taxes, and penalties treated as taxes, requires the

IRS to provide a taxpayer with notice "left at the dwelling or usual place of business of [the taxpayer] or shall be sent by mail to [the taxpayer's] last known address." 26 U.S.C. § 6303(a).

68.  The IRS failed to provide Plaintiffs a notice and demand relating to the penalty for 2017.

69.  Because the IRS failed to follow the multiple procedural requirements relating to providing "notice and demand" for the penalty for 2017, the penalty asserted by the IRS is entirely invalid and the IRS' seizure of $95,850.10 from Plaintiffs' 2019 tax overpayment was illegal.

70. Therefore, Plaintiffs are entitled to a refund of $95,850.10 plus interest.

## Count II

### (alternative basis for relief)

71.  Plaintiffs incorporate all earlier allegations contained in paragraphs 1 through 63 of this Complaint.

72.  As an overview, in Count II Plaintiffs assert they are entitled to a refund in the amount of $95,850.10 plus interest because the IRS failed to follow the procedural prerequisites under 26 U.S.C § 6751(a).

73.  26 U.S.C § 6751(a) requires that the IRS provide a "notice of penalty under this title information with respect to the name of the penalty, the section of this title under which the penalty is imposed, and a computation of the penalty."

74. The IRS provided no notice of the penalty to Plaintiffs for the penalty asserted.

75. The IRS failed to identify the section of the Internal Revenue Code for the penalty asserted.

76. The IRS failed to provide a computation of the penalty for the penalty asserted.

77. Because the IRS failed to follow the multiple procedural requirements of 26 U.S.C § 6751(a), the penalty asserted by the IRS is entirely invalid and the IRS' seizure of $95,850.10 from Plaintiffs' 2019 tax overpayment was illegal.

78. Therefore, Plaintiffs are entitled to a refund of $95,850.10 plus interest.

## Count III

### (alternative basis for relief)

79. Plaintiffs incorporate all earlier allegations contained in paragraphs 1 through 63 of this Complaint.

80. As an overview, in Count III Plaintiffs asserts they are entitled to a refund in the amount of $95,850.10 plus interest because the IRS failed to follow the procedural prerequisites under 26 U.S.C § 6751(b).

81. Count III is an alternative legal basis for relief beyond the bases set forth earlier.

82. 26 U.S.C § 6751(b) requires that the IRS follow specific procedures

relating to supervisory approval of penalties prior to the assessment of a penalty.

83. 26 U.S.C § 6751(b) states: "No penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination … ."

84. In this case, the IRS has no record of an initial determination of the penalty assessed against Plaintiffs.

85. The IRS failed to have a supervisor approve in writing the initial penalty determination underlying the penalty for 2017.

86. Because the IRS failed to follow the multiple procedural requirements of 26 U.S.C § 6751(b), the penalty asserted by the IRS is entirely invalid and the IRS' seizure of $95,850.10 from Plaintiffs' 2019 tax overpayment was illegal.

87. Therefore, Plaintiffs are entitled to a refund of $95,850.10 plus interest.

## Count IV

(alternative basis for relief)

88. Plaintiffs incorporate all earlier allegations contained in paragraphs 1 through 63 of this Complaint.

89. As an overview, in Count IV Plaintiffs asserts they are entitled to a refund in the amount of $95,850.10 plus interest because the 2017 Form 3520-A for the Ueland Superannuation Fund was timely filed and is not properly subject to

Complaint page  14  of  16

any penalties.

90.  The IRS failed to properly comprehend the fiscal year filing, failed to acknowledge the extension of time to file, and failed to comprehend that the 2017 Form 3520-A for the Ueland Superannuation Fund was timely filed.

91.  Therefore, Plaintiffs are entitled to a refund of $95,850.10 plus interest.


**Prayer for Relief**

THEREFORE, Plaintiffs demand a trial as to all triable issues and pray for the following relief:

a.  That the Court enter judgment in their favor and against the United States of America on the basis of Count I or in the alternative Count II, Count III, or Count IV of this Complaint for a refund in the amount of $95,850.10 plus interest.

b.  That the Court award Plaintiffs such other and further relief as the Court deems just and proper.

Respectfully submitted June 23, 2023,


/s/ Jenny C. Lin
Jenny C. Lin
Lead Attorney for Plaintiffs Philip and Nicole Ueland
California Bar No. 211997
Lin Tax Law, P.C.
1655 N. Main Street, Suite 350
Walnut Creek, CA 94596

Complaint page  15  of  16

(925)202-2922 (Office)
jlin@lintaxlaw.com

/s/ Daniel N. Price
Daniel N. Price
Attorney for Plaintiffs Philip and Nicole Ueland
Texas Bar No. 24037299
New York Reg. No. 5921697
Law Offices of Daniel N. Price, PLLC
7011 Main Street
Frisco, Texas 75034
210-960-2920 (office)
dan@pricetaxlaw.com