| Form **843** | **Claim for Refund and Request for Abatement** | |
|---|---|---|
| (Rev. August 2011)<br>Department of the Treasury<br>Internal Revenue Service | ▶ **See separate instructions.** | OMB No. 1545-0024 |

Use Form 843 if your claim or request involves:

- **(a)** a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,
- **(b)** an abatement of FUTA tax or certain excise taxes, or
- **(c)** a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

**Do not** use Form 843 if your claim or request involves:

- **(a)** an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),
- **(b)** a refund of excise taxes based on the nontaxable use or sale of fuels, or
- **(c)** an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name(s)<br>Philip Craig Ueland and Nicole Ueland | Your social security number<br>~~~~~~~~~~-9050 |
|---|---|
| Address (number, street, and room or suite no.)<br>8A North Parade | ...ty number<br>4211 |
| City or town, state, and ZIP code<br>Hunters Hill, NSW 2110, Australia | Employer identification number (EIN) |
| Name and address shown on return if different from above<br>c/o 1501 Fourth Ave., Suite 2880<br>Seattle, WA 98101 | Daytime telephone number |

**1** **Period.** Prepare a separate Form 843 for each tax period or fee year.

From 1/1/2017 to 12/31/2017

**2** Amount to be refunded or abated: $ 95,850.10

**3** **Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.

☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise   ☐ Income   ☐ Fee

**4** **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: 6702(a); 6677(a); unknown

**5a** **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)

☐ Interest was assessed as a result of IRS errors or delays.

☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.

☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ▶ _____ 9/21/2020 - via transfer of credit from TY 2019

**6** **Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.

☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945<br>☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☑ Other (specify) ▶ Form 3520

**7** **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See attachment

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   Date 11/29/2021

Signature (spouse, if joint return)   Date November 13, 2021

| Paid<br>Preparer<br>Use Only | Print/Type preparer's name<br>JENNY C. LIN | Preparer's signature<br>Jenny Lin | Date<br>12/29/2021 | Check ☐ if<br>self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ▶ LIN TAX LAW P.C. | | | Firm's EIN ▶ 45-2414532 | |
| | Firm's address ▶ 1655 N. MAIN ST. #350 WALNUT CREEK CA | | | Phone no. 925-989-3251 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   014598   Cat. No. 10180R   Form **843** (Rev. 8-2011)

**EXHIBIT B**

**Taxpayer Names: Philip Craig Ueland and Nicole Ueland**
**Taxpayer SSNs:** ▮▮▮▮▮9050 and ▮▮▮▮▮-4211
**Attachment to Form 843**

**1. Facts**

Taxpayers resided in Australia in 2017 and at the time their 2017 return was filed.  *See* Appendix J, Declaration of Phillip Craig Ueland and Nicole Ueland ("Ueland Decl.") ¶ 1.

Taxpayers filed Form 3520 for the 2017 tax year.  *See* Appendix J, Ueland Decl. ¶3.

On or about December 24, 2018, the IRS issued a letter notifying the taxpayers that Form 3520 was incomplete and additional information was required.  *See* Appendix B.  The notice requested a response within 30 days, i.e., January 23, 2019.

Taxpayers' preparer responded to the IRS notice on or about January 8, 2019.  *See* Appendix K, Declaration of Karen Wilson ("Wilson Decl.") ¶6.   The response was delivered to the IRS on or about January 13, 2019.  *See* Wilson Decl. ¶6 and Appendix C.  The IRS stamped the response as having been received on January 15, 2019.  See Appendix A-16 and A-19.

On or about November 2, 2020, the IRS issued a notice to taxpayers that $95,850.10 of their 2019 overpayment was applied to the civil penalty owed for December 31, 2017.  See Appendix D.  The taxpayers did not previously receive any notice that a penalty was being proposed or had been assessed for the 2017 year.  *See* Appendix J, Ueland Decl. ¶5; Appendix K, Wilson Decl. ¶8; and Appendix L, Declaration of William F. Serres II ("Serres Decl.") ¶¶6, 8.  As such, taxpayers' then current representative, William F. Serres II, contacted the IRS on or about December 9, 2020, to inquire into the nature of the penalty.  *See* Appendix L, Serres Decl. ¶6.

Mr. Serres spoke with Loven Carla of the IRS regarding the penalty.  Loven Carla verbally indicated that there was a notice issued on September 21, 2020 but did not provide a copy of the notice to taxpayers' representative.  *See* Appendix L, Serres Decl. ¶6.  Neither taxpayers nor their representative for the 2017 return or then representative received the September 21, 2020 notice.  *See* Appendix J, Ueland Decl. ¶5; Appendix K, Wilson Decl. ¶8; and Appendix L, Serres Decl. ¶¶6, 8.   Although Loven Carla did not provide a copy of the September 21, 2020 notice, she provided a March 19, 2019 notice via fax to Mr. Serres which indicated that a §6702(a) penalty was assessed.  See Appendix L, Serres Decl. ¶7; and Appendix E.  The notice faxed to Mr. Serres redacted all identifying information relating to the taxpayer, amounts, tax year etc. *Id.* As such, taxpayers were not able to confirm that the notice pertains to them or that the amount on the notice is the same as the amount paid via transfer of the 2019 overpayment on November 2, 2020.[1]

---

[1] However, it is unlikely that §6702(a) is the penalty relevant to this case as the penalty is limited to $5,000.00 whereas the November 2, 2020 notice indicated that the civil penalty was $95,850.10.

Taxpayers hired counsel after Mr. Serres was not able to determine the nature of the penalty. Taxpayers' counsel submitted a FOIA request on or about January 15, 2021, to obtain information relating, among other items, to notices relating to Form 3520 for the 2017 tax year and the administrative file pertaining to the assessment of a penalty relating to Form 3520 and/or IRC §6702(a) penalty for the 2017 tax year. The IRS responded to the FOIA request on or about July 9, 2021. See Appendix A. The IRS FOIA response indicated that the case relating to Form 3520 was closed without any action. See Appendix A-6, A-7, A-37. There were no documents provided on a Section 6702(a) penalty, calculation of the penalty, a copy of the September 21, 2020 notice or issuance of a September 21, 2020 notice.

On or about July 26, 2021, Mr. Serres obtained the 2017 civil penalty account transcript in the hopes that the nature of the penalty would be noted on the account transcripts. See Appendix F. The account transcript did not indicate the type of penalty assessed.

Out of an abundance of caution, taxpayers' counsel submitted a second FOIA request on or about August 19, 2021 and requested, among several items, "[a]ll notices relating to the civil penalty assessed for the 2017 tax year, including a notice issued on or about September 21, 2020…," "[a]ny documents filed and/or provided by the Taxpayers which form the basis of the civil penalty," and the "[a]dministrative file pertaining to the assessment of a civil penalty." See Appendix G. The FOIA Disclosure Officer initially denied counsel's request for the reason that an identical request was submitted in January 2021. See Appendix I. Counsel clarified with the FOIA Disclosure Officer that the request was not the same. The FOIA Disclosure Officer conducted a new search but did not find any additional documents which were not already provided in the IRS's July 9, 2021, FOIA response. See Appendix J. The FOIA Disclosure Officer surmised that the penalty was related to Form 3520-A based on the IRS notice dated December 24, 2018 requesting additional information relating to Form 3520.[2]

As such, taxpayers have not been able to determine the nature of the penalty, whether the penalty applies, or whether the penalty is calculated correctly. No other evidence was provided by the IRS that a notice was actually issued.

2.  **Discussion**

   a.  **Legal Requirements for Assessment of Penalty**

Section 6751 provides two procedural requirements with respect to penalties. Subsection (a) provides that "each notice of penalty [shall include] information with respect to the name of the penalty, the section of this title under which the penalty is imposed, and a computation of the penalty." Subsection (b) provides that "[n]o penalty under this title shall be assessed unless the

---

[2] It is believed that the FOIA Disclosure Officer meant to refer to Form 3520 and not Form 3520-A since the December 24, 2018 letter relates to Form 3520 and not Form 3520-A. The penalty also does not appear to be related to the December 24, 2018 letter because the penalty amount does not appear to match any of the penalties which would apply if the penalty rate in the letter was applied.

initial determination of such assessment is personally approved (in writing) by the immediate supervisor…"

As to penalties within Chapter 68[3], the penalties "shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes." *See* §6665(a).   The notice and demand is required to be "left at the dwelling or usual place of business of [the taxpayer] or shall be sent by mail to [the taxpayer's] last known address." *See* §6303(a).  A taxpayer's "last known address" is the address on the most recently filed and properly processed tax return unless the taxpayer provides a clear and concise notification of a different address.  *See* 301.6212-2(a); *Abeles v. Comm'r*, 91 T.C. 1019, 1035 (1988).  Where a statute requires a notice and demand, the requirement must be met before the penalty is payable.  *See e.g.*, *Koss v. U.S.*, 81 AFTR 2d 98-2049 (E.D. Pa. 1998) (Taxpayer's motion for summary judgment granted against the IRS from enforcing its tax lien where notice was supposed to be manually provided and IRS failed to provide evidence that notice was given, such as a copy of the notice, certified mail receipt, testimony of agent who delivered the notice, or notes or testimony of agent or officer who initiated or supervised the manual assessment); and *In re Resyn Corp.*, 945 F.2d 1279 (3rd Cir. 1991) (Court held the IRS could not collect on the fraud penalty and interest which accrued after the bankruptcy petition was filed where notice and demand was required and the IRS failed to provide such notice and demand).

Additionally, the IRS has "the burden of production in any court proceeding with respect to the liability of any individual for any **penalty**, addition to tax, or additional amount imposed by [Title 26]." *See* IRC 7491(c).  (emphasis added).  The burden of production includes providing evidence that the requirements of Section 6751 are met.  *See Graev, et ux. v. Comm'r*, 147 T.C. 460, 473 (2016) ("Before considering the merits of the 20% accuracy-related penalties…we first address threshold issues [taxpayers] have raised involving the procedural requirements of section 6751(a), relating to penalty computations, and section 6751(b), relating to penalty assessments.").

### b. Procedural Requirements Relating to the Penalty and Payment of Penalty Via Offset have not Been Met

#### (1) The IRS Has Not Been Able to Produce Evidence that the Required Notice Was Provided

Taxpayer's representative Mr. Serres and counsel have made multiple requests for the notice issued on or about September 21, 2020.  By the account of Ms. Loven, this notice appears to have been the first communication to put the taxpayers on notice of an assessment or proposed assessment of penalty.  However, the IRS was not able to provide a copy of this notice or any evidence that the required notice was issued despite an informal request by Mr. Serres to Ms. Loven and two formal FOIA requests by counsel.  The administrative records provided through the FOIA requests also do not contain a record of how the penalty was calculated.  Therefore, the procedural requirement under §6751(a) was not met.

---

[3] Both §6702 and §6677 which is the potential penalty relating to Form 3520 as to transfers to foreign trusts are within Chapter 68.

Given that the IRS is not able to provide a copy of the notice required under §6751(a), it is questionable whether the notice was issued, including whether the information required were provided.  The IRS' response to counsel's FOIA request suggests or indicates that the notice is not available because the penalty was automatically assessed.  However, the FOIA response provided indicates that an agent was involved in determining whether a penalty should be assessed.  Therefore, the penalty was *not* automatically assessed.

The IRS bears the burden of production in showing that 6751(a) is met since a notice and demand is required before the penalty is payable.  Procedural errors or omissions are a basis for invalidating an administrative act or proceeding if there is prejudice to the complaining party.  *See Graev*, 147 T.C. at 474-475.  In this case, the failure of the IRS to issue the notice as required by various sections prejudiced the taxpayer in many ways.  Section 7803(a), commonly known as the Taxpayer Bill of Rights, recognizes that the IRC provides several rights to the taxpayer, including –

- the right to be informed,
- the right to quality service,
- the right to pay no more than the correct amount of tax,
- the right to challenge the position of the internal Revenue Service and be heard,
- the right to appeal a decision of the internal Revenue Service in an independent forum, and
- the right to a fair and just tax system.

Every single right of the taxpayers listed above was prejudiced by the IRS' inability to produce a copy of the September 21, 2020 notice.  Most importantly, such notices would have provided an opportunity for the taxpayers to challenge the penalty before assessment and/or collection.  The failure to provide notice therefore deprived the taxpayers an opportunity to challenge the penalty and/or its collection.  Consequently, the penalty is not payable by the taxpayers.

**(2) Even if the Notice For the Penalty was Properly Mailed and Contained the Information in Section 6751(a), the Penalty Cannot be Assessed Due to Failure to Obtain Supervisor Approval**

Separately, written supervisory approval of either the penalties for §6702 or §6677 was required in order for the penalty to be valid.  An exception is provided for penalties which are "automatically calculated through electronic means."  *See* §6751(b)(2)(B).  This phrase has been interpreted to apply to a situation where "the penalty was determined mathematically by a computer software program without the involvement of a human IRS examiner…"  *See ATL & Sons Holdings, Inc. v. Comm'r*, 152 T.C. 138, 152 (2019).

In this case, it does not appear that either penalty was automatically calculated through electronic means.  With respect to the §6677 penalty, the IRS's response to counsel's first FOIA request indicates that the case was assigned to an agent for review.  *See* Appendix A-6 and A-7, November 4, 2019 entry.   In fact, the same document indicates that no penalty was assessed and the case was closed without action. *Id.*, November 16, 2019 entries.  With respect to the §6702

4

penalty, no documents were provided in response to counsel's first or second FOIA request to indicate that a §6702(a) penalty was assessed. Furthermore, a §6702(a) penalty by its nature cannot be automatically calculated through electronic means without the involvement of an IRS examiner because the penalty requires a two-part determination relating to the apparent correctness or incorrectness of a return **and** conduct of the taxpayer.[4]

Therefore, written supervisor approval was required to be obtained before a civil penalty can be assessed[5]. Responses to counsel's FOIA requests did not indicate that any written supervisor approval was obtained. Consequently, a civil penalty cannot be assessed pursuant to IRC §6751(b).

### (3) The IRS Was Not Authorized to Offset Taxpayer's 2019 Refund Against the 2017 Penalty Because the 2017 Penalty Was Not Properly Assessed or Notice Was Not Properly Given as Required

The civil penalty for the 2017 tax year was paid via offset against taxpayers' overpayment for the 2019 tax year. *See* Appendix D. Section 6402(a) authorizes the IRS to "credit the amount of [an] overpayment [within the applicable statute of limitations] against any ***liability*** in respect of an internal revenue tax[6] on the part of the person who made the overpayment and…[to] refund any balance to such person."

In this case, the IRS was not authorized to offset the 2017 civil penalty against taxpayers' 2019 overpayment for various reasons. First, the civil penalty could not be assessed without written supervisory approval and/or for the failure to provide notice as required by 6751(a) and (b). If so, there is no valid "liability" to be applied against the overpayment. Second, there was no notice and demand issued by the IRS. Even if the penalty was assessed, the penalty was not yet payable if the notice and demand was issued. *See Koss* and *In re Resyn Corp.* discussed above. Therefore, the collection of the civil penalty via offset was not valid.

### 3. Conclusion

There are various procedural errors in this case which rendered the civil penalty invalid or made the collection via offset against taxpayers' refund invalid. There is no evidence that either a notice required under §6751(a) or notice and demand as required under §6665 and §6303 was issued. There was also no evidence that written supervisory approval was obtained before assessment of the penalty. Therefore, the amount of $95,850.10 in civil penalties should be

---

[4] Even if written supervisory approval was not required for §6702(a) penalty, the penalty itself is limited to $5,000.

[5] Taxpayers do not know the basis for the assessment of civil penalty. Assuming that neither a §6677 or §6702(a) penalty was assessed, taxpayers contend that there cannot be any civil penalty assessed under any provision since responses to counsel's two FOIA requests did not produce evidence that written supervisory approval was obtained for *any* civil penalty.

[6] Chapter 68 penalties are "assessed, collected, and paid in the same manner as taxes…" *See* §6665(a).

abated and/or the collection of this amount via offset should be invalidated and the same amount be refunded to the taxpayers with interest.

Sincerely,

Jenny C. Lin

Enclosures

6

RECEIVED JUL 1 3 2021

Jenny C Lin
Lin Tax Law
1655 N. Main Street Suite 350
Walnut Creek, CA  94596



**Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and Disclosure**
**Centralized Processing Unit**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Jenny C Lin
Lin Tax Law
1655 N. Main Street Suite 350
Walnut Creek, CA  94596

Date:
July 9, 2021
Employee name:
F.P. Bones
Employee ID number:
1000148434
Telephone number:
470-769-2491
Fax number:
855-203-7001
Case number:
2021-06605
Re: Phillip Craig Ueland &
Nicole Ueland

Dear Jenny C Lin:

This is a final response to your Freedom of Information Act (FOIA) request dated January 15, 2021, received in our office on January 15, 2021.

You asked for copy of:

- A copy of the original filed Form 3520 and any subsequently filed Form 3520 in response to IRS notice:
- All IRS notices relating to Form 3520, including but not limited to a notice dated on or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to Form 3520 and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, case activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty(ies).

We searched for, and located, 32 pages responsive to your request.

Of the 32 pages located in response to your request, we're enclosing 32 pages. We're releasing 31 pages without exemptions and withholding one page in part. Redacted portions of each page are marked by the applicable FOIA exemptions which are described below:

The withheld portions are return information outside the scope of your power of attorney. FOIA exemption (b)(3) requires us to withhold information specifically exempt from disclosure by another law. The law supporting this exemption is Internal Revenue Code Section 6103(a).

Please be advised, some notices are computer generated and not associated with a paper document.

APPENDIX A-2

If you would like to discuss our response, you have the right to contact the FOIA public liaison, Summer Sutherland, at 801-620-2149.

The FOIA Public Liaison responds to FOIA requests for copies of documents maintained by the IRS. There is no provision in the FOIA to resolve tax, collection, or processing issues. If you need assistance with tax-related issues, you can call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

You have the right to file an administrative appeal within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552, to explain your appeal rights.

Your decision to contact the FOIA public liaison or OGIS for assistance resolving your dispute does not extend the 90-day period in which you can file an appeal.

If you have questions, you can contact the person at the telephone number at the top of this letter.

Sincerely,

John Carpenter
Disclosure Manager
Disclosure Office 01

Enclosures:
Responsive documents
Notice 393



**Department of the Treasury**
**Internal Revenue Service**

### Notice 393
(Rev. September 2016)

**Information on an IRS Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. 552**

#### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 90 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal must be in writing, must be signed by you, and must contain:

Your name and address,
- Description of the requested records,
- Date of the request (and a copy, if possible),
- Identity of the office and contact on the response letter, and
- Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

> **IRS Appeals**
> Attention: FOIA Appeals
> M/Stop 55202
> 5045 E. Butler Ave.
> Fresno, California  93727-5136

#### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A).

The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

#### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order,

(b)(2) • related solely to the internal personnel rules and practices of an agency,

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute:

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**Note:** Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential,

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:

(A) could reasonably be expected to interfere with enforcement proceedings,

APPENDIX A-4

(B) would deprive a person of a right to a fair trial or an impartial adjudication,

(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

(F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

-9050V   UELA    PHILIP C UELAND

**Issue: 68**    201712     INTERNAL TRANSCRIPT           2019-11-16    Created     snksb

   2019-11-16   NARRATIVE                                                 snksb
Cis Case: CISY6FD6P6, CLOSED TO LINKED CASE
   2019-11-16   NARRATIVE                                                 cisld
Cis Case: CISY6FD6P6, Case closed no action
   2019-11-16   NARRATIVE                                                 snksb
Cis Case: CISWK2RY15, LINE K MARKED EXT UNDER 1040 EXT-DT 12152018 POSTMARKED DATE 01082019
NOT TIMELY
   2019-11-16   NARRATIVE                                                 snksb
Cis Case: CISWK2RY15, CORRECTION LAST POSTMARK WAS FOR REPLY TO LETTER    REQUESTING MORE
INFORMATION ORIGINAL RETURN    POSTMARKED DATE 11082018 TIMELY PAGE 7 OF    DOCUMENT NO PENALTY
ASSESSEMENT
   2019-11-16   NARRATIVE                                                 cisld
Cis Case: CISWK2RY15, Case closed no action

Close    Print

Welcome to the Correspondence Imaging System. If you are utilizing assistive technologies, click the following link to skip repetitive navigation links at the top of each page. Skip Navigation.

 **Correspondence Imaging System**    ❓ Help    ✖ Logoff

## Case Notes

**Case Assigned To: 0433911071**
**Case ID: CISWK2RY15**

### Case Notes

(b)(3):26
U.S.C. §
6103

Return to Case

| Note Description | Employee | Date |
|---|---|---|
| Case closed no action | 0433911071 | 2019/11/16 |
| | 0433911071 | 2019/11/16 |
| CORRECTION LAST POSTMARK WAS FOR REPLY TO LETTER REQUESTING MORE INFORMATION ORIGINAL RETURN POSTMARKED DATE 11082018 TIMELY PAGE 7 OF DOCUMENT NO PENALTY ASSESSEMENT | 0433911071 | 2019/11/16 |
| Case Assigned from 0436000005 to 0433911071 | 0433084679 | 2019/11/04 |
| Tin changed from ▇9050 to ▇89050V | 0416528051 | 2019/07/26 |
| Bod not found. Error updating IDRS: Case Id: CISWK2RY15, Screen Message: 741CA35B0080HDR 00800010DMSDL53748905022NAP 4900010008824 19CSB-1420-U49901000 | SYSTEM | 2019/05/16 |

-1.vp2smemosams01 CIS_BPS_01_1.06 30.2021 10 46 39 0909

**06/30/2021**

**APPENDIX A-7**

```
SEQ. NO.: BMF      2019080013629        CHRGOUT223

SC CODE:      29                        DLN:      60383-328-00328-8

NAME CONTROL:      UELA                 TRANSCRIPT DATE:      2019-03-25

MFT:     68                             TIN:            9050V

PLAN:    520                            TAX PERIOD:      201712

                                 IRS RECEIVED DATE:      2019-02-25

DESTINATION LITERAL:      ADJUSTMENTS

BMF INTERNATIONAL
```



RECEIVED OSC 177
MAY
APR 2 9 2019
OP's 1 Dept BB
IRS OGDEN, UTAH

703

6038332800328 8

C&E 908

Form **3520**

Department of the Treasury
Internal Revenue Service

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

▶ Go to www.irs.gov/Form3520 for instructions and the latest information.

OMB No. 1545-0159

**2017**

Note: All information must be in English. Show all amounts in U.S. dollars. File a separate Form 3520 for each foreign trust.

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20 ___

| | | |
|---|---|---|
| A | Check appropriate boxes: ☐ Initial return   ☐ Initial return (extension filed)   ☐ Final return   ☐ Amended return | |
| B | Check box that applies to person filing return: [X] Individual   ☐ Partnership   ☐ Corporation   ☐ Trust   ☐ Executor | |
| C | Check if any excepted specified foreign financial assets are reported on this form (see instructions) ............ [X] | |

Check all applicable boxes.

[X] (a) You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, (b) You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or (c) You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. Complete all applicable identifying information requested below and Part I of the form and see the instructions for Part I.

[X] You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. Complete all applicable identifying information requested below and Part II of the form and see the instructions for Part II.

[X] (a) You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or (b) You are a U.S. person who is also a grantor or beneficiary of a foreign trust (1) that has made a loan of cash or marketable securities, directly or indirectly, to you or a U.S. person related to you during the current tax year, or (2) from which you or a U.S. person related to you received the uncompensated use of trust property. Complete all applicable identifying information requested below and Part III of the form and see the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. Complete all applicable identifying information requested below and Part IV of the form and see the instructions for Part IV.

| | |
|---|---|
| **1a** Name of U.S. person(s) with respect to whom this Form 3520 is being filed (see instructions) <br> PHILIP C. & NICOLE S. UELAND | **b** Identification number <br> ███████9050 |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) <br> C/O MM&A, 1999 HARRISON ST APT. NO. 1500 | **d** Identification number <br> ████4211 |
| **e** City or town <br> OAKLAND | **f** State or province <br> CA | **g** ZIP or foreign postal code <br> 94612 | **h** Country <br> UNITED STATES |

**i** Check the box if you are married and filing a joint 2017 income tax return, but you are filing separate Forms 3520. ☐

**j** Service center where U.S. person's tax return is filed ............ FSC ▶ E-FILED

**k** If an extension was requested for the tax return, check this box [X] and enter the form number of the tax return to be filed. ▶ 1040

| | |
|---|---|
| **2a** Name of foreign trust (if applicable) <br> UELAND SUPERANNUATION FUND | **b(1)** Employer identification number (if any) |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) <br> LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instr.) |
| **d** City or town <br> CHATSWOOD | **e** State or province <br> NSW | **f** ZIP or foreign postal code <br> 2067 | **g** Country <br> AUSTRALIA |

**3** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? ... ☐ Yes [X] No

If "Yes," complete lines 3a through 3g. If "No," be sure to complete Part I, lines 15 through 18.

| | |
|---|---|
| **3a** Name of U.S. agent | **b** Identification number (if any) |

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| | | | |
|---|---|---|---|
| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |

| | | |
|---|---|---|
| **4a** Name of U.S. decedent (see instr.) | **b** Address | **c** TIN of decedent |
| **d** Date of death | | **e** EIN of estate |

**f** Check applicable box.
☐ U.S. decedent made transfer to a foreign trust by reason of death.
☐ U.S. decedent treated as owner of foreign trust immediately prior to death.
☐ Assets of foreign trust were included in estate of U.S. decedent.

RECEIVED
NOV 1 3 2018
IRS-OSC
OGDEN, UT

LHA   For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Form 3520 (2017)

713301 11-09-17

2

APPENDIX A-9

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND ▮▮▮▮▮ 9050 Page 2

**Part I** | **Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year** (see instructions)

| 5a Name of trust creator | b Address | c Identification number (if any) |
|---|---|---|
| UELAND PTY LIMITED | LEVEL ONE 54 NERIDAH STREET CHATSWOOD ¢2067 NSW AS | |

| 6a Country code of country where trust was created | b Country code of country whose law governs the trust | c Date trust was created |
|---|---|---|
| AS ⑤⑤ | AS ⑤⑤ | 05/10/2011 |

7a Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer? ☐ Yes ☒ No

| b | (i) Name of other foreign trust owners, if any | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant Code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| 8 | Was the transfer a completed gift or bequest? If "Yes," see instructions | ☐ Yes ☒ No |
|---|---|---|
| 9a | Now or at any time in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary? | ☒ Yes ☐ No |
| b | If "No," could the trust be revised or amended to benefit a U.S. beneficiary? | ☐ Yes ☐ No |
| 10 | Will you continue to be treated as the owner of the transferred asset(s) after the transfer? | ☒ Yes ☐ No |

**Schedule A - Obligations of a Related Trust** (see instructions)

11a During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust (see instructions)? ☐ Yes ☒ No

If "Yes," complete the rest of Schedule A, as applicable. If "No," go to Schedule B.

b Were any of the obligations you received (with respect to a transfer described in line 11a above) qualified obligations? ☐ Yes ☐ No

If "Yes," complete the rest of Schedule A with respect to each qualified obligation.

If "No," go to Schedule B and, when completing columns (a) through (i) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h).

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12 With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? ☐ Yes ☐ No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to each qualified obligation you reported on line 11b, then such obligation is not a qualified obligation and you cannot check "Yes" to the question on line 11b.

**Schedule B - Gratuitous Transfers** (see instructions)

13 During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? ☐ Yes ☒ No

If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable.

If "No," go to Schedule C.

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer, if any | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Totals ▶ | | | | | $ | | | $ |

14 You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| a | Sale document? | ☐ | ☐ | ☐ | _____ |
| b | Loan document? | ☐ | ☐ | ☐ | _____ |
| c | Subsequent variances to original sale or loan documents? | ☐ | ☐ | ☐ | _____ |

713302 11-09-17

Form 3520 (2017)

3

10031105 758433 78705.0          2017.04030 UELAND, PHILIP          78705_01

APPENDIX A-10

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND          9050 Page **3**

| Part I | Schedule B - Gratuitous Transfers *(Continued)* |

*Note: Complete lines 15 through 18 only if you answered "No" to line 3, acknowledging that the foreign trust did not appoint a U.S. agent to provide the IRS with all relevant trust information.

**15**

| (a)<br>Name of beneficiary | (b)<br>Address of beneficiary | (c)<br>U.S. beneficiary? | | (d)<br>Identification number, if any |
|---|---|---|---|---|
| | | Yes | No | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**16**

| (a)<br>Name of trustee | (b)<br>Address of trustee | (c)<br>Identification number, if any |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**17**

| (a)<br>Name of other persons<br>with trust powers | (b)<br>Address of other persons with trust powers | (c)<br>Description of<br>powers | (d)<br>Identification number, if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**18** If you checked "No" on line 3 (or did not complete lines 3a through 3g), you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A or Form 3520 filed within the previous 3 years, attach only relevant updates.

| | Are you attaching a copy of: | Yes | No | Attached<br>Previously | Year<br>Attached |
|---|---|---|---|---|---|
| a | Summary of all written and oral agreements and understandings relating to the trust? | ☐ | ☐ | ☐ | |
| b | The trust instrument? | ☐ | ☐ | ☐ | |
| c | Memoranda or letters of wishes? | ☐ | ☐ | ☐ | |
| d | Subsequent variances to original trust documents? | ☐ | ☐ | ☐ | |
| e | Trust financial statements? | ☐ | ☐ | ☐ | |
| f | Other trust documents? | ☐ | ☐ | ☐ | |

**Schedule C - Qualified Obligations Outstanding in the Current Tax Year** *(see instructions)*

**19** Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? .................................. ☐ Yes   ☒ No

If "Yes," complete columns (a) through (e) below.

| (a)<br>Date of original<br>obligation | (b)<br>Tax year qualified<br>obligation first reported | (c)<br>Amount of principal<br>payments made during<br>the tax year | (d)<br>Amount of interest<br>payments made during<br>the tax year | (e)<br>Does the obligation<br>still meet the<br>criteria for a<br>qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form 3520 (2017)

713303 11-09-17

4

10031105 758433 78705.0      2017.04030 UELAND, PHILIP      78705_01

APPENDIX A-11

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND                                    9050 Page 5

**Part III   Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year** (continued)

| | | |
|---|---|---|
| 29 | Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | ☐ Yes  ☒ No  ☐ N/A |
| | If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution. | |
| | If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | |
| 30 | Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | ☐ Yes  ☒ No  ☐ N/A |
| | If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions). | |
| | Also complete Schedule C if you enter an amount greater than zero on line 37 or line 41a. | |
| | If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | |

**Schedule A - Default Calculation of Trust Distributions** (see instructions)

| | | | |
|---|---|---|---|
| 31 | Enter amount from line 27 | | |
| 32 | Number of years the trust has been a foreign trust (see instructions) ▶ | 2 | |
| 33 | Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years the trust has been a foreign trust, if fewer than 3) | | |
| 34 | Multiply line 33 by 1.25 | | |
| 35 | Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than 3) and enter the result | | |
| 36 | Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 | | |
| 37 | Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III | | |
| 38 | Applicable number of years of trust. Divide line 32 by 2 and enter the result here ▶ | | |

**Schedule B - Actual Calculation of Trust Distributions** (see instructions)

| | | | |
|---|---|---|---|
| 39 | Enter amount from line 27 | | |
| 40 a | Amount treated as ordinary income in the current tax year | | |
| b | Qualified dividends ▶ | | |
| 41 a | Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III ▶ | | |
| b | Amount of line 41a that is tax exempt ▶ | | |
| 42 a | Amount treated as net short-term capital gain in the current tax year | | |
| b | Amount treated as net long-term capital gain in the current tax year | | |
| c | 28% rate gain ▶ | | |
| d | Unrecaptured section 1250 gain ▶ | | |
| 43 | Amount treated as distribution from trust corpus | | |
| 44 | Enter any other distributed amount received from the foreign trust not included on lines 40a, 41a, 42a, 42b, and 43 (attach explanation) | | |
| 45 | Amount of foreign trust's aggregate undistributed net income | | |
| 46 | Amount of foreign trust's weighted undistributed net income | | |
| 47 | Applicable number of years of trust. Divide line 46 by line 45 and enter the result here ▶ | | |

**Schedule C - Calculation of Interest Charge** (see instructions)

| | | | |
|---|---|---|---|
| 48 | Enter accumulation distribution from line 37 or 41a, as applicable | | |
| 49 | Enter tax on total accumulation distribution from line 28 of Form 4970 (attach Form 4970 - see instructions) | | |
| 50 | Enter applicable number of years of foreign trust from line 38 or 47, as applicable (round to nearest half-year) ▶ | | |
| 51 | Combined interest rate imposed on the total accumulation distribution (see instructions) | | |
| 52 | Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 | | |
| 53 | Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your income tax return | | |

Form 3520 (2017)

6

APPENDIX A-12

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND      █████ 9050 Page **6**

| Part IV | U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons (see instructions) |
|---|---|

**54** During the current tax year, did you receive more than $100,000 that you treated as gifts or bequests from a nonresident alien or a foreign estate? See instructions for special rules regarding related donors ..................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more space is needed, attach a statement.

| (a)<br>Date of gift<br>or bequest | (b)<br>Description of property received | (c)<br>FMV of property received |
|---|---|---|
| | | |
| | | |
| | | |

Total ............................................................................................................................. ▶ $

**55** During the current tax year, did you receive more than $15,797 that you treated as gifts from a foreign corporation or a foreign partnership? See instructions regarding related donors ................................................. ☐ Yes ☐ No

If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach a statement.

| (a)<br>Date of gift | (b)<br>Name of foreign donor | (c)<br>Address of foreign donor | (d)<br>Identification number,<br>if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| (e)<br>Check the box that applies to the foreign donor | | (f)<br>Description of property received | (g)<br>FMV of property received |
|---|---|---|---|
| Corporation | Partnership | | |
| | | | |
| | | | |
| | | | |

**56** Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and 55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions ................................... ☐ Yes ☐ No

| Sign<br>Here | Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete. | | |
|---|---|---|---|
| | ▶ *[signature]* | ▶ Nicole S. Ueland Title | ▶ 11/6/18 Date |

| Paid<br>Preparer<br>Use Only | Print/Type preparer's name<br>KAREN E WILSON | Preparer's signature<br>KAREN E WILSON | Date<br>11/05/18 | Check ☐ if<br>self-employed | PTIN<br>P00449883 |
|---|---|---|---|---|---|
| | Firm's name ▶ MOWAT MACKIE & ANDERSON LLP | | | Firm's EIN ▶ | 94-6357165 |
| | Firm's address ▶ 1999 HARRISON STREET, SUITE 1500<br>OAKLAND CA 94612-3577 | | | Phone no. | 510-893-1120 |

Form 3520 (2017)

713306 11-09-17

7

10031105 758433 78705.0      2017.04030 UELAND, PHILIP      78705_01

APPENDIX A-13



Deborah
805 Duvall Pleum Ave
Renton, WA 98059

CERTIFIED MAIL

7017 3040 0000 7521 6892

Internal Revenue Service Center
P.O. Box 409101
Ogden UT 84409

U.S. POSTAGE
$5.08



 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN UT  84201-0034

OMB Clearance No.:    1545-0159

In reply refer to: 0425807462
Dec. 24, 2018  LTR 3653C    0 R
█████████ 9050V 201712 68
                                    00023323
                                    BODC: SB

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612



018992

          Taxpayer identification number:    ████ 9050V
                    Tax period:   Dec. 31, 2017
                          Form:   3520
                                  60383-328-00328-8

Dear Taxpayer:

Thank you for filing your foreign trust return.

You must complete lines 15 through 18, and include any relevant copies
of trust documents, if applicable, because you answered "No" to line 3
or did not complete lines 3a through 3g, of Form 3520, Annual Return
To Report Transactions With Foreign Trusts and Receipt of Certain
Foreign Gifts. Complete these lines on Form 3520 and send it and any
attachments to us with a copy of this letter.

You must complete line 23 because you checked the box on the top of
page 1 of Form 3520, Annual Return To Report Transactions With Foreign
Trusts and Receipt of Certain Foreign Gifts, indicating that you're a
U.S. owner of all or any portion of a foreign trust at some time
during the tax year. Complete line 23 on Form 3520 and send it to us
with a copy of this letter.

Note: If you check the "Yes" box on line 22, then you must attach a
copy of the Foreign Grantor Trust Owner Statement, page 3 of Form
3520-A, Annual Information Return of Foreign Trust With a U.S. Owner
(Under section 6048(b)) to your return. However, if you check the "No"
box on line 22, then you must complete and attach a substitute Form
3520-A to your return.

You must complete lines 31 through 38 of Schedule A because you
answered "No" to line 29 or 30 of Form 3520, Annual Return To Report
Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts.
Also, if you entered an amount greater than zero on line 37 of
Schedule A, you must also complete lines 48 through 53 of Schedule C
using Form 4970, Tax on Accumulation Distribution of Trusts, as a
worksheet. Complete these lines on Form 3520, attach a completed Form
4970, and send both forms to us with a copy of this letter.

Please provide the information requested within 30 days from the
date of this letter. Mail it to the address at the top of this letter.
If you don't respond, we will continue to process your return and
consider you in non-compliance with Internal Revenue Code Section

APPENDIX A-16

```
                                              0425807462
                              Dec. 24, 2018  LTR 3653C  0 R
                              ████████ 050V 201712 68
                                              00023324
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612

6048.

We will apply penalties in one or more of the following amounts (as
applicable) for incomplete, inaccurate, and/or late filed Forms 3520
and 3520-A:
  - The greater of $10,000 or 35% of the gross value of any
    property transferred to a foreign trust for failure to report
    the creation of or transfer to a foreign trust (Part I of Form
    3520);
  - The greater of $10,000 or 35% of the gross value of the
    distributions received from a foreign trust for failure to
    report the receipt of the distribution (Part III of Form
    3520); and/or
  - The greater of $10,000 or 5% of the gross value of the portion
    of the foreign trust's assets treated as owned by you if you
    fail to file Form 3520 (Part II of Form 3520). You may be
    subject to an additional separate penalty of the greater of
    $10,000 or 5% if the trust (1) fails to file Form 3520-A, (2)
    does not furnish all the required information, or (3) includes
    incorrect information and you fail to file a correct and
    accurate substitute Form 3520-A.

We can impose additional penalties if the non-compliance (i.e., the
incomplete, inaccurate, and/or late forms) continues for more than 90
days after we've sent you notice of failure to comply with the
required reporting. Refer to the respective forms' instructions for
more information about penalties.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
1-800-TAX-FORM (1-800-829-3676).

If you have any questions, you can call 1-800-829-0115.

If you prefer, you can write to the address at the top of this letter.

We apologize for any inconvenience and thank you for your cooperation.

```
                                           0425807462
                      Dec. 24, 2018  LTR 3653C   0 R
                      ███████9050V 201712 68
                                           00023325
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612

01E992

Sincerely yours,

*Karen E. Peat*

Karen Peat
Department Manager, ICO/ERS/Rejects


Enclosures:
Copy of this letter
Envelope

Form **3520**

Department of the Treasury
Internal Revenue Service

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

▶ Go to www.irs.gov/Form3520 for instructions and the latest information.

OMB No. 1545-0159

**2017**

Note: All information must be in English. Show all amounts in U.S. dollars. File a separate Form 3520 for each foreign trust.

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20 _____

**A**  Check appropriate boxes: ☐ Initial return   ☐ Initial return (extension filed)   ☐ Final return   ☐ Amended return

**B**  Check box that applies to person filing return:   ☒ Individual   ☐ Partnership   ☐ Corporation   ☐ Trust   ☐ Executor

**C**  Check if any excepted specified foreign financial assets are reported on this form (see instructions) .................................... ☒

Check all applicable boxes.

☒ (a) You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, (b) You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or (c) You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. Complete all applicable identifying information requested below and Part I of the form and see the instructions for Part I.

☒ You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. Complete all applicable identifying information requested below and Part II of the form and see the instructions for Part II.

☒ (a) You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or (b) You are a U.S. person who is also a grantor or beneficiary of a foreign trust (1) that has made a loan of cash or marketable securities, directly or indirectly, to you or a U.S. person related to you during the current tax year, or (2) from which you or a U.S. person related to you received the uncompensated use of trust property. Complete all applicable identifying information requested below and Part III of the form and see the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. Complete all applicable identifying information requested below and Part IV of the form and see the instructions for Part IV.

**1a**  Name of U.S. person(s) with respect to whom this Form 3520 is being filed (see instructions)
PHILIP C. & NICOLE S. UELAND

**b** Identification number
█-9050

**c**  Number, street, and room or suite no. (if a P.O. box, see instructions)
C/O MM&A, 1999 HARRISON ST APT. NO. 1500

**d** Identification number
█-4211

**e**  City or town
OAKLAND

**f** State or province
CA

**g** ZIP or foreign postal code
94612

**h** Country
UNITED STATES

**i**  Check the box if you are married and filing a joint 2017 income tax return, but you are filing separate Forms 3520. ☐

**j**  Service center where U.S. person's tax return is filed .......................... ▶ E-FILED

**k**  If an extension was requested for the tax return, check this box ☒ and enter the form number of the tax return to be filed. ▶ 1040

**2a**  Name of foreign trust (if applicable)
UELAND SUPERANNUATION FUND

**b(1)** Employer identification number (if any)

**c**  Number, street, and room or suite no. (if a P.O. box, see instructions)
LEVEL ONE 54 NERIDAH STREET

**b(2)** Reference ID number (see instr.)

**d**  City or town
CHATSWOOD

**e** State or province
NSW

**f** ZIP or foreign postal code
2067

**g** Country
AUSTRALIA

**3**  Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  ☐ Yes  ☒ No

If "Yes," complete lines 3a through 3g. If "No," be sure to complete Part I, lines 15 through 18.

**3a**  Name of U.S. agent

**b** Identification number (if any)

**c**  Number, street, and room or suite no. (if a P.O. box, see instructions)

**d**  City or town

**e** State or province

**f** ZIP or postal code

**g** Country

**4a**  Name of U.S. decedent (see instr.)

**b** Address

**c** TIN of decedent

**d**  Date of death

**e** EIN of estate

**f**  Check applicable box.
☐  U.S. decedent made transfer to a foreign trust by reason of death.
☐  U.S. decedent treated as owner of foreign trust immediately prior to death.
☐  Assets of foreign trust were included in estate of U.S. decedent.

**RECEIVED**
B500   JAN 1 5 2019   IRS-OSC
OGDEN, UT

**LHA**   For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Form 3520 (2017)

713381 11-09-17

07570108  758433  78705.0          2017.05010 UELAND, PHILIP                 78705__02

APPENDIX A-19

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND                                                                    9050 Page 2

**Part I** | **Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year** (see instructions)

| 5a Name of trust creator | b Address | c Identification number (if any) |
|---|---|---|
| UELAND PTY LIMITED | LEVEL ONE 54 NERIDAH STREET CHATSWOOD   2067   NSW   AS | |

| 6a Country code of country where trust was created | b Country code of country whose law governs the trust | c Date trust was created |
|---|---|---|
| AS | AS | 05/10/2011 |

7a Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer? ☐ Yes ☒ No

| b Name of other foreign trust owners, if any (i) | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant Code section |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

8 Was the transfer a completed gift or bequest? If "Yes," see instructions ........................................ ☐ Yes ☒ No

9a Now or at any time in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary? ........... ☒ Yes ☐ No

b If "No," could the trust be revised or amended to benefit a U.S. beneficiary? ........................................ ☐ Yes ☐ No

10 Will you continue to be treated as the owner of the transferred asset(s) after the transfer? (see instructions) ☒ Yes ☐ No

### Schedule A - Obligations of a Related Trust (see instructions)

11a During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust (see instructions)? ........................ ☐ Yes ☒ No

If "Yes," complete the rest of Schedule A, as applicable. If "No," go to Schedule B.

b Were any of the obligations you received (with respect to a transfer described in line 11a above) qualified obligations? ... ☐ Yes ☐ No

If "Yes," complete the rest of Schedule A with respect to each qualified obligation.

If "No," go to Schedule B and, when completing columns (a) through (f) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h).

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12 With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? .............................. ☐ Yes ☐ No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to each qualified obligation you reported on line 11b, then such obligation is not a qualified obligation and you cannot check "Yes" to the question on line 11b.

### Schedule B - Gratuitous Transfers (see instructions)

13 During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? ........................................ ☐ Yes ☒ No

If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable.

If "No," go to Schedule C.

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer, if any | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Totals ▶ | | | | | $ | | | $ |

14 You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| a | Sale document? ........................................ | ☐ | ☐ | ☐ | _____ |
| b | Loan document? ........................................ | ☐ | ☐ | ☐ | _____ |
| c | Subsequent variances to original sale or loan documents? ........................ | ☐ | ☐ | ☐ | _____ |

713302 11-09-17                                                                                              Form 3520 (2017)

APPENDIX A-20

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND          9050 Page 3

**Part I | Schedule B – Gratuitous Transfers** *(Continued)*

Note: Complete lines 15 through 18 only if you answered "No" to line 3, acknowledging that the foreign trust did not appoint a U.S. agent to provide the IRS with all relevant trust information.

| 15 (a) Name of beneficiary | (b) Address of beneficiary | (c) U.S. beneficiary? Yes | No | (d) Identification number, if any |
|---|---|---|---|---|
| Philip C. Ueland | 1999 Harrison St. #1500, Oakland, CA 94612 | X | | 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 |
| Nicole S. Ueland | 1999 Harrison St. #1500, Oakland, CA 94612 | X | | 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 |
| | | | | |
| | | | | |

| 16 (a) Name of trustee | (b) Address of trustee | (c) Identification number, if any |
|---|---|---|
| Ueland Pty Ltd | Level One 54 Neridah Street, Chatswood, NSW, Australia, 2067 | |
| | | |
| | | |
| | | |

| 17 (a) Name of other persons with trust powers | (b) Address of other persons with trust powers | (c) Description of powers | (d) Identification number, if any |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

18 If you checked "No" on line 3 (or did not complete lines 3a through 3g), you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A or Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| a Summary of all written and oral agreements and understandings relating to the trust? | | X | | |
| b The trust instrument? | | | X | 2014 |
| c Memoranda or letters of wishes? | | X | | |
| d Subsequent variances to original trust documents? | | X | | |
| e Trust financial statements? | | X | | |
| f Other trust documents? | | X | | |

**Schedule C - Qualified Obligations Outstanding in the Current Tax Year** *(see instructions)*

19 Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? ☐ Yes ☒ No
If "Yes," complete columns (a) through (e) below.

| (a) Date of original obligation | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the obligation still meet the criteria for a qualified obligation? Yes | No |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

Form 3520 (2017)

713303 11-09-17

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND       ▮▮▮▮    9050 Page **4**

## Part II   U.S. Owner of a Foreign Trust (see instructions)

| 20 | (a) Name of other foreign trust owners, if any | (b) Address | (c) Country of residence | (d) Identification number, if any | (e) Relevant Code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| 21 | (a) Country code of country where foreign trust was created | (b) Country code of country whose law governs the foreign trust | (c) Date foreign trust was created |
|---|---|---|---|
| | AS | AS | 05/10/2011 |

| 22 | Did the foreign trust file Form 3520-A for the current year? ............................................................. | ☒ Yes | ☐ No |
|---|---|---|---|

If "Yes," attach the Foreign Grantor Trust Owner Statement you received from the foreign trust.

If "No," to the best of your ability, complete and attach a substitute Form 3520-A for the foreign trust.

See instructions for information on penalties.

| 23 | Enter the gross value of the portion of the foreign trust that you are treated as owning at the end of the tax year ... ▶ $ | 3,751,003. |
|---|---|---|

## Part III   Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year (see instructions)

24   Cash amounts or FMV of property received, directly or indirectly, during the current tax year, from the foreign trust (exclude loans included on line 25).

| (a) Date of distribution | (b) Description of property received | (c) FMV of property received (determined on date of distribution) | (d) Description of property transferred, if any | (e) FMV of property transferred | (f) Excess of column (c) over column (e) |
|---|---|---|---|---|---|
| 06/30/2017 | CASH | 73,378. | CASH | 73,378. | 0. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

| Totals | ........................................................................ ▶ | $ |
|---|---|---|

25   During the current tax year, did you (or a person related to you) receive a loan from a related foreign trust (including an extension of credit upon the purchase of property from the trust)? .................................... ☐ Yes ☒ No

If "Yes," complete columns (a) through (g) below for each such loan.

Note: You are considered to have received a loan if you (or a U.S. person related to you) were permitted the uncompensated use of trust property (as described in section 643(i)). See instructions for additional information, including how to complete columns (a) through (g) for such transactions.

| (a) FMV of loan proceeds | (b) Date of original loan transaction | (c) Maximum term of repayment of obligation | (d) Interest rate of obligation | (e) Is the obligation a "qualified obligation?" | | (f) FMV of qualified obligation | (g) Amount treated as distribution from the trust (subtract column (f) from column (a)) |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| Total | ........................................................................ ▶ | $ |
|---|---|---|

26   With respect to each obligation you reported as a "qualified obligation" on line 25: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transaction, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? ☐ Yes ☐ No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to an obligation that you reported as a "qualified obligation" on line 25, then such obligation is not a qualified obligation and you cannot check "Yes" in column (e) of line 25.

| 27 | Total distributions received during the current tax year. Add line 24, column (f), and line 25, column (g) ......... ▶ | $ |
|---|---|---|

28   Did the trust, at any time during the tax year, hold an outstanding obligation of yours (or a person related to you) that you reported as a "qualified obligation" in the current tax year? ............................................ ☐ Yes ☒ No

If "Yes," complete columns (a) through (e) below for each obligation.

| (a) Date of original loan transaction | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the loan still meet the criteria of a qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form 3520 (2017)  PHILIP C. & NICOLE S. UELAND                                    ████ 9050 Page 5

**Part III** | Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year *(continued)*

| | | | |
|---|---|---|---|
| 29 | Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | [X] Yes | [ ] No [ ] N/A |

If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution.

If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37.

| | | | |
|---|---|---|---|
| 30 | Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | [ ] Yes | [X] No [ ] N/A |

If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions).

Also complete Schedule C if you enter an amount greater than zero on line 37 or line 41a.

If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37.

### Schedule A - Default Calculation of Trust Distributions (see instructions)

| | | |
|---|---|---|
| 31 | Enter amount from line 27 | |
| 32 | Number of years the trust has been a foreign trust (see instructions)  ▶ | |
| 33 | Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years the trust has been a foreign trust, if fewer than 3) | |
| 34 | Multiply line 33 by 1.25 | |
| 35 | Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than 3) and enter the result | |
| 36 | Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 | |
| 37 | Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III | |
| 38 | Applicable number of years of trust. Divide line 32 by 2 and enter the result here ...... ▶ | |

### Schedule B - Actual Calculation of Trust Distributions (see instructions)

| | | |
|---|---|---|
| 39 | Enter amount from line 27 | |
| 40 a | Amount treated as ordinary income in the current tax year | |
| b | Qualified dividends  ▶ | |
| 41 a | Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III  ▶ | |
| b | Amount of line 41a that is tax exempt  ▶ | |
| 42 a | Amount treated as net short-term capital gain in the current tax year | |
| b | Amount treated as net long-term capital gain in the current tax year | |
| c | 28% rate gain  ▶ | |
| d | Unrecaptured section 1250 gain  ▶ | |
| 43 | Amount treated as distribution from trust corpus | |
| 44 | Enter any other distributed amount received from the foreign trust not included on lines 40a, 41a, 42a, 42b, and 43 (attach explanation) | |
| 45 | Amount of foreign trust's aggregate undistributed net income | |
| 46 | Amount of foreign trust's weighted undistributed net income | |
| 47 | Applicable number of years of trust. Divide line 46 by line 45 and enter the result here ▶ | |

### Schedule C - Calculation of Interest Charge (see instructions)

| | | |
|---|---|---|
| 48 | Enter accumulation distribution from line 37 or 41a, as applicable | |
| 49 | Enter tax on total accumulation distribution from line 28 of Form 4970 (attach Form 4970 - see instructions) | |
| 50 | Enter applicable number of years of foreign trust from line 38 or 47, as applicable (round to nearest half-year)  ▶ | |
| 51 | Combined interest rate imposed on the total accumulation distribution (see instructions) | |
| 52 | Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 | |
| 53 | Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your income tax return | |

Form 3520 (2017)

713305  11-09-17

Form 3520 (2017)   PHILIP C. & NICOLE S. UELAND                                    9050 Page 6

| Part IV | U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons |
|---|---|

(see instructions)

**54** During the current tax year, did you receive more than $100,000 that you treated as gifts or bequests from a nonresident alien or a foreign estate? See instructions for special rules regarding related donors ........................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more space is needed, attach a statement.

| (a) Date of gift or bequest | (b) Description of property received | (c) FMV of property received |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Total .................................................................................... ▶ $

**55** During the current tax year, did you receive more than $15,797 that you treated as gifts from a foreign corporation or a foreign partnership? See instructions regarding related donors ........................................ ☐ Yes ☐ No

If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach a statement.

| (a) Date of gift | (b) Name of foreign donor | (c) Address of foreign donor | (d) Identification number, if any |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| (e) Check the box that applies to the foreign donor | | (f) Description of property received | (g) FMV of property received |
|---|---|---|---|
| Corporation | Partnership |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**56** Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and 55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions ............................ ☐ Yes ☐ No

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ Signature                    ▶ Title                    ▶ Date

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| KAREN E WILSON | KAREN E WILSON | 01/08/19 | | P00449883 |

Firm's name ▶ MOWAT MACKIE & ANDERSON LLP          Firm's EIN ▶ 94-6357165

Firm's address ▶ 1999 HARRISON STREET, SUITE 1500
OAKLAND CA 94612-3577          Phone no. 510-893-1120

Form 3520 (2017)

713308 11-09-17

Form 3520-A (2016)                                                                 Page 3

## 2016 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | |
|---|---|
| **1a** Name of foreign trust<br>UELAND SUPERANNUATION FUND | **b(1)** Employer identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  ☐ Yes  ☒ No
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of trustee<br>UELAND PTY LIMITED | **b** Identification number (if any) |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
LEVEL ONE 54 NERIDAH STREET

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates ▶ 2016

| **6a** Name of U.S. owner<br>PHILIP UELAND | number<br>█████ -9050 |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
8A NORTH PARADE

| **d** City or town<br>HUNTERS HILL | **e** State or province<br>NSW | **f** ZIP or postal code<br>2110 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax returns ▶ AUSTIN, TX

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.   SEE STATEMENT 6

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner ................................ $ **1,827,436.**

## 2016 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

Report each item on the proper form or schedule of your tax return.

| | | | |
|---|---|---|---|
| **Income** | **1a** Taxable interest | | 5,883. |
| | **b** Tax-exempt interest ▶ | | ] |
| | **2a** Total ordinary dividends | | |
| | **b** Qualified dividends ▶ | | ] |
| | **3** Gross rents and royalties | | |
| | **4** Income from partnerships and fiduciaries | | |
| | **5** Capital gains (losses) | | -9,003. |
| | **6** Ordinary gains (losses) | | |
| | **7** Other income (attach statement)   SEE STATEMENT 4 | | 58,422. |
| **Expenses** | **8** Interest expense | | |
| | **9a** Foreign taxes (attach statement)   SEE STATEMENT 5 | | 1,579. |
| | **b** State and local taxes | | |
| | **10** Amortization and depreciation (depletion) | | |
| | **11** Trustee and advisor fees | | 2,621. |
| | **12** Charitable contributions | | |
| | **13** Other expenses (attach statement) | | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

613543 11-03-16                                                                Form 3520-A (2016)

08010306 758433 78705.0          2016.05060 UELAND, PHILIP          78705_02

APPENDIX A-25

PHILIP C. & NICOLE S. UELAND                                    ▮▮▮050

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME<br>OTHER INCOME | STATEMENT   4 |
|---|---|---|

PHILIP UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| EMPLOYER CONTRIBUTIONS | 9,896. |
| PERPETUAL ORDINARY INCOME (PFIC) | 21,329. |
| CHARTER HALL LONG WALE REIT (PFIC) | 27,197. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 7 | 58,422. |

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME<br>FOREIGN TAXES | STATEMENT   5 |
|---|---|---|

PHILIP UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| AUSTRALIA TAXES PAID | 1,579. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 9A | 1,579. |

08010306 758433 78705.0        2016.05060 UELAND, PHILIP        STATEMENT(S) 4, 5
                                                                  78705_02
                                                                APPENDIX A-26

PHILIP C. & NICOLE S. UELAND                           9050

---

| FORM 3520-A, P3 | FACTS AND LAW | STATEMENT | 6 |

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

Form 3520-A (2016)                                                                          Page 3

## 2016 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** *Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.*

| | |
|---|---|
| **1a** Name of foreign trust<br>UELAND SUPERANNUATION FUND | **b(1)** Employer Identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

| | |
|---|---|
| **2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? If "Yes," complete lines 3a through 3g. | ☐ Yes  ☒ No |

| | |
|---|---|
| **3a** Name of U.S. agent | **b** Identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| | |
|---|---|
| **4a** Name of trustee<br>UELAND PTY LIMITED | **b** Identification number (if any) |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

| | |
|---|---|
| **5** The tax year of the owner of the foreign trust to which this statement relates ▶ | 2016 |

| | |
|---|---|
| **6a** Name of U.S. owner<br>NICOLE S. UELAND | **b** Identification number<br>-4211 |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>8A NORTH PARADE | |

| **d** City or town<br>HUNTERS HILL | **e** State or province<br>NSW | **f** ZIP or postal code<br>2110 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

| | |
|---|---|
| **h** Service Center where U.S. owner files its income tax returns ▶ | AUSTIN, TX |

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.   SEE STATEMENT 7

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

| | | |
|---|---|---|
| **9** Gross value of the portion of the trust treated as owned by the U.S. owner ................... | $ | 1,923,567. |

### 2016 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

*Report each item on the proper form or schedule of your tax return.*

| | | | |
|---|---|---|---|
| **Income** | **1a** Taxable interest ........................................................... | | 5,952. |
| | **b** Tax-exempt interest ▶ | | |
| | **2a** Total ordinary dividends ............................................ | | |
| | **b** Qualified dividends ▶ | | |
| | **3** Gross rents and royalties ............................................ | | |
| | **4** Income from partnerships and fiduciaries ................... | | |
| | **5** Capital gains (losses) ................................................. | | -9,109. |
| | **6** Ordinary gains (losses) ............................................... | | |
| | **7** Other income (attach statement) ...... SEE STATEMENT 8 | | 49,096. |
| **Expenses** | **8** Interest expense ......................................................... | | |
| | **9a** Foreign taxes (attach statement) ...... SEE STATEMENT 9 | | 10,045. |
| | **b** State and local taxes ................................................ | | |
| | **10** Amortization and depreciation (depletion) ................... | | |
| | **11** Trustee and advisor fees ............................................ | | 2,652. |
| | **12** Charitable contributions ............................................. | | |
| | **13** Other expenses (attach statement) ............................. | | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

613543 11-03-16                                                                          Form 3520-A (2016)

11

APPENDIX A-28

PHILIP C. & NICOLE S. UELAND  9050

| FORM 3520-A, P3 | FACTS AND LAW | STATEMENT | 7 |

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

PHILIP C. & NICOLE S. UELAND                          █████ 9050

---

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME OTHER INCOME | STATEMENT | 8 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
| --- | --- |
| PERPETUAL ORDINARY INCOME (PFIC) | 21,580. |
| CHARTER HALL LONG WALE REIT (PFIC) | 27,516. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 7 | 49,096. |

---

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME FOREIGN TAXES | STATEMENT | 9 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
| --- | --- |
| AUSTRALIA TAXES PAID | 10,045. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 9A | 10,045. |

APPENDIX A-30

Form 3520-A (2015)                                                                                      Page 4

## 2016 Foreign Grantor Trust Beneficiary Statement

**Important:** Trustee must prepare a separate statement for each U.S. beneficiary that received a distribution from the trust during the tax year and include a copy of each statement with Form 3520-A. Trustee is also required to send to each such beneficiary a copy of the beneficiary's statement. Each U.S. beneficiary must attach a copy of its statement to its Form 3520.

| 1a  Name of foreign trust | b(1) Employer Identification number |
|---|---|
| UELAND SUPERANNUATION FUND | |

| c   Number, street, and room or suite no. (if a P.O. box, see instructions) | b(2) Reference ID number (see instructions) |
|---|---|
| LEVEL ONE 54 NERIDAH STREET | |

| d   City or town | e  State or province | f  ZIP or foreign postal code | g  Country |
|---|---|---|---|
| CHATSWOOD | NSW | 2067 | AUSTRALIA |

| 2 | Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? ................................................................ | ☐ Yes  ☒ No |
|---|---|---|

If "Yes," complete lines 3a through 3g.

If "No," do you agree that either the IRS or the U.S. beneficiary can inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish that the trust should be treated for U.S. tax purposes as owned by another person? ........................................   ☒ Yes  ☐ No

| 3a  Name of U.S. agent | b  Identification number |
|---|---|
| | |

| c   Number, street, and room or suite no. (if a P.O. box, see instructions) | |
|---|---|
| | |

| d   City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|
| | | | |

| 4a  Name of trustee | b  Identification number (if any) |
|---|---|
| UELAND PTY LIMITED | |

| c   Number, street, and room or suite no. (if a P.O. box, see instructions) | |
|---|---|
| LEVEL ONE 54 NERIDAH STREET | |

| d   City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|
| CHATSWOOD | NS | 2067 | AUSTRALIA |

| 5 | The first and last day of the tax year of the foreign trust to which Form 3520-A applies  ▶  07/01/16   06/30/17 |
|---|---|

| 6a  Name of U.S. beneficiary | b  Identification number |
|---|---|
| PHILIP UELAND | -9050 |

| c   Number, street, and room or suite no. (if a P.O. box, see instructions) | |
|---|---|
| 8A NORTH PARADE | |

| d   City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|
| HUNTERS HILL | NSW | 2110 | AUSTRALIA |

| 7 | Description of trust property (including cash) that was either (1) distributed, or treated as distributed, directly or indirectly to the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person during the tax year or (2) used by the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person without compensating the trust for the FMV of the use of the property within a reasonable period of time. (See the instructions for Part III of Form 3520 for U.S. tax treatment of these amounts.) |
|---|---|

| (a) Description of property | (b) FMV |
|---|---|
| CASH | 73,378. |
| | |
| | |

| 8 | Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by another person.      SEE STATEMENT 10 |
|---|---|

| 9 | Owner of the foreign trust is (check one): |
|---|---|
| | ☒ Individual         ☐ Partnership         ☐ Corporation |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

Form 3520-A (2016)

813544  11-03-16

APPENDIX A-31

PHILIP C. & NICOLE S. UELAND

9050

| FORM 3520-A, P4 | FACTS AND LAW | STATEMENT 10 |
|---|---|---|

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

STATEMENT(S) 10
78705_04
APPENDIX A-32

Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577

9314 8699 0430 0054 5759 16
RETURN RECEIPT (ELECTRONIC)

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

Total Postage: $5.99







Welcome to the Correspondence Imaging System. If you are utilizing assistive technologies, click the following link to skip repetitive navigation links at the top of each page. Skip Navigation

 **Correspondence Imaging System**

 ❷ Help
❌ Logoff

## Case Notes

**Case Assigned To: 0433911071**
**Case ID: CISY6FD6P6**

### Case Notes

Return to Case

| Note Description | Employee | Date |
|---|---|---|
| Case closed no action | 0433911071 | 2019/11/16 |
| CLOSED TO LINKED CASE | 0433911071 | 2019/11/16 |
| Case Assigned From: 0436000005 To: 0433911071 | SYSTEM | 2019/11/04 |
| Transcript TRNS223 case received. TIN: ▮▮▮▮9050V MFT: 68 TXPD: 201712 CCSN: BMF2019080013629 | SYSTEM | 2019/03/04 |
| Case Assigned | SYSTEM | 2019/03/04 |

-1:vp2smembpserial1 / 15_BFS_01_1 06 30 2021 10 44 22 0748

**06/30/2021**

APPENDIX A-37

6/30/2021

**IRS** Department of the Treasury
Internal Revenue Service

OMB Clearance No.:   1545-0159

OGDEN  UT  84201-0034

In reply refer to:  0425807462
Dec. 24, 2018  LTR 3653C   0 R
█████████9050V 201712 68
                          00023323
                       BODC: SB



PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612

018992

Taxpayer identification number:  ██████9050V
                  Tax period:  Dec. 31, 2017
                        Form:  3520
                               60383-328-00328-8

Dear Taxpayer:

Thank you for filing your foreign trust return.

You must complete lines 15 through 18, and include any relevant copies
of trust documents, if applicable, because you answered "No" to line 3
or did not complete lines 3a through 3g, of Form 3520, Annual Return
To Report Transactions With Foreign Trusts and Receipt of Certain
Foreign Gifts. Complete these lines on Form 3520 and send it and any
attachments to us with a copy of this letter.

You must complete line 23 because you checked the box on the top of
page 1 of Form 3520, Annual Return To Report Transactions With Foreign
Trusts and Receipt of Certain Foreign Gifts, indicating that you're a
U.S. owner of all or any portion of a foreign trust at some time
during the tax year. Complete line 23 on Form 3520 and send it to us
with a copy of this letter.

Note: If you check the "Yes" box on line 22, then you must attach a
copy of the Foreign Grantor Trust Owner Statement, page 3 of Form
3520-A, Annual Information Return of Foreign Trust With a U.S. Owner
(Under section 6048(b)) to your return. However, if you check the "No"
box on line 22, then you must complete and attach a substitute Form
3520-A to your return.

You must complete lines 31 through 38 of Schedule A because you
answered "No" to line 29 or 30 of Form 3520, Annual Return To Report
Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts.
Also, if you entered an amount greater than zero on line 37 of
Schedule A, you must also complete lines 48 through 53 of Schedule C
using Form 4970, Tax on Accumulation Distribution of Trusts, as a
worksheet. Complete these lines on Form 3520, attach a completed Form
4970, and send both forms to us with a copy of this letter.

Please provide the information requested within 30 days from the
date of this letter. Mail it to the address at the top of this letter.
If you don't respond, we will continue to process your return and
consider you in non-compliance with Internal Revenue Code Section

<span style="color:red">APPENDIX B</span>

```
                                        0425807462
                        Dec. 24, 2018  LTR 3653C    0 R
                        ███████████9050V 201712 68
                                        00023324
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612


6048.

We will apply penalties in one or more of the following amounts (as
applicable) for incomplete, inaccurate, and/or late filed Forms 3520
and 3520-A:
    - The greater of $10,000 or 35% of the gross value of any
      property transferred to a foreign trust for failure to report
      the creation of or transfer to a foreign trust (Part I of Form
      3520);
    - The greater of $10,000 or 35% of the gross value of the
      distributions received from a foreign trust for failure to
      report the receipt of the distribution (Part III of Form
      3520); and/or
    - The greater of $10,000 or 5% of the gross value of the portion
      of the foreign trust's assets treated as owned by you if you
      fail to file Form 3520 (Part II of Form 3520). You may be
      subject to an additional separate penalty of the greater of
      $10,000 or 5% if the trust (1) fails to file Form 3520-A, (2)
      does not furnish all the required information, or (3) includes
      incorrect information and you fail to file a correct and
      accurate substitute Form 3520-A.

We can impose additional penalties if the non-compliance (i.e., the
incomplete, inaccurate, and/or late forms) continues for more than 90
days after we've sent you notice of failure to comply with the
required reporting. Refer to the respective forms' instructions for
more information about penalties.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
1-800-TAX-FORM (1-800-829-3676).

If you have any questions, you can call 1-800-829-0115.

If you prefer, you can write to the address at the top of this letter.

We apologize for any inconvenience and thank you for your cooperation.

APPENDIX B

0425807462
Dec. 24, 2018   LTR 3653C   0 R
█████████050V 201712 68
00023325

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND   CA   94612



01£992

Sincerely yours,

Karen E. Peat

Karen Peat
Department Manager, ICO/ERS/Rejects

Enclosures:
Copy of this letter
Envelope

APPENDIX B

Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577



**9314 8699 0430 0054 5759 16**

RETURN RECEIPT (ELECTRONIC)

Total Postage: $5.95

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

Reference Number: Form 3520 Ueland (JSL)

APPENDIX C

# Transaction Details

**Recipient:**
Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

**Sender:**
Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577

Transaction created by:   walzpro@mowat.com
User ID:                  17252
Firm Mailing Book ID:     None
Batch ID:

Date Created:                      01/08/2019 9:09 AM
USPS Article Number:               9314869904300054575916
Return Receipt Article Number:     Not Applicable

Service Options:      Return Receipt - Electronic
Mail Service:         Certified
Reference #:          Form 3520 Ueland (JSL)
Postage:              $1.00
Certified Mail Fees:  $4.95
Status:               Delivered

---

# Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Certified Mail | 01-08-2019 01:12 PM | [USPS] - PRESHIPMENT INFO SENT  USPS AWAITS ITEM at TEMECULA,CA |
| USPS® Certified Mail | 01-08-2019 11:03 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at OAKLAND,CA |
| USPS® Certified Mail | 01-10-2019 01:17 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-10-2019 10:59 PM | [USPS] - DEPART USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-11-2019 02:14 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-11-2019 02:15 AM | [USPS] - ARRIVAL AT UNIT at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-13-2019 11:11 PM | [USPS] - CERTIFIED MAIL DELIVERED FRONT DESKRECEPTIONMAIL ROOM at OGDEN,UT |

APPENDIX C



Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0025

**IRS**

| Notice | CP49 |
|---|---|
| Tax Year | 2019 |
| Notice date | November 2, 2020 |
| Social Security number | XXX-XX-9050 |
| To contact us | 800-829-8374 |
| Your Caller ID | 382254 |
| Page 1 of 1 | 89H |

476245.968650.231326.931 1 8P 0.560 636
լովիկիսելիսիիիկիկիսիսեսիսիկիկիսիիիիկիսեսիսիկ



PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE WA 98101

476245

We applied $95,850.10 of your 2019 overpayment to an unpaid balance

# Refund due: $0.00

We applied your 2019 Forms 1040 overpayment to an amount owed for 2017.

As a result, your refund has been reduced to $0.00.

| Summary | |
|---|---|
| Overpayment for 2019 | -$352,336.19 |
| Amount applied to civil penalty owed for December 31, 2017 | 95,850.10 |
| **Refund due** | **$0.00** |

## What you need to do

You don't need to do anything.

## Additional information

- Visit www.irs.gov/cp49
- For tax forms, instructions, and publications, visit www.irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- You can contact us by mail at the address at the top of this notice. Be sure to include your Social Security number, the tax year, and the form number you are writing about.
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

APPENDIX D

**INTERNAL REVENUE SERVICE**



## FAX TRANSMISSION
### Cover Sheet

Date: __December 09, 2020__

## To: **Mr Serres** _____

Address/Organization: _____

Fax Number: __(206) 447-1581_____ Office Number: _____

## From: **Loven Carla U** _____

Address/Organization: _____

Fax Number: _____ Office Number: _____

Number of pages: [ 3 ]    *Including cover page*

**Subject:**

This communication is intended for the sole use of the individual to whom it is addressed and may contain confidential information that is privileged,
confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this communication is strictly prohibited by the provisions of the Internal Revenue code. If you have received this
communication in error, please contact the sender immediately by telephone. Thank you.

APPENDIX E



Department of the Treasury
Internal Revenue Service

**IRS**

| Notice | CP15 |
|---|---|
| Tax Year | |
| Notice date | March 11, 2019 |
| Social Security number | |
| To contact us | |
| Page 1 of 2 | |



## Notice of Penalty Charge

You have been charged a penalty under Section 6702(a) of the Internal Revenue Code for Civil Penalty for Frivolous Tax Returns.

## TAX STATEMENT

| Prior Balance | | |
|---|---|---|
| Penalty Assessment | | |
| Interest | | |
| Bad Check Penalty | | |
| **Balance Due** | | |

APPENDIX E

| Notice | CP15 |
|---|---|
| Tax Year | |
| Notice date | March 11, 2019 |
| Social Security number | |
| Page 2 of 2 | |

We charged you a penalty under IRC section 6702(a) for filing a frivolous tax return. The penalty applies when a person files what purports to be a return but—

A.

    1.   fails to include information on which the substantial correctness of the self-assessment may be judged or

    2.   includes information that on its face indicates that the self-assessment is substantially incorrect and

B.

    1.   the penalty applies when the underlying conduct in relation to filing such return is based on a position that the Internal Revenue Service has identified as frivolous (see Notice 2007-30) or

    2.   the underlying conduct reflects a desire to delay or impede the administration of Federal tax laws.

The penalty is $5,000 for each person who files a frivolous tax return.

If you wish to contest the assertion of this penalty, you must fully pay the entire penalty and file a claim for refund with the IRS within three years from the time a return associated with the penalty was filed or two years from the date the penalty was paid, whichever period expires later.

If your refund claim is pending for six months or more and the IRS has not issued a notice of claim disallowance with regard to the claim, you may file suit in the United States District Court or United States Court of Federal Claims to contest the assertion of the penalty at any time. Once the IRS issues a notice of claim disallowance, however, you must file suit in the United States District Court or The United States Court of Federal Claims within two years of the date the IRS mails a notice of disallowance to you denying the refund claim.

For tax forms, instructions and information visit www.irs.gov. Access to this site will not provide you with any taxpayer account information.

APPENDIX E

 **Internal Revenue Service**
United States Department of the Treasury
PHILADELPHIA, PA 19255-1498

Tracking ID: 100957578208
Date of Issue: 07-26-2021

015972.143605.38633.7795 1 8P 0.560 532

PHILIP C UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE, WA 98101



015972

Tax Period: December, 2017

## Information about the Request We Received

We've enclosed the transcript that you requested on July 26, 2021, for the tax period listed above.

To protect personally identifiable information for both Individuals and Businesses, transcripts only display partial personal information. For example, only the last four digits of the taxpayer's Social Security Number and last four digits of the business' Employer Identification Number are displayed. Full financial and tax information is displayed, such as wages, assets, and income.

An account transcript shows a summary of the tax return and subsequent actions taken. These actions could include filing an amended return and payments made.

If you have any questions, Individuals can call 800-829-1040 and Businesses can call 800-829-4933.

<span style="color:red">APPENDIX F</span>



# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 07-26-2021
Response Date: 07-26-2021
Tracking Number: 100957578208

Account Transcript

FORM NUMBER: CIVIL PENALTY          TAX PERIOD: Dec. 31, 2017

TAXPAYER IDENTIFICATION NUMBER:     XXX-XX-9050

PHIL C UELA
C/O BB

015972

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:       0.00
ACCRUED INTEREST:      0.00          AS OF: Mar. 29, 2021

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):    0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 240 | Miscellaneous penalty 98254-644-52024-0 | 20203605 | 09-21-2020 | $95,850.10 |
| 290 | Additional tax assessed 98254-644-52024-0 | 20203605 | 09-21-2020 | $0.00 |
| 971 | Notice issued | | 09-21-2020 | $0.00 |
| 706 | Credit transferred in from 1040 201912 | | 09-21-2020 | -$95,850.10 |
| 960 | Appointed representative | | 02-23-2021 | $0.00 |
| 961 | Removed appointed representative | | 03-08-2021 | $0.00 |

This Product Contains Sensitive Taxpayer Data

APPENDIX F



TEL: (925) 202-2922
FAX: (925) 906-9927

August 19, 2021

*VIA FACSIMILE*
877-891-6035

Internal Revenue Service
Central Processing Unit
Stop 93A
Post Office Box 621506
Atlanta, GA 30362

RE:    Freedom of Information Act Request
        Taxpayer / TIN:
                Philip Craig Ueland SSN: ███-9050
                Nicole Ueland SSN: ███-4211
        Tax Forms:    3520
        Tax Periods:   2017

Dear Disclosure Manager:

This request for information is submitted under the Freedom of Information Act, 5 U.S.C. § 552, and the regulations thereunder (FOIA) on behalf of the above-identified taxpayers. I represent the above-identified taxpayer(s). My Form 2848, Power of Attorney, is attached.

The taxpayer(s) request a copy of –

- All notices relating to the civil penalty assessed for the 2017 tax year, including a notice issued on or about September 21, 2020 (the account transcript for the civil penalty is attached for your reference);

- Any documents filed and/or provided by the Taxpayers which form the basis of the civil penalty, including envelopes if such document was submitted via mail; and

- Administrative file pertaining to the assessment of a civil penalty, including but not limited to any analysis and/or determination as to the penalty, worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or

LIN TAX LAW
1655 N. MAIN STREET, SUITE 350
WALNUT CREEK, CA 94596

Internal Revenue Service
Central Processing Unit
August 19, 2021
Page 2

accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, Case Activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty(ies).

The Internal Revenue Service is authorized to charge us for searching for the records, for reviewing the records and making any necessary deletions there from, and for making the requested copies, up to a maximum of $250 without further authorization. If the total charges are estimated to exceed this amount, please provide us with an estimate of the charges and seek further authorization from us.

As proof of my identity, and to establish my right to disclosure of the requested records, I am attaching a copy of my driver's license. The appended declaration of representative includes an attestation regarding my requester status, which is "other requester."

Please address the requested records to me at my address noted on Form 2848. If you have any questions concerning this request or require further identifying information, please contact me by telephone at the number set forth above.

Please respond within 20 working days, as provided by FOIA, 5 U.S.C. § 552(a)(6)(A)(i). Thank you for your consideration of this matter.

REPRESENTATIVE'S DECLARATION

I, Jenny Lin, as a power of attorney representative, prepared and submitted this letter and accompanying documents. I declare and affirm under penalty of perjury that the statements made herein (including accompanying documents) are true and correct to the best of my knowledge, information and belief. For purposes of this FOIA request, I declare that my status as a requester is that of "other requester" in that I represent the above-named taxpayer.

Sincerely,

Jenny Lin

Encl.   Form 2848
        Copy of Representative's Driver's License
        Civil Penalty Account Transcript for TY 2017

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|

**Form 2848**
(Rev. February 2020)
Department of the Treasury
Internal Revenue Service

**Power of Attorney and Declaration of Representative**

► Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name _____
Telephone _____
Function _____
Date ___ / ___ / ___

**Part I    Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1    Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

Taxpayer name and address

*pw* Philp

**Craig Ueland**
**8A North Parade**
**Hunters Hill, NSW 2110, Australia**

Taxpayer identification number(s)
[redacted] - 9050

Daytime telephone number
+1-206-604-2092

Plan number (if applicable)

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.

Name and address

**Jenny C. Lin c/o Lin Tax Law**
**1655 N. Main Street, Suite 350**
**Walnut Creek, CA 94596**

Check if to be sent copies of notices and communications ☑

CAF No. **0100-21585R**
PTIN _____
Telephone No. **925-202-2922**
Fax No. **925-906-9927**
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

Check if to be sent copies of notices and communications ☐

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

(Note: IRS sends notices and communications to only two representatives.)

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

Name and address

(Note: IRS sends notices and communications to only two representatives.)

CAF No. _____
PTIN _____
Telephone No. _____
Fax No. _____
Check if new: Address ☐   Telephone No. ☐   Fax No. ☐

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3    Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| **civil penalties** | **n/a** | **2017, inclusive** |
| | | |
| | | |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . . . . ► ☐

**5a    Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____
_____
_____

☐ Other acts authorized: _____
_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.        Cat. No. 11980J        Form **2848** (Rev. 2-2020)

**Appendix G**

Form 2848 (Rev. 2-2020)                                                                                                                                    Page **2**

b **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): _____

**see attached appendix**

6 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7 **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| _(signature)_ | 12/21/20 | |
|---|---|---|
| Signature | Date | Title (if applicable) |

PHILIP
**Craig Ueland**

| Print name | | Print name of taxpayer from line 1 if other than individual |

## Part II    Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;
• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

d Officer—a bona fide officer of the taxpayer organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

h Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). **See Special Rules and Requirements for Unenrolled Return Preparers** *in the instructions for additional information.*

k Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

r Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | CA | 211997 | _(signature)_ | 12/22/2020 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 2-2020)

<span style="color:red">Appendix G</span>

## APPENDIX A

Excluded are powers to: Accept any service of process or notices even if requested and received, extend any statute of limitations, sign offers in compromise, make admissions against interest, or provide any address, including any last known addresses of taxpayers or any notice as defined under 26 U.S.C. §7609.

This authorization, disclosure and representation also covers the representation in the investigation, audit, ascertainment, calculation of any assessment, the assessment as well as collection of the taxes for the tax year(s) or periods(s) listed on the Form 2848.

Compliance with Circular Section 230 is subject to the Canons of Ethics of the California State Bar and the related interpretative administrative and Court law decisions.

This authorization and representation also authorizes the representative to pursue any rights and remedies under the Administrative Procedure Act, Internal Revenue Code, the Freedom of Information Act, and all supporting regulations and decisional authority. This includes the disclosure of any documents or information. This statement fulfills all the written requirements of 26 U.S.C. §6103(a) and (c) and the underlying §6103(c) regulations. All other applicable statutory or regulation requirements concerning privacy are expressly waived by the taxpayer(s).

Initialed by: _PHILIP_ (Craig Ueland)          12/21/20
                                                        Date

             (Jenny C. Lin)          12/22/2020
                                          Date

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|
| (Rev. February 2020)<br>Department of the Treasury<br>Internal Revenue Service | **and Declaration of Representative**<br>▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | **For IRS Use Only**<br>Received by:<br>Name _____<br>Telephone _____<br>Function _____<br>Date __ / __ / __ |

**Part I**   **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1**   **Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |  |
|---|---|---|
| **Nicole Ueland**<br>**8A North Parade**<br>**Hunters Hill, NSW 2110, Australia** | ▆▆▆ – 4211 | |
| | Daytime telephone number<br>(206) 747-0573 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2**   **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | | |
|---|---|---|
| **Jenny C. Lin c/o Lin Tax Law**<br>**1655 N. Main Street, Suite 350**<br>**Walnut Creek, CA 94598** | CAF No. **0100-21585R**<br>PTIN _____<br>Telephone No. **925-202-2922**<br>Fax No. **925-906-9927** | |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |
| Name and address | CAF No. _____<br>PTIN _____<br>Telephone No. _____<br>Fax No. _____ | |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ | |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3**   **Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number<br>(1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable)<br>(see instructions) |
|---|---|---|
| **civil penalties** | **n/a** | **2017, inclusive** |
| | | |
| | | |

**4**   **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . ▶ ☐

**5a**   **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider; ☐ Authorize disclosure to third parties; ☐ Substitute or add representative(s); ☐ Sign a return; _____

_____

☐ Other acts authorized: _____

_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Cat. No. 11980J    Form **2848** (Rev. 2-2020)

Form 2848 (Rev. 2-2020)                                                                                                      Page **2**

   **b**  **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

      List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ........................

      see attached appendix

  **6**  **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

      **YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

  **7**  **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

      ▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| _Nicole S. Ueland_ | 12-21-20 | |
|---|---|---|
| Signature | Date | Title (if applicable) |

Nicole Ueland
| | |
|---|---|
| Print name | Print name of taxpayer from line 1 if other than individual |

**Part II**   **Declaration of Representative**

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended. governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

  **a**  Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

  **b**  Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

  **c**  Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

  **d**  Officer—a bona fide officer of the taxpayer organization.

  **e**  Full-Time Employee—a full-time employee of the taxpayer.

  **f**  Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

  **g**  Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

  **h**  Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). **See Special Rules and Requirements for Unenrolled Return Preparers** *in the instructions for additional information.*

  **k**  Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

  **r**  Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

      ▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation—Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | CA | 211997 | _[signature]_ | 12/22/2020 |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 2-2020)

<span style="color:red">Appendix G</span>

## APPENDIX A

Excluded are powers to: Accept any service of process or notices even if requested and received, extend any statute of limitations, sign offers in compromise, make admissions against interest, or provide any address, including any last known addresses of taxpayers or any notice as defined under 26 U.S.C. §7609.

This authorization, disclosure and representation also covers the representation in the investigation, audit, ascertainment, calculation of any assessment, the assessment as well as collection of the taxes for the tax year(s) or periods(s) listed on the Form 2848.

Compliance with Circular Section 230 is subject to the Canons of Ethics of the California State Bar and the related interpretative administrative and Court law decisions.

This authorization and representation also authorizes the representative to pursue any rights and remedies under the Administrative Procedure Act, Internal Revenue Code, the Freedom of Information Act, and all supporting regulations and decisional authority. This includes the disclosure of any documents or information. This statement fulfills all the written requirements of 26 U.S.C. §6103(a) and (c) and the underlying §6103(c) regulations. All other applicable statutory or regulation requirements concerning privacy are expressly waived by the taxpayer(s).

Initialed by: _____ (Nicole Ueland)          12 · 2 1 · 2 0
                                                      Date

          _____ (Jenny C. Lin)          12/22/2020
                                                Date



 **Internal Revenue Service**
United States Department of the Treasury
PHILADELPHIA, PA 19255-1498

Tracking ID: 100957578208
Date of Issue: 07-26-2021

015972.143605.38633.7795 1 8P 0.560 532



PHILIP C UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE, WA 98101

015972

Tax Period: December, 2017

### Information about the Request We Received

We've enclosed the transcript that you requested on July 26, 2021, for the tax period listed above.

To protect personally identifiable information for both Individuals and Businesses, transcripts only display partial personal information. For example, only the last four digits of the taxpayer's Social Security Number and last four digits of the business' Employer Identification Number are displayed. Full financial and tax information is displayed, such as wages, assets, and income.

An account transcript shows a summary of the tax return and subsequent actions taken. These actions could include filing an amended return and payments made.

If you have any questions, Individuals can call 800-829-1040 and Businesses can call 800-829-4933.

Appendix G

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 07-26-2021
Response Date: 07-26-2021
Tracking Number: 100957578208

Account Transcript

FORM NUMBER: CIVIL PENALTY        TAX PERIOD: Dec. 31, 2017

TAXPAYER IDENTIFICATION NUMBER:        XXX-XX-9050

PHIL C UELA
C/O BB

015972

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:          0.00
ACCRUED INTEREST:         0.00        AS OF: Mar. 29, 2021

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):       0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|---------------------------|-------|------|--------|
| 240 | Miscellaneous penalty 98254-644-52024-0 | 20203605 | 09-21-2020 | $95,850.10 |
| 290 | Additional tax assessed 98254-644-52024-0 | 20203605 | 09-21-2020 | $0.00 |
| 971 | Notice issued | | 09-21-2020 | $0.00 |
| 706 | Credit transferred in from 1040 201912 | | 09-21-2020 | -$95,850.10 |
| 960 | Appointed representative | | 02-23-2021 | $0.00 |
| 961 | Removed appointed representative | | 03-08-2021 | $0.00 |

This Product Contains Sensitive Taxpayer Data

Appendix G

RECEIVED AUG 2 ? 2021



**Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Jenny C. Lin
% Lin Tax Law
1655 N. Main Street, Suite 350
Walnut Creek,, CA 94596

Date:
August 24, 2021
Employee name:
Kathryn Hornberger
Employee ID number:
1000436774
Telephone number:
240-613-6665
Fax number:
855-203-7002
Case number
2021-22531
Re: Philip and Nicole Ueland

Dear Jenny C. Lin:

This is in response to your Freedom of Information Act (FOIA) request dated August 19, 2021, received in our office on August 19, 2021.

You asked for copy of:

- A copy of the original filed 2017 Form 3520 and any subsequently filed Form 3520 in response to IRS notice:
- All IRS notices relating to 2017 Form 3520, including but not limited to a notice dated on or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to 2017 Form 3520 and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, case activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty.

You submitted an identical request dated January 15, 2021. We responded to you on July 9, 2021, case number 2021-06605. You should direct further inquiries concerning this response to GLDS Support Services address above and please reference case 2021-06605.

Please include case number 2021-06605 on your follow-up correspondence regarding these requested records.

If you would like to discuss our response, you have the right to contact the FOIA Public Liaison, David Fish, at 202-317-8465.

The FOIA Public Liaison responds to FOIA requests for copies of documents maintained by the IRS. There is no provision in the FOIA to resolve tax, collection, or processing issues. If you need assistance with tax-related issues, you can call the IRS at 800-829-1040.

APPENDIX H

If you have questions, you can contact the person at the telephone number at the top of this letter.

Sincerely,

Jennifer Dotson
Disclosure Manager
Disclosure Office 02

APPENDIX H

**Jenny Lin**

---

| | |
|---|---|
| **From:** | Hornberger Kathryn A <Kathryn.Hornberger@irs.gov> |
| **Sent:** | Friday, October 08, 2021 7:08 AM |
| **To:** | Jenny Lin |
| **Subject:** | RE: Case No. 2021-22531 |

Hello,

I have been looking into this case and reviewed the letter and  documents provided to you previously. There are no records regarding the penalty because it was automatically assessed. Per the Letter 3652C, it appears that the Form 3520-A was not completed as per instructions, so the penalty was assessed. Please let me know if you have any additional questions.

## Kathy Hornberger
Disclosure Specialist
ID# 1000436774
DO 02, PGLD
Mail Stop C-2-235
5000 Ellin Road, Room C-2-272
Lanham, MD 20706
Desk: 240-613-6665
Fax: 855-203-7002
IRS employees:  Contact the Disclosure Help Desk from 11am to 5 pm EST at 866-591-0860 with disclosure questions

---

**From:** Jenny Lin <jlin@lintaxlaw.com>
**Sent:** Thursday, October 07, 2021 7:29 PM
**To:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Subject:** RE: Case No. 2021-22531

Dear Ms. Hornberger,

May I follow-up with you on the status of the request below?

Thank you.

Jenny

Jenny C. Lin, J.D., LLM



1655 N. Main Street, Suite 350
Walnut Creek, CA 94596
Tel: (925)202-2922
Fax: (925)906-9927
Email: jlin@lintaxlaw.com

APPENDIX I



*Please contact my assistant, Tenaaz Mubaraki, at* tmubaraki@lintaxlaw.com *if this relates to scheduling a call or meeting. Thank you.*

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

---

**From:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Sent:** Thursday, September 09, 2021 6:45 AM
**To:** Jenny Lin <jlin@lintaxlaw.com>
**Subject:** RE: Case No. 2021-22531

Good morning,

I am looking at your request again. I will be in touch.

**Kathy Hornberger**
Disclosure Specialist
ID# 1000436774
DO 02, PGLD
Mail Stop C-2-235
5000 Ellin Road, Room C-2-272
Lanham, MD 20706
Desk: 240-613-6665
Fax: 855-203-7002
IRS employees:  Contact the Disclosure Help Desk from 11am to 5 pm EST at 866-591-0860 with disclosure questions

---

**From:** Jenny Lin <jlin@lintaxlaw.com>
**Sent:** Thursday, September 02, 2021 4:43 PM
**To:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Subject:** Case No. 2021-22531

Dear Ms. Hornberger,

I am writing in response to your letter of August 24, 201 pertaining to my FOIA request.

In the letter, you indicated that I asked for the following and that I submitted an identical request on July 9, 2021.

APPENDIX I

- A copy of the original filed 2017 Form 3520 and any subsequently filed Form 3520 in response to IRS notice:
- All IRS notices relating to 2017 Form 3520, including but not limited to a notice dated on or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to 2017 Form 3520 and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, case activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty.

You submitted an identical request dated January 15, 2021. We responded to you on July 9, 2021, case number 2021-06605. You should direct further inquiries concerning this response to GLDS Support Services address above and please reference case 2021-06605.

I wish to point out that my August 19, 2021 request did not request a copy of the original filed 2017 Form 3520. While I did request a copy of the notice dated September 21, 2020 and believed at that time it was related to Form 3520, the response to case 2021-06605 indicates that no penalty action was taken.

After obtaining the civil penalty account transcript for 2017, it was confirmed that there was a September 21, 2020 notice mailed. Since the response to case 2021-06605 showed no penalty action, the notice must not have been related to Form 3520. This is the reason why I made another request.

To date, we have not been able to determine why the taxpayer was subject to a civil penalty. I believe that the September 21, 2020 notice and files surrounding that notice is key to understanding the penalty so that I may properly advise the taxpayer.

I would appreciate it if you could review my request again as it is different from case 2021-06605.

Thank you.

Sincerely,

Jenny C. Lin, J.D., LLM



1655 N. Main Street, Suite 350
Walnut Creek, CA 94596
Tel: (925)202-2922
Fax: (925)906-9927
Email: jlin@lintaxlaw.com



APPENDIX I

***Please contact my assistant, Tenaaz Mubaraki, at*** tmubaraki@lintaxlaw.com ***if this relates to scheduling a call or meeting. Thank you.***

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

APPENDIX I

## Declaration of Philip Craig Ueland and Nicole Ueland

1. We began living in Australia in December 2010. We resided in Australia in 2017 and at the time our 2017 return was filed.

2. When we moved to Australia, we used our residential address in Australia on our U.S. income tax returns.  Beginning for the 2017 tax year, however, we used our tax preparer's address in the U.S. on our U.S. income tax returns due to past delays in receiving IRS notices.

3. We filed Form 3520 for the 2017 tax year as required.

4. In early December 2020, we were contacted by our then preparer William F. Serres II that he received a notice from the IRS dated November 2, 2020.  The notice indicated that a portion of our 2019 overpayment was used to pay a civil penalty for 2017 in the amount of $95,850.10.

5. Prior to the November 2, 2020 notice, we were not aware of any civil penalty being proposed or assessed for 2017.  We also did not receive any notices regarding a 2017 civil penalty until the November 2, 2020 notice.

6. To date, we also do not know or understand which civil penalty has been assessed, why it was assessed, or how it was computed despite my preparer's and counsel's efforts to obtain information relating to the civil penalty.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: _12/16/2021_

_____
Philip Craig Ueland

Dated: _12 · 16 · 2021_

_____
Nicole Ueland

## Declaration of Karen E. Wilson

1. I am an Enrolled Agent licensed by the Internal Revenue Service.

2. My current office address is 1999 Harrison Street, Suite 1500, Oakland, CA 94612-3577. My office has been at this location since about November 2008.

3. I was the return preparer for Philip Craig Ueland and Nicole Ueland ("Uelands") for the 2011 to 2018 tax years. The Uelands retained a different preparer beginning in early 2020 for the 2019 tax year.

4. In the past, the Uelands used their residential address on their U.S. tax returns, including when they moved to Australia. However, IRS notices mailed to the Uelands' address in Australia were often very delayed. As a result, my office address was used on the Uelands' U.S. income tax returns for the 2017 and 2018 tax years.

5. In late December 2018 or early January 2019, my office received an IRS notice for the Uelands dated December 24, 2018. *See* Appendix 1, pp. 3-6. The notice requested additional information relating to the Uelands' 2017 Form 3520. The notice requested a response within 30 days from the date of the letter and indicated that a failure to respond will result in "non-compliance" with Internal Revenue Code Section 6048. The notice did not indicate that a penalty was being assessed at the time of the notice.

6. On or about January 8, 2019, I submitted a package in response to the IRS' notice dated December 24, 2018. *See* Appendix 1. The package was delivered to the IRS on January 13, 2019. *See* Appendix 1, p. 2.

7. After I submitted the package as described in ¶6, neither my office nor I received any additional notices from the IRS relating to the Ueland's 2017 Form 3520, including any penalty notice or collection notice.

8. In early December 2020, I was contacted by Mr. Ueland and his then preparer William F. Serres II regarding a November 2020 notice which Mr. Serres received. It is my understanding the notice indicated that a part of the Uelands' 2019 refund was being applied to pay their 2017 civil penalty in full. Mr. Ueland and Mr. Serres inquired whether I had received any notices relating to the 2017 civil penalty, including one dated September 21, 2020. I reviewed our file and confirmed that a September 21, 2020 notice for the Uelands relating to the 2017 tax year was not received by my office.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: _December 9, 2021_           _Karen Wilson_
                                    Karen E. Wilson

## Declaration of William F. Serres II

1. I am a Certified Public Accountant licensed in the state of Washington.

2. My office address if 1501 Fourth Ave., Suite 2880, Seattle, WA 98101. My office has been at this location since about 2004.

3. In early 2020, I was hired by Philip Craig Ueland and Nicole Ueland (Taxpayers) to prepare and file their 2019 U.S. income tax return and related information returns.

4. I e-filed the Taxpayers' 2019 U.S. income tax return and related information returns on October 12, 2020. Their 2019 U.S. income tax return listed my office address as the Taxpayers' mailing address since the Taxpayers resided overseas.

5. In late November 2020, my office received a notice dated November 2, 2020 from the IRS relating to the Taxpayers. See Appendix A. The notice indicated that $95,850.10 of Taxpayers' 2019 overpayment was applied to a civil penalty owed for December 31, 2017.

6. Neither the Taxpayers nor I were aware of any civil penalty for the 2017 tax year. Consequently, I contacted the IRS on or about December 9, 2020, via the Practitioner Hotline to find out more information regarding the penalty. I spoke with Loven Carla. She indicated that there was a notice relating to the penalty issued on or about September 21, 2020. She indicated that the penalty appears to be for the failure to report transactions with a foreign trust. However, she was not able to provide a copy of the notice issued on or about September 21, 2020.

7. Instead, Ms. Loven Carla faxed a notice dated March 11, 2019, to me. The notice was for a penalty under Section 6702(a) for frivolous tax returns. See Appendix B. All identifying information on the notice was redacted when it was faxed to me.

8. To my knowledge, neither the Taxpayers nor the Taxpayers' prior return preparer received the September 21, 2020, notice. To date, we have also not been able to obtain a copy of the notice or confirm the type of penalty assessed or how it was calculated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated December 3, 2021

William F. Serres II