

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Penalty Appeals Coordinator
1973 North Rulon White Blvd
Ogden, UT. 84404

9590 9402 4084 8092 7948 74

2. Article Number *(Transfer from service label)*

7015 1730 0001 5243 1266

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED
D061   DEC 0 7 2022   IRS-OSC
OGDEN UT

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   1559-2017   Domestic Return Receipt

**EXHIBIT D**

 **LIN TAX LAW**

TEL: (925) 202-2922
FAX: (925) 906-9927

December 1, 2022

***Via Certified Mail***
***Return Receipt Requested***
7015 1730 0001 5243 1266

Penalty Appeal Coordinator
Internal Revenue Service
1973 North Rulon White Blvd.
Ogden, UT 84404

     Re: Philip Craig Ueland and Nicole Ueland

Dear Penalty Appeal Coordinator,

I am the representative of the taxpayers named above. A copy of Form 2848 is enclosed for your reference.

I am writing with respect to the penalty abatement request previously submitted for the 2017 tax year on or about December 30, 2021. A copy of the penalty abatement request is attached as Appendix A for your convenience. As indicated in the penalty abatement request, taxpayers were not aware of the reason for the penalty assessment as taxpayers never received a penalty notice. *See* Appendix 1, pp. 1-2 of Form 843 Attachment. The Service was also unable to produce a copy of the penalty notice even after taxpayers made multiple FOIA requests. *See* Appendices A and H to Appendix 1.

The penalty abatement request requested abatement based on a number of procedural grounds, including that the legal requirements for an assessment of penalty had not been met, the requirements for applying an offset have not been met, and the failure to obtain written supervisor approval. While the Service responded to the penalty abatement request, none of the procedural grounds raised in the penalty abatement request were addressed. *See* Appendix 2. Instead, the August 26, 2022, notice denied penalty abatement based on the reason that taxpayers did not establish reasonable cause. <u>However, taxpayers never requested abatement based on reasonable cause.</u> Therefore, taxpayers' penalty abatement request remains open since none of the grounds raised in taxpayers' penalty abatement request were considered or denied.

Separately, it was not until the IRS' August 26, 2022 letter that the Service finally confirmed in writing that the penalty was assessed for the late filing of Form 3520-A. *See* Appendix 2. The notice indicated that the penalty was assessed because the form was received on March 12, 2019 and the due date was March 15, 2018.

The due date indicated in the Service's notice is incorrect. The due date noted on the Service's notice is based on a foreign trust with a calendar year accounting period. The foreign trust in this

Penalty Appeal Coordinator
December 1, 2022
Page 2

case has a fiscal year accounting period ending on June 30th. Note that according to the instructions for Form 3520-A for 2017, taxpayers are required to use the 2017 year Form 3520-A for foreign trusts with fiscal years which begin in 2017 but end in 2018. *See* Appendix 4, p. 3.

When taxpayers filed Form 3520-A on the 2017 Form 3520-A, a copy of the trust deed was attached. *See* Appendix 3 starting at Appendix 3-12. The trust deed indicates that its financial year is "A year ended 30 June…" *See* Appendix 3-23. No other fiscal year was adopted by the trustee. Therefore, a foreign trust's Form 3520-A for fiscal year ending June 30, 2018 was due on September 15, 2018 absent any extensions.

However, an extension request was timely filed and received by the IRS for Form 3520-A on or about August 27, 2018. *See* Appendix 5. Thus, Form 3520-A for fiscal year ending June 30, 2018 was due on or before March 15, 2019. The Service's August 26, 2022 notice indicated that Form 3520-A was received on March 12, 2019. Therefore, Form 3520-A for fiscal year ending June 30, 2018 was filed timely.

Consequently, taxpayers request the abatement of penalty based on the procedural reasons stated and/or on the basis that the Form 3520-A for fiscal year ending June 30, 2018 was timely filed.

Under penalty of perjury, I declare that this abatement request was prepared by me and although I do not know of my own knowledge that the facts contained herein are true, on the basis of information furnished me I believe them to be true and correct.

Thank you.

Sincerely,

Jenny C. Lin

Enclosures

Form **843**
(Rev. August 2011)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:

  **(a)** a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,

  **(b)** an abatement of FUTA tax or certain excise taxes, or

  **(c)** a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:

  **(a)** an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),

  **(b)** a refund of excise taxes based on the nontaxable use or sale of fuels, or

  **(c)** an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| **Name(s)** Philip Craig Ueland and Nicole Ueland | **Your social security number** 9050 |
| **Address (number, street, and room or suite no.)** 8A North Parade | y number 4211 |
| **City or town, state, and ZIP code** Hunters Hill, NSW 2110, Australia | Employer identification number (EIN) |
| **Name and address shown on return if different from above** C/O 1501 Fourth Ave., Suite 2880 Seattle, WA 98101 | **Daytime telephone number** |

| **1** | **Period.** Prepare a separate Form 843 for each tax period or fee year. | | | **2** | **Amount** to be refunded or abated: |
|---|---|---|---|---|---|
| | From    1/1/2017    to    12/31/2017 | | | $ | 95,850.10 |

**3**    **Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.

  ☐ Employment     ☐ Estate     ☐ Gift     ☐ Excise     ☐ Income     ☐ Fee

**4**    **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section:    6702(a); 6677(a); unknown

**5a**    **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)

  ☐ Interest was assessed as a result of IRS errors or delays.

  ☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.

  ☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

  **b**    Date(s) of payment(s) ▶      9/21/2020 - via transfer of credit from TY 2019

**6**    **Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.

  ☐ 706     ☐ 709     ☐ 940     ☐ 941     ☐ 943     ☐ 945
  ☐ 990-PF     ☐ 1040     ☐ 1120     ☐ 4720     ☑ Other (specify) ▶ Form 3520

**7**    **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

**See attachment**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | | |
|---|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | | Date 11/29/2021 |
| Nicole J. Ueland Signature (spouse, if joint return) | | Date November 13, 2021 |

| **Paid Preparer Use Only** | Print/Type preparer's name JENNY C. LIN | Preparer's signature | Date 12/29/2021 | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ▶ LIN TAX LAW, P.C. | | | Firm's EIN ▶ 45-2414532 | |
| | Firm's address ▶ 1655 N. MAIN ST. #350 WALNUT CREEK CA | | | Phone no. 925-989-3251 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    94598    Cat. No. 10180R    Form **843** (Rev. 8-2011)

APPENDIX 1

**Taxpayer Names: Philip Craig Ueland and Nicole Ueland**
**Taxpayer SSNs:** ████████9050 and ████████-4211
**Attachment to Form 843**

**1.  Facts**

Taxpayers resided in Australia in 2017 and at the time their 2017 return was filed.  *See* Appendix J, Declaration of Phillip Craig Ueland and Nicole Ueland ("Ueland Decl.") ¶ 1.

Taxpayers filed Form 3520 for the 2017 tax year.  *See* Appendix J, Ueland Decl. ¶3.

On or about December 24, 2018, the IRS issued a letter notifying the taxpayers that Form 3520 was incomplete and additional information was required.  *See* Appendix B.  The notice requested a response within 30 days, i.e., January 23, 2019.

Taxpayers' preparer responded to the IRS notice on or about January 8, 2019.  *See* Appendix K, Declaration of Karen Wilson ("Wilson Decl.") ¶6.   The response was delivered to the IRS on or about January 13, 2019.  *See* Wilson Decl. ¶6 and Appendix C.  The IRS stamped the response as having been received on January 15, 2019.  See Appendix A-16 and A-19.

On or about November 2, 2020, the IRS issued a notice to taxpayers that $95,850.10 of their 2019 overpayment was applied to the civil penalty owed for December 31, 2017.  See Appendix D.  The taxpayers did not previously receive any notice that a penalty was being proposed or had been assessed for the 2017 year.  *See* Appendix J, Ueland Decl. ¶5; Appendix K, Wilson Decl. ¶8; and Appendix L, Declaration of William F. Serres II ("Serres Decl.") ¶¶6, 8.  As such, taxpayers' then current representative, William F. Serres II, contacted the IRS on or about December 9, 2020, to inquire into the nature of the penalty.  *See* Appendix L, Serres Decl. ¶6.

Mr. Serres spoke with Loven Carla of the IRS regarding the penalty.  Loven Carla verbally indicated that there was a notice issued on September 21, 2020 but did not provide a copy of the notice to taxpayers' representative.  *See* Appendix L, Serres Decl. ¶6.  Neither taxpayers nor their representative for the 2017 return or then representative received the September 21, 2020 notice.  *See* Appendix J, Ueland Decl. ¶5; Appendix K, Wilson Decl. ¶8; and Appendix L, Serres Decl. ¶¶6, 8.   Although Loven Carla did not provide a copy of the September 21, 2020 notice, she provided a March 19, 2019 notice via fax to Mr. Serres which indicated that a §6702(a) penalty was assessed.  See Appendix L, Serres Decl. ¶7; and Appendix E.   The notice faxed to Mr. Serres redacted all identifying information relating to the taxpayer, amounts, tax year etc. *Id.* As such, taxpayers were not able to confirm that the notice pertains to them or that the amount on the notice is the same as the amount paid via transfer of the 2019 overpayment on November 2, 2020.[1]

---

[1] However, it is unlikely that §6702(a) is the penalty relevant to this case as the penalty is limited to $5,000.00 whereas the November 2, 2020 notice indicated that the civil penalty was $95,850.10.

Taxpayers hired counsel after Mr. Serres was not able to determine the nature of the penalty. Taxpayers' counsel submitted a FOIA request on or about January 15, 2021, to obtain information relating, among other items, to notices relating to Form 3520 for the 2017 tax year and the administrative file pertaining to the assessment of a penalty relating to Form 3520 and/or IRC §6702(a) penalty for the 2017 tax year.  The IRS responded to the FOIA request on or about July 9, 2021.  See Appendix A.  The IRS FOIA response indicated that the case relating to Form 3520 was closed without any action.  See Appendix A-6, A-7, A-37.  There were no documents provided on a Section 6702(a) penalty, calculation of the penalty, a copy of the September 21, 2020 notice or issuance of a September 21, 2020 notice.

On or about July 26, 2021, Mr. Serres obtained the 2017 civil penalty account transcript in the hopes that the nature of the penalty would be noted on the account transcripts.  See Appendix F.  The account transcript did not indicate the type of penalty assessed.

Out of an abundance of caution, taxpayers' counsel submitted a second FOIA request on or about August 19, 2021 and requested, among several items, "[a]ll notices relating to the civil penalty assessed for the 2017 tax year, including a notice issued on or about September 21, 2020…," "[a]ny documents filed and/or provided by the Taxpayers which form the basis of the civil penalty," and the "[a]dministrative file pertaining to the assessment of a civil penalty."  See Appendix G.  The FOIA Disclosure Officer initially denied counsel's request for the reason that an identical request was submitted in January 2021.  See Appendix I.  Counsel clarified with the FOIA Disclosure Officer that the request was not the same.  The FOIA Disclosure Officer conducted a new search but did not find any additional documents which were not already provided in the IRS's July 9, 2021, FOIA response.  See Appendix J.  The FOIA Disclosure Officer surmised that the penalty was related to Form 3520-A based on the IRS notice dated December 24, 2018 requesting additional information relating to Form 3520.[2]

As such, taxpayers have not been able to determine the nature of the penalty, whether the penalty applies, or whether the penalty is calculated correctly.  No other evidence was provided by the IRS that a notice was actually issued.

## 2.  Discussion

### a.  Legal Requirements for Assessment of Penalty

Section 6751 provides two procedural requirements with respect to penalties.  Subsection (a) provides that "each notice of penalty [shall include] information with respect to the name of the penalty, the section of this title under which the penalty is imposed, and a computation of the penalty."  Subsection (b) provides that "[n]o penalty under this title shall be assessed unless the

---

[2] It is believed that the FOIA Disclosure Officer meant to refer to Form 3520 and not Form 3520-A since the December 24, 2018 letter relates to Form 3520 and not Form 3520-A.  The penalty also does not appear to be related to the December 24, 2018 letter because the penalty amount does not appear to match any of the penalties which would apply if the penalty rate in the letter was applied.

APPENDIX 1

initial determination of such assessment is personally approved (in writing) by the immediate supervisor…"

As to penalties within Chapter 68[3], the penalties "shall be paid upon notice and demand and shall be assessed, collected, and paid in the same manner as taxes." *See* §6665(a).   The notice and demand is required to be "left at the dwelling or usual place of business of [the taxpayer] or shall be sent by mail to [the taxpayer's] last known address." *See* §6303(a).  A taxpayer's "last known address" is the address on the most recently filed and properly processed tax return unless the taxpayer provides a clear and concise notification of a different address. *See* 301.6212-2(a); *Abeles v. Comm'r*, 91 T.C. 1019, 1035 (1988).  Where a statute requires a notice and demand, the requirement must be met before the penalty is payable. *See e.g.*, *Koss v. U.S.*, 81 AFTR 2d 98-2049 (E.D. Pa. 1998) (Taxpayer's motion for summary judgment granted against the IRS from enforcing its tax lien where notice was supposed to be manually provided and IRS failed to provide evidence that notice was given, such as a copy of the notice, certified mail receipt, testimony of agent who delivered the notice, or notes or testimony of agent or officer who initiated or supervised the manual assessment); and *In re Resyn Corp.*, 945 F.2d 1279 (3rd Cir. 1991) (Court held the IRS could not collect on the fraud penalty and interest which accrued after the bankruptcy petition was filed where notice and demand was required and the IRS failed to provide such notice and demand).

Additionally, the IRS has "the burden of production in any court proceeding with respect to the liability of any individual for any **penalty**, addition to tax, or additional amount imposed by [Title 26]." *See* IRC 7491(c).  (emphasis added).  The burden of production includes providing evidence that the requirements of Section 6751 are met. *See Graev, et ux. v. Comm'r*, 147 T.C. 460, 473 (2016) ("Before considering the merits of the 20% accuracy-related penalties…we first address threshold issues [taxpayers] have raised involving the procedural requirements of section 6751(a), relating to penalty computations, and section 6751(b), relating to penalty assessments.").

### b.  Procedural Requirements Relating to the Penalty and Payment of Penalty Via Offset have not Been Met

#### (1)  The IRS Has Not Been Able to Produce Evidence that the Required Notice Was Provided

Taxpayer's representative Mr. Serres and counsel have made multiple requests for the notice issued on or about September 21, 2020.  By the account of Ms. Loven, this notice appears to have been the first communication to put the taxpayers on notice of an assessment or proposed assessment of penalty.  However, the IRS was not able to provide a copy of this notice or any evidence that the required notice was issued despite an informal request by Mr. Serres to Ms. Loven and two formal FOIA requests by counsel.  The administrative records provided through the FOIA requests also do not contain a record of how the penalty was calculated.  Therefore, the procedural requirement under §6751(a) was not met.

---

[3] Both §6702 and §6677 which is the potential penalty relating to Form 3520 as to transfers to foreign trusts are within Chapter 68.

APPENDIX 1

Given that the IRS is not able to provide a copy of the notice required under §6751(a), it is questionable whether the notice was issued, including whether the information required were provided. The IRS' response to counsel's FOIA request suggests or indicates that the notice is not available because the penalty was automatically assessed. However, the FOIA response provided indicates that an agent was involved in determining whether a penalty should be assessed. Therefore, the penalty was *not* automatically assessed.

The IRS bears the burden of production in showing that 6751(a) is met since a notice and demand is required before the penalty is payable. Procedural errors or omissions are a basis for invalidating an administrative act or proceeding if there is prejudice to the complaining party. *See Graev*, 147 T.C. at 474-475. In this case, the failure of the IRS to issue the notice as required by various sections prejudiced the taxpayer in many ways. Section 7803(a), commonly known as the Taxpayer Bill of Rights, recognizes that the IRC provides several rights to the taxpayer, including –

- the right to be informed,
- the right to quality service,
- the right to pay no more than the correct amount of tax,
- the right to challenge the position of the internal Revenue Service and be heard,
- the right to appeal a decision of the internal Revenue Service in an independent forum, and
- the right to a fair and just tax system.

Every single right of the taxpayers listed above was prejudiced by the IRS' inability to produce a copy of the September 21, 2020 notice. Most importantly, such notices would have provided an opportunity for the taxpayers to challenge the penalty before assessment and/or collection. The failure to provide notice therefore deprived the taxpayers an opportunity to challenge the penalty and/or its collection. Consequently, the penalty is not payable by the taxpayers.

**(2) Even if the Notice For the Penalty was Properly Mailed and Contained the Information in Section 6751(a), the Penalty Cannot be Assessed Due to Failure to Obtain Supervisor Approval**

Separately, written supervisory approval of either the penalties for §6702 or §6677 was required in order for the penalty to be valid. An exception is provided for penalties which are "automatically calculated through electronic means." *See* §6751(b)(2)(B). This phrase has been interpreted to apply to a situation where "the penalty was determined mathematically by a computer software program without the involvement of a human IRS examiner…" *See ATL & Sons Holdings, Inc. v. Comm'r*, 152 T.C. 138, 152 (2019).

In this case, it does not appear that either penalty was automatically calculated through electronic means. With respect to the §6677 penalty, the IRS's response to counsel's first FOIA request indicates that the case was assigned to an agent for review. *See* Appendix A-6 and A-7, November 4, 2019 entry. In fact, the same document indicates that no penalty was assessed and the case was closed without action. *Id.*, November 16, 2019 entries. With respect to the §6702

4

penalty, no documents were provided in response to counsel's first or second FOIA request to indicate that a §6702(a) penalty was assessed. Furthermore, a §6702(a) penalty by its nature cannot be automatically calculated through electronic means without the involvement of an IRS examiner because the penalty requires a two-part determination relating to the apparent correctness or incorrectness of a return **and** conduct of the taxpayer.[4]

Therefore, written supervisor approval was required to be obtained before a civil penalty can be assessed[5]. Responses to counsel's FOIA requests did not indicate that any written supervisor approval was obtained. Consequently, a civil penalty cannot be assessed pursuant to IRC §6751(b).

### (3) The IRS Was Not Authorized to Offset Taxpayer's 2019 Refund Against the 2017 Penalty Because the 2017 Penalty Was Not Properly Assessed or Notice Was Not Properly Given as Required

The civil penalty for the 2017 tax year was paid via offset against taxpayers' overpayment for the 2019 tax year. *See* Appendix D. Section 6402(a) authorizes the IRS to "credit the amount of [an] overpayment [within the applicable statute of limitations] against any ***liability*** in respect of an internal revenue tax[6] on the part of the person who made the overpayment and…[to] refund any balance to such person."

In this case, the IRS was not authorized to offset the 2017 civil penalty against taxpayers' 2019 overpayment for various reasons. First, the civil penalty could not be assessed without written supervisory approval and/or for the failure to provide notice as required by 6751(a) and (b). If so, there is no valid "liability" to be applied against the overpayment. Second, there was no notice and demand issued by the IRS. Even if the penalty was assessed, the penalty was not yet payable if the notice and demand was issued. *See* Koss and *In re Resyn Corp.* discussed above. Therefore, the collection of the civil penalty via offset was not valid.

### 3.  Conclusion

There are various procedural errors in this case which rendered the civil penalty invalid or made the collection via offset against taxpayers' refund invalid. There is no evidence that either a notice required under §6751(a) or notice and demand as required under §6665 and §6303 was issued. There was also no evidence that written supervisory approval was obtained before assessment of the penalty. Therefore, the amount of $95,850.10 in civil penalties should be

---

[4] Even if written supervisory approval was not required for §6702(a) penalty, the penalty itself is limited to $5,000.

[5] Taxpayers do not know the basis for the assessment of civil penalty. Assuming that neither a §6677 or §6702(a) penalty was assessed, taxpayers contend that there cannot be any civil penalty assessed under any provision since responses to counsel's two FOIA requests did not produce evidence that written supervisory approval was obtained for *any* civil penalty.

[6] Chapter 68 penalties are "assessed, collected, and paid in the same manner as taxes…" *See* §6665(a).

abated and/or the collection of this amount via offset should be invalidated and the same amount be refunded to the taxpayers with interest.

Sincerely,

Jenny C. Lin

Enclosures

APPENDIX 1

RECEIVED **JUL** 1  3 2021

Jenny C Lin
Lin Tax Law
1655 N. Main Street Suite 350
Walnut Creek, CA  94596



**Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and Disclosure**
**Centralized Processing Unit**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Jenny C Lin
Lin Tax Law
1655 N. Main Street Suite 350
Walnut Creek, CA 94596

Date:
July 9, 2021
Employee name:
F.P. Bones
Employee ID number:
1000148434
Telephone number:
470-769-2491
Fax number:
855-203-7001
Case number:
2021-06605
Re: Phillip Craig Ueland &
Nicole Ueland

Dear Jenny C Lin:

This is a final response to your Freedom of Information Act (FOIA) request dated January 15, 2021, received in our office on January 15, 2021.

You asked for copy of:

- A copy of the original filed Form 3520 and any subsequently filed Form 3520 in response to IRS notice:
- All IRS notices relating to Form 3520, including but not limited to a notice dated on or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to Form 3520 and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, case activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty(ies).

We searched for, and located, 32 pages responsive to your request.

Of the 32 pages located in response to your request, we're enclosing 32 pages. We're releasing 31 pages without exemptions and withholding one page in part. Redacted portions of each page are marked by the applicable FOIA exemptions which are described below:

The withheld portions are return information outside the scope of your power of attorney. FOIA exemption (b)(3) requires us to withhold information specifically exempt from disclosure by another law. The law supporting this exemption is Internal Revenue Code Section 6103(a).

Please be advised, some notices are computer generated and not associated with a paper document.

APPENDIX A-2

If you would like to discuss our response, you have the right to contact the FOIA public liaison, Summer Sutherland, at 801-620-2149.

The FOIA Public Liaison responds to FOIA requests for copies of documents maintained by the IRS. There is no provision in the FOIA to resolve tax, collection, or processing issues. If you need assistance with tax-related issues, you can call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

You have the right to file an administrative appeal within 90 days from the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552, to explain your appeal rights.

Your decision to contact the FOIA public liaison or OGIS for assistance resolving your dispute does not extend the 90-day period in which you can file an appeal.

If you have questions, you can contact the person at the telephone number at the top of this letter.

Sincerely,

John Carpenter
Disclosure Manager
Disclosure Office 01

Enclosures:
Responsive documents
Notice 393

APPENDIX A-3

 Department of the Treasury
Internal Revenue Service

## Notice 393

(Rev. September 2016)

Information on an IRS Determination to
Withhold Records Exempt From
The Freedom of Information Act – 5 U.S.C. 552

### Appeal Rights

You may file an appeal with the Internal Revenue Service (IRS) within 90 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal must be in writing, must be signed by you, and must contain:

Your name and address,
- Description of the requested records,
- Date of the request (and a copy, if possible),
- Identity of the office and contact on the response letter, and
- Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

**IRS Appeals**
Attention: FOIA Appeals
M/Stop 55202
5045 E. Butler Ave.
Fresno, California  93727-5136

### Judicial Review

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A).

The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

### Exemptions

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order,

(b)(2) • related solely to the internal personnel rules and practices of an agency,

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute:

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**Note:** Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential,

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:

(A) could reasonably be expected to interfere with enforcement proceedings,

APPENDIX A-4

(B) would deprive a person of a right to a fair trial or an impartial adjudication,

(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

(F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

███████9050V   UELA    PHILIP C UELAND       Help

**Issue: 68**    201712     INTERNAL TRANSCRIPT        2019-11-16   Created    snksb

   2019-11-16   NARRATIVE        snksb

Cis Case: CISY6FD6P6, CLOSED TO LINKED CASE

   2019-11-16   NARRATIVE        cisld

Cis Case: CISY6FD6P6, Case closed no action

   2019-11-16   NARRATIVE        snksb

Cis Case: CISWK2RY15, LINE K MARKED EXT UNDER 1040 EXT-DT 12152018 POSTMARKED DATE 01082019 NOT TIMELY

   2019-11-16   NARRATIVE        snksb

Cis Case: CISWK2RY15, CORRECTION LAST POSTMARK WAS FOR REPLY TO LETTER    REQUESTING MORE INFORMATION ORIGINAL RETURN   POSTMARKED DATE 11082018 TIMELY PAGE 7 OF    DOCUMENT NO PENALTY ASSESSEMENT

   2019-11-16   NARRATIVE        cisld

Cis Case: CISWK2RY15, Case closed no action

---

Close   Print

Welcome to the Correspondence Imaging System. If you are utilizing assistive technologies, click the following link to skip repetitive navigation links at the top of each page. Skip Navigation

 **Correspondence Imaging System**   ❷ Help   ❌ Logoff

## Case Notes

**Case Assigned To: 0433911071**
**Case ID: CISWK2RY15**

### Case Notes

Return to Case

| Note Description | Employee | Date |
|---|---|---|
| Case closed no action | 0433911071 | 2019/11/16 |
|  | 0433911071 | 2019/11/16 |
| CORRECTION LAST POSTMARK WAS FOR REPLY TO LETTER REQUESTING MORE INFORMATION ORIGINAL RETURN POSTMARKED DATE 11082018 TIMELY PAGE 7 OF DOCUMENT NO PENALTY ASSESSEMENT | 0433911071 | 2019/11/16 |
| Case Assigned from 0436000005 to 0433911071 | 0433084679 | 2019/11/04 |
| Tin changed from ▮▮▮9050 to ▮▮▮9050V | 0416528051 | 2019/07/26 |
| Bod not found. Error updating IDRS: Case Id: CISWK2RY15, Screen Message: 741CA35B0080HDR 00800010DMSDL53748905022NAP 4900010008824 19CSB-1420-U49901000 | SYSTEM | 2019/05/16 |

(b)(3):26 U.S.C. § 6103

-1.vp2smemoosams01 CIS_BPS_01_1.06 30.2021 10 46 39 0909

**06/30/2021**

APPENDIX A-7
6/30/2021

SEQ. NO.: BMF     2019080013629        CHRGOUT223

SC CODE:     29                         DLN:     60383-328-00328-8

NAME CONTROL:     UELA                  TRANSCRIPT DATE:     2019-03-25

MFT:     68                             TIN:     █████ 9050V

PLAN:     520                           TAX PERIOD:     201712

                                        IRS RECEIVED DATE:     2019-02-25

DESTINATION LITERAL:     ADJUSTMENTS

BMF INTERNATIONAL



RECEIVED OSC 177
MAY
APR 2 9 2019
OP's 1 Dept BB
IRS OGDEN, UTAH

703

6038332800328   8

C&E
908

Form **3520**

Department of the Treasury
Internal Revenue Service

**Annual Return To Report Transactions With
Foreign Trusts and Receipt of Certain Foreign Gifts**

▶ Go to www.irs.gov/Form3520 for instructions and the latest information.

OMB No. 1545-0159

**2017**

Note: All information must be in English. Show all amounts in U.S. dollars. File a separate Form 3520 for each foreign trust.

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20 ____

A  Check appropriate boxes:  ☐ Initial return  ☐ Initial return (extension filed)  ☐ Final return  ☐ Amended return

B  Check box that applies to person filing return:  ☒ Individual  ☐ Partnership  ☐ Corporation  ☐ Trust  ☐ Executor

C  Check if any excepted specified foreign financial assets are reported on this form (see instructions) ..................... ☒

Check all applicable boxes.

☒ (a) You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, (b) You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or (c) You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. Complete all applicable identifying information requested below and Part I of the form and see the instructions for Part I.

☒ You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. Complete all applicable identifying information requested below and Part II of the form and see the instructions for Part II.

☒ (a) You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or (b) You are a U.S. person who is also a grantor or beneficiary of a foreign trust (1) that has made a loan of cash or marketable securities, directly or indirectly, to you or a U.S. person related to you during the current tax year, or (2) from which you or a U.S. person related to you received the uncompensated use of trust property. Complete all applicable identifying information requested below and Part III of the form and see the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. Complete all applicable identifying information requested below and Part IV of the form and see the instructions for Part IV.

1a  Name of U.S. person(s) with respect to whom this Form 3520 is being filed (see instructions)
PHILIP C. & NICOLE S. UELAND

b  Identification number
-9050

c  Number, street, and room or suite no. (if a P.O. box, see instructions)
C/O MM&A, 1999 HARRISON ST APT. NO. 1500

d  Spouse's identification number
-4211

e  City or town
OAKLAND

f  State or province
CA

g  ZIP or foreign postal code
94612

h  Country
UNITED STATES

i  Check the box if you are married and filing a joint 2017 income tax return, but you are filing separate Forms 3520. ☐

j  Service center where U.S. person's tax return is filed ............................... FSC     ▶ E-FILED

k  If an extension was requested for the tax return, check this box ☒ and enter the form number of the tax return to be filed. ▶ 1040

2a  Name of foreign trust (if applicable)
UELAND SUPERANNUATION FUND

b(1)  Employer identification number (if any)

c  Number, street, and room or suite no. (if a P.O. box, see instructions)
LEVEL ONE 54 NERIDAH STREET

b(2)  Reference ID number (see instr.)

d  City or town
CHATSWOOD

e  State or province
NSW

f  ZIP or foreign postal code
2067

g  Country
AUSTRALIA

3  Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? ...  ☐ Yes  ☒ No

If "Yes," complete lines 3a through 3g. If "No," be sure to complete Part I, lines 15 through 18.

3a  Name of U.S. agent

b  Identification number (if any)

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

d  City or town

e  State or province

f  ZIP or postal code

g  Country

4a  Name of U.S. decedent (see instr.)

b  Address

c  TIN of decedent

d  Date of death

e  EIN of estate

f  Check applicable box.
☐ U.S. decedent made transfer to a foreign trust by reason of death.
☐ U.S. decedent treated as owner of foreign trust immediately prior to death.
☐ Assets of foreign trust were included in estate of U.S. decedent.

RECEIVED
NOV 1 3 2018
B066
IRS-OSC

OGDEN, UT

LHA    For Privacy Act and Paperwork Reduction Act Notice, see instructions.

Form 3520 (2017)

713301 11-09-17

10031105 758433 78705.0      2017.04030 UELAND, PHILIP      78705_01

2

27644

APPENDIX A-9

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND      -9050 Page 2

| Part I | Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year (see instructions) |

| 5a Name of trust creator | b Address | c Identification number (if any) |
|---|---|---|
| UELAND PTY LIMITED | LEVEL ONE 54 NERIDAH STREET CHATSWOOD 2067 NSW AS | |

| 6a Country code of country where trust was created | b Country code of country whose law governs the trust | c Date trust was created |
|---|---|---|
| AS | AS | 05/10/2011 |

7a Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer?     ☐ Yes ☒ No

| b | (i) Name of other foreign trust owners, if any | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant Code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

8   Was the transfer a completed gift or bequest? If "Yes," see instructions ....................................... ☐ Yes ☒ No

9a   Now or at any time in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary? .......... ☒ Yes ☐ No

b   If "No," could the trust be revised or amended to benefit a U.S. beneficiary? ...................................... ☐ Yes ☐ No

10   Will you continue to be treated as the owner of the transferred asset(s) after the transfer? .......................... ☒ Yes ☐ No

### Schedule A - Obligations of a Related Trust (see instructions)

11a   During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust (see instructions)? ........................ ☐ Yes ☒ No

If "Yes," complete the rest of Schedule A, as applicable. If "No," go to Schedule B.

b   Were any of the obligations you received (with respect to a transfer described in line 11a above) qualified obligations? ... ☐ Yes ☐ No

If "Yes," complete the rest of Schedule A with respect to each qualified obligation.

If "No," go to Schedule B and, when completing columns (a) through (i) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h).

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12   With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? ........................ ☐ Yes ☐ No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to each qualified obligation you reported on line 11b, then such obligation is not a qualified obligation and you cannot check "Yes" to the question on line 11b.

### Schedule B - Gratuitous Transfers (see instructions)

13   During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? .................................................... ☐ Yes ☒ No

If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable. If "No," go to Schedule C.

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer, if any | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Totals ▶ | | | | | $ | | | $ |

14   You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| a   Sale document? .................................................. | ☐ | ☐ | ☐ | |
| b   Loan document? .................................................. | ☐ | ☐ | ☐ | |
| c   Subsequent variances to original sale or loan documents? ............... | ☐ | ☐ | ☐ | |

713302 11-09-17               Form 3520 (2017)

3

APPENDIX A-10

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND ▮▮▮▮ 9050 Page 3

**Part I** | **Schedule B - Gratuitous Transfers** *(Continued)*

\*Note: Complete lines 15 through 18 only if you answered "No" to line 3, acknowledging that the foreign trust did not appoint a U.S. agent to provide the IRS with all relevant trust information.

**15**

| (a) Name of beneficiary | (b) Address of beneficiary | (c) U.S. beneficiary? | | (d) Identification number, if any |
|---|---|---|---|---|
| | | Yes | No | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**16**

| (a) Name of trustee | (b) Address of trustee | (c) Identification number, if any |
|---|---|---|
| | | |
| | | |
| | | |

**17**

| (a) Name of other persons with trust powers | (b) Address of other persons with trust powers | (c) Description of powers | (d) Identification number, if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**18** If you checked "No" on line 3 (or did not complete lines 3a through 3g), you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A or Form 3520 filed within the previous 3 years, attach only relevant updates.

Are you attaching a copy of: — Yes — No — Attached Previously — Year Attached

a Summary of all written and oral agreements and understandings relating to the trust?
b The trust instrument?
c Memoranda or letters of wishes?
d Subsequent variances to original trust documents?
e Trust financial statements?
f Other trust documents?

**Schedule C - Qualified Obligations Outstanding in the Current Tax Year** *(see instructions)*

**19** Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? ☐ Yes ☒ No
If "Yes," complete columns (a) through (e) below.

| (a) Date of original obligation | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the obligation still meet the criteria for a qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form 3520 (2017)

APPENDIX A-11

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND      9050 Page 5

| Part III | Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year *(Continued)* |

| 29 | Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | ☐ Yes ☒ No ☐ N/A |
| | If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution. If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | |
| 30 | Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? | ☐ Yes ☒ No ☐ N/A |
| | If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions). Also complete Schedule C if you enter an amount greater than zero on line 37 or line 41a. If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | |

**Schedule A - Default Calculation of Trust Distributions** (see instructions)

| 31 | Enter amount from line 27 | |
| 32 | Number of years the trust has been a foreign trust (see instructions) ►    2 | |
| 33 | Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years the trust has been a foreign trust, if fewer than 3) | |
| 34 | Multiply line 33 by 1.25 | |
| 35 | Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than 3) and enter the result | |
| 36 | Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 | |
| 37 | Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III | |
| 38 | Applicable number of years of trust. Divide line 32 by 2 and enter the result here ► | |

**Schedule B - Actual Calculation of Trust Distributions** (see instructions)

| 39 | Enter amount from line 27 | |
| 40 a | Amount treated as ordinary income in the current tax year | |
| b | Qualified dividends ► | |
| 41 a | Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III ► | |
| b | Amount of line 41a that is tax exempt ► | |
| 42 a | Amount treated as net short-term capital gain in the current tax year | |
| b | Amount treated as net long-term capital gain in the current tax year | |
| c | 28% rate gain ► | |
| d | Unrecaptured section 1250 gain ► | |
| 43 | Amount treated as distribution from trust corpus | |
| 44 | Enter any other distributed amount received from the foreign trust not included on lines 40a, 41a, 42a, 42b, and 43 (attach explanation) | |
| 45 | Amount of foreign trust's aggregate undistributed net income | |
| 46 | Amount of foreign trust's weighted undistributed net income | |
| 47 | Applicable number of years of trust. Divide line 46 by line 45 and enter the result here ► | |

**Schedule C - Calculation of Interest Charge** (see instructions)

| 48 | Enter accumulation distribution from line 37 or 41a, as applicable | |
| 49 | Enter tax on total accumulation distribution from line 28 of Form 4970 (attach Form 4970 - see instructions) | |
| 50 | Enter applicable number of years of foreign trust from line 38 or 47, as applicable (round to nearest half-year) ► | |
| 51 | Combined interest rate imposed on the total accumulation distribution (see instructions) | |
| 52 | Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 | |
| 53 | Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your income tax return | |

Form 3520 (2017)

713305 11-09-17

6

10031105 758433 78705.0      2017.04030 UELAND, PHILIP      78705_01

Form 3520 (2017)   PHILIP C. & NICOLE S. UELAND                    ▉▉▉▉  9050  Page 6

| **Part IV** | **U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons** |
|---|---|
| | (see instructions) |

**54** During the current tax year, did you receive more than $100,000 that you treated as gifts or bequests from a nonresident alien or a foreign estate? See instructions for special rules regarding related donors .................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more space is needed, attach a statement.

| (a)<br>Date of gift<br>or bequest | (b)<br>Description of property received | (c)<br>FMV of property received |
|---|---|---|
| | | |
| | | |
| | | |
| **Total** ............................................................................................ ▶ | | $ |

**55** During the current tax year, did you receive more than $15,797 that you treated as gifts from a foreign corporation or a foreign partnership? See instructions regarding related donors ........................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach a statement.

| (a)<br>Date of gift | (b)<br>Name of foreign donor | (c)<br>Address of foreign donor | (d)<br>Identification number,<br>if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

| (e)<br>Check the box that applies to the foreign donor | | (f)<br>Description of property received | (g)<br>FMV of property received |
|---|---|---|---|
| Corporation | Partnership | | |
| | | | |
| | | | |
| | | | |

**56** Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and 55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions .................................... ☐ Yes ☐ No

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature   *[signature]*   Title: Nicole S. Ueland   Date ▶ 11/6/18

| Paid<br>Preparer<br>Use Only | Print/Type preparer's name<br>KAREN E WILSON | Preparer's signature<br>KAREN E WILSON | Date<br>11/05/18 | Check ☐ if<br>self-employed | PTIN<br>P00449883 |
|---|---|---|---|---|---|
| | Firm's name ▶ MOWAT MACKIE & ANDERSON LLP | | | Firm's EIN ▶ | 94-6357165 |
| | Firm's address ▶ 1999 HARRISON STREET, SUITE 1500<br>OAKLAND CA 94612-3577 | | | Phone no. | 510-893-1120 |

Form 3520 (2017)

713306 11-09-17

7

APPENDIX A-13



Deborah
825 Duvall Place NW
Renton, WA 98059

CERTIFIED MAIL

7017 3040 0000 7521 6892

Internal Revenue Service Center
P.O. Box 409101
Ogden UT 84409

U.S. POSTAGE
ECM. LOG
LOGAN, UT
84321
NOV 08, 18
AMOUNT
$5.08
R2304N117252-17
1000
84408

APPENDIX A-14



**IRS** Department of the Treasury
Internal Revenue Service

OGDEN UT 84201-0034

OMB Clearance No.:     1545-0159

In reply refer to: 0425807462
Dec. 24, 2018  LTR 3653C   O R
         9050V 201712 68
                        00023323
                BODC: SB

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612

RECEIVED
B500    JAN 1 5 2019    IRS-OSC
OGDEN, UT

018992

Taxpayer identification number:          9050V
         Tax period: Dec. 31, 2017
              Form: 3520
                    60383-328-00328-8

Dear Taxpayer:

Thank you for filing your foreign trust return.

You must complete lines 15 through 18, and include any relevant copies
of trust documents, if applicable, because you answered "No" to line 3
or did not complete lines 3a through 3g, of Form 3520, Annual Return
To Report Transactions With Foreign Trusts and Receipt of Certain
Foreign Gifts. Complete these lines on Form 3520 and send it and any
attachments to us with a copy of this letter.

You must complete line 23 because you checked the box on the top of
page 1 of Form 3520, Annual Return To Report Transactions With Foreign
Trusts and Receipt of Certain Foreign Gifts, indicating that you're a
U.S. owner of all or any portion of a foreign trust at some time
during the tax year. Complete line 23 on Form 3520 and send it to us
with a copy of this letter.

Note: If you check the "Yes" box on line 22, then you must attach a
copy of the Foreign Grantor Trust Owner Statement, page 3 of Form
3520-A, Annual Information Return of Foreign Trust With a U.S. Owner
(Under section 6048(b)) to your return. However, if you check the "No"
box on line 22, then you must complete and attach a substitute Form
3520-A to your return.

You must complete lines 31 through 38 of Schedule A because you
answered "No" to line 29 or 30 of Form 3520, Annual Return To Report
Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts.
Also, if you entered an amount greater than zero on line 37 of
Schedule A, you must also complete lines 48 through 53 of Schedule C
using Form 4970, Tax on Accumulation Distribution of Trusts, as a
worksheet. Complete these lines on Form 3520, attach a completed Form
4970, and send both forms to us with a copy of this letter.

Please provide the information requested within 30 days from the
date of this letter. Mail it to the address at the top of this letter.
If you don't respond, we will continue to process your return and
consider you in non-compliance with Internal Revenue Code Section

APPENDIX A-16

```
                                                        0425807462
                                    Dec. 24, 2018  LTR 3653C   0 R
                                        050V 201712 68
                                                        00023324
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612


6048.

We will apply penalties in one or more of the following amounts (as
applicable) for incomplete, inaccurate, and/or late filed Forms 3520
and 3520-A:
       - The greater of $10,000 or 35% of the gross value of any
         property transferred to a foreign trust for failure to report
         the creation of or transfer to a foreign trust (Part I of Form
         3520);
       - The greater of $10,000 or 35% of the gross value of the
         distributions received from a foreign trust for failure to
         report the receipt of the distribution (Part III of Form
         3520); and/or
       - The greater of $10,000 or 5% of the gross value of the portion
         of the foreign trust's assets treated as owned by you if you
         fail to file Form 3520 (Part II of Form 3520). You may be
         subject to an additional separate penalty of the greater of
         $10,000 or 5% if the trust (1) fails to file Form 3520-A, (2)
         does not furnish all the required information, or (3) includes
         incorrect information and you fail to file a correct and
         accurate substitute Form 3520-A.

We can impose additional penalties if the non-compliance (i.e., the
incomplete, inaccurate, and/or late forms) continues for more than 90
days after we've sent you notice of failure to comply with the
required reporting. Refer to the respective forms' instructions for
more information about penalties.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
1-800-TAX-FORM (1-800-829-3676).

If you have any questions, you can call 1-800-829-0115.

If you prefer, you can write to the address at the top of this letter.

We apologize for any inconvenience and thank you for your cooperation.

```
                                              0425807462
                        Dec. 24, 2018  LTR 3653C   0 R
                             9050V 201712 68
                                              00023325
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612

011992

Sincerely yours,

*Karen E. Peat*

Karen Peat
Department Manager, ICO/ERS/Rejects


Enclosures:
Copy of this letter
Envelope

Form **3520**

Department of the Treasury
Internal Revenue Service

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

▶ Go to www.irs.gov/Form3520 for instructions and the latest information.

OMB No. 1545-0159

**2017**

Note: All information must be in English. Show all amounts in U.S. dollars. File a separate Form 3520 for each foreign trust.

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20 _____

| A | Check appropriate boxes: | ☐ Initial return | ☐ Initial return (extension filed) | ☐ Final return | ☐ Amended return |

| B | Check box that applies to person filing return: | ☒ Individual | ☐ Partnership | ☐ Corporation | ☐ Trust | ☐ Executor |

C   Check if any excepted specified foreign financial assets are reported on this form (see instructions) ............................................. ☒

Check all applicable boxes.

☒ (a) You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, (b) You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or (c) You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. Complete all applicable identifying information requested below and Part I of the form and see the instructions for Part I.

☒ You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. Complete all applicable identifying information requested below and Part II of the form and see the instructions for Part II.

☒ (a) You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or (b) You are a U.S. person who is also a grantor or beneficiary of a foreign trust (1) that has made a loan of cash or marketable securities, directly or indirectly, to you or a U.S. person related to you during the current tax year, or (2) from which you or a U.S. person related to you received the uncompensated use of trust property. Complete all applicable identifying information requested below and Part III of the form and see the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. Complete all applicable identifying information requested below and Part IV of the form and see the instructions for Part IV.

| | | |
|---|---|---|
| **1a** Name of U.S. person(s) with respect to whom this Form 3520 is being filed (see instructions)<br>PHILIP C. & NICOLE S. UELAND | | **b** Identification number<br>-9050 |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>C/O MM&A, 1999 HARRISON ST APT. NO. 1500 | | **d** Spouse's identification number<br>-4211 |
| **e** City or town<br>OAKLAND | **f** State or province<br>CA   **g** ZIP or foreign postal code<br>94612 | **h** Country<br>UNITED STATES |

i   Check the box if you are married and filing a joint 2017 income tax return, but you are filing separate Forms 3520.   ☐

j   Service center where U.S. person's tax return is filed .......................................................... ▶ E-FILED

k   If an extension was requested for the tax return, check this box ☒ and enter the form number of the tax return to be filed. ▶ 1040

| | | |
|---|---|---|
| **2a** Name of foreign trust (if applicable)<br>UELAND SUPERANNUATION FUND | | **b(1)** Employer identification number (if any) |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | | **b(2)** Reference ID number (see instr.) |
| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW   **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |

3   Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?   ☐ Yes   ☒ No
If "Yes," complete lines 3a through 3g. If "No," be sure to complete Part I, lines 15 through 18.

| | | |
|---|---|---|
| **3a** Name of U.S. agent | | **b** Identification number (if any) |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | | |
| **d** City or town | **e** State or province   **f** ZIP or postal code | **g** Country |

| | | |
|---|---|---|
| **4a** Name of U.S. decedent (see instr.) | **b** Address | **c** TIN of decedent |
| **d** Date of death | | **e** EIN of estate |

f   Check applicable box.
☐ U.S. decedent made transfer to a foreign trust by reason of death.
☐ U.S. decedent treated as owner of foreign trust immediately prior to death.
☐ Assets of foreign trust were included in estate of U.S. decedent.

LHA   For Privacy Act and Paperwork Reduction Act Notice, see instructions.

RECEIVED
B500   JAN 1 5 2019   IRS-OSC
OGDEN, UT

Form 3520 (2017)

713381 11-09-17

APPENDIX A-19

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND                                    ███ -9050 Page 2

**Part I | Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year** (see instructions)

| 5a Name of trust creator | b Address | c Identification number (if any) |
|---|---|---|
| UELAND PTY LIMITED | LEVEL ONE 54 NERIDAH STREET CHATSWOOD  2067  NSW  AS | |

| 6a Country code of country where trust was created | b Country code of country whose law governs the trust | c Date trust was created |
|---|---|---|
| AS | AS | 05/10/2011 |

7a Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer? ......... ☐ Yes ☒ No

| b | (i) Name of other foreign trust owners, if any | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant Code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

8  Was the transfer a completed gift or bequest? If "Yes," see instructions .................................................. ☐ Yes ☒ No

9a  Now or at any time in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary? ............ ☒ Yes ☐ No

b  If "No," could the trust be revised or amended to benefit a U.S. beneficiary? ...................................... ☐ Yes ☐ No

10  Will you continue to be treated as the owner of the transferred asset(s) after the transfer? ........................... ☒ Yes ☐ No

**Schedule A - Obligations of a Related Trust** (see instructions)

11a  During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust (see instructions)? ..................... ☐ Yes ☒ No

If "Yes," complete the rest of Schedule A, as applicable. If "No," go to Schedule B.

b  Were any of the obligations you received (with respect to a transfer described in line 11a above) qualified obligations? ... ☐ Yes ☐ No

If "Yes," complete the rest of Schedule A with respect to each qualified obligation.

If "No," go to Schedule B and, when completing columns (a) through (f) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h).

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12  With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? .......................... ☐ Yes ☐ No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to each qualified obligation you reported on line 11b, then such obligation is not a qualified obligation and you cannot check "Yes" to the question on line 11b.

**Schedule B - Gratuitous Transfers** (see instructions)

13  During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? ................................................... ☐ Yes ☒ No

If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable.

If "No," go to Schedule C.

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer, if any | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Totals ▶ | | | | | | $ | | | $ |

14  You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| a  Sale document? | ........................................ | ☐ | ☐ | ☐ | _____ |
| b  Loan document? | ........................................ | ☐ | ☐ | ☐ | _____ |
| c  Subsequent variances to original sale or loan documents? | .................. | ☐ | ☐ | ☐ | _____ |

713302 11-09-17                                                                        Form 3520 (2017)

APPENDIX A-20

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND                                        ███ -9050 Page 3

**Part I   Schedule B – Gratuitous Transfers** *(Continued)*

Note: Complete lines 15 through 18 only if you answered "No" to line 3, acknowledging that the foreign trust did not appoint a U.S. agent to provide the IRS with all relevant trust information.

| 15. (a) Name of beneficiary | (b) Address of beneficiary | (c) U.S. beneficiary? Yes | No | (d) Identification number, if any |
|---|---|---|---|---|
| Philip C. Ueland | 1999 Harrison St. #1500, Oakland, CA 94612 | X | | -9050 |
| Nicole S. Ueland | 1999 Harrison St. #1500, Oakland, CA 94612 | X | | ███4211 |
| | | | | |
| | | | | |

| 16. (a) Name of trustee | (b) Address of trustee | (c) Identification number, if any |
|---|---|---|
| Ueland Pty Ltd | Level One 54 Neridah Street, Chatswood, NSW, Australia, 2067 | |
| | | |
| | | |
| | | |

| 17. (a) Name of other persons with trust powers | (b) Address of other persons with trust powers | (c) Description of powers | (d) Identification number, if any |
|---|---|---|---|
| N/A | | | |
| | | | |
| | | | |
| | | | |

18  If you checked "No" on line 3 (or did not complete lines 3a through 3g), you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A or Form 3520 filed within the previous 3 years, attach only relevant updates.

| Are you attaching a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| a  Summary of all written and oral agreements and understandings relating to the trust? | | X | | |
| b  The trust instrument? | | | X | 2014 |
| c  Memoranda or letters of wishes? | | X | | |
| d  Subsequent variances to original trust documents? | | X | | |
| e  Trust financial statements? | | X | | |
| f  Other trust documents? | | X | | |

**Schedule C – Qualified Obligations Outstanding in the Current Tax Year** *(see instructions)*

19  Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? ☐ Yes ☒ No
If "Yes," complete columns (a) through (e) below.

| (a) Date of original obligation | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the obligation still meet the criteria for a qualified obligation? Yes | No |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Form 3520 (2017)

APPENDIX A-21

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND                    9050 Page 4

## Part II | U.S. Owner of a Foreign Trust (see instructions)

| 20 | (a) Name of other foreign trust owners, if any | (b) Address | (c) Country of residence | (d) Identification number, if any | (e) Relevant Code section |
|----|---|---|---|---|---|
| • | | | | | |
| | | | | | |
| | | | | | |

| 21 | (a) Country code of country where foreign trust was created | (b) Country code of country whose law governs the foreign trust | (c) Date foreign trust was created |
|----|---|---|---|
| | AS | AS | 05/10/2011 |

22  Did the foreign trust file Form 3520-A for the current year? .................................................................... [X] Yes  [ ] No

If "Yes," attach the Foreign Grantor Trust Owner Statement you received from the foreign trust.

If "No," to the best of your ability, complete and attach a substitute Form 3520-A for the foreign trust.

See instructions for information on penalties.

23  Enter the gross value of the portion of the foreign trust that you are treated as owning at the end of the tax year ... ▶ $  3,751,003.

## Part III | Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year (see instructions)

24  Cash amounts or FMV of property received, directly or indirectly, during the current tax year, from the foreign trust (exclude loans included on line 25).

| (a) Date of distribution | (b) Description of property received | (c) FMV of property received (determined on date of distribution) | (d) Description of property transferred, if any | (e) FMV of property transferred | (f) Excess of column (c) over column (e) |
|---|---|---|---|---|---|
| 06/30/2017 | CASH | 73,378. | CASH | 73,378. | 0. |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Totals** ...................................................................................................................... ▶ $

25  During the current tax year, did you (or a person related to you) receive a loan from a related foreign trust (including an extension of credit upon the purchase of property from the trust)? ................................................ [ ] Yes  [X] No

If "Yes," complete columns (a) through (g) below for each such loan.

Note: You are considered to have received a loan if you (or a U.S. person related to you) were permitted the uncompensated use of trust property (as described in section 643(i)). See instructions for additional information, including how to complete columns (a) through (g) for such transactions.

| (a) FMV of loan proceeds | (b) Date of original loan transaction | (c) Maximum term of repayment of obligation | (d) Interest rate of obligation | (e) Is the obligation a "qualified obligation?" | | (f) FMV of qualified obligation | (g) Amount treated as distribution from the trust (subtract column (f) from column (a)) |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**Total** ............................................................................................................... ▶ $

26  With respect to each obligation you reported as a "qualified obligation" on line 25: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transaction, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? [ ] Yes  [ ] No

Note: You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. Generally, if you refuse to extend the period of limitations with respect to an obligation that you reported as a "qualified obligation" on line 25, then such obligation is not a qualified obligation and you cannot check "Yes" in column (e) of line 25.

27  Total distributions received during the current tax year. Add line 24, column (f), and line 25, column (g) ......... ▶  $

28  Did the trust, at any time during the tax year, hold an outstanding obligation of yours (or a person related to you) that you reported as a "qualified obligation" in the current tax year? ...................................................... [ ] Yes  [X] No

If "Yes," complete columns (a) through (e) below for each obligation.

| (a) Date of original loan transaction | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the loan still meet the criteria of a qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

712304 11-09-17                                                                                          Form 3520 (2017)

07570108  758433  78705.0         2017.05010 UELAND, PHILIP              78705_02

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND ▮9050 Page 5

| Part III | Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year (continued) |

**29** Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a
distribution? .......... ☒ Yes ☐ No ☐ N/A
   If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution.
   If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an
   amount greater than zero on line 37.

**30** Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to
   a distribution? .......... ☐ Yes ☒ No ☐ N/A
   If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions).
   Also complete Schedule C if you enter an amount greater than zero on line 37 or line 41a.
   If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount
   greater than zero on line 37.

### Schedule A - Default Calculation of Trust Distributions (see instructions)

**31** Enter amount from line 27 ..........
**32** Number of years the trust has been a foreign trust (see instructions) ▶
**33** Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years
   the trust has been a foreign trust, if fewer than 3) ..........
**34** Multiply line 33 by 1.25 ..........
**35** Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than
   3) and enter the result ..........
**36** Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 ..........
**37** Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III ..........
**38** Applicable number of years of trust. Divide line 32 by 2 and enter the result here ..... ▶

### Schedule B - Actual Calculation of Trust Distributions (see instructions)

**39** Enter amount from line 27 ..........
**40 a** Amount treated as ordinary income in the current tax year ..........
   **b** Qualified dividends .......... ▶
**41 a** Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III ..........
   **b** Amount of line 41a that is tax exempt .......... ▶
**42 a** Amount treated as net short-term capital gain in the current tax year ..........
   **b** Amount treated as net long-term capital gain in the current tax year ..........
   **c** 28% rate gain .......... ▶
   **d** Unrecaptured section 1250 gain .......... ▶
**43** Amount treated as distribution from trust corpus ..........
**44** Enter any other distributed amount received from the foreign trust not included on lines 40a, 41a, 42a, 42b, and 43
   (attach explanation) ..........
**45** Amount of foreign trust's aggregate undistributed net income ..........
**46** Amount of foreign trust's weighted undistributed net income ..........
**47** Applicable number of years of trust. Divide line 46 by line 45 and enter the result here ▶

### Schedule C - Calculation of Interest Charge (see instructions)

**48** Enter accumulation distribution from line 37 or 41a, as applicable ..........
**49** Enter tax on total accumulation distribution from line 28 of Form 4970 (attach Form 4970 - see instructions) ..........
**50** Enter applicable number of years of foreign trust from line 38 or 47, as applicable
   (round to nearest half-year) .......... ▶
**51** Combined interest rate imposed on the total accumulation distribution (see instructions) ..........
**52** Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 ..........
**53** Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your
   income tax return ..........

Form 3520 (2017)

713305 11-09-17

Form 3520 (2017) PHILIP C. & NICOLE S. UELAND ▮▮▮▮▮ 9050 Page 6

**Part IV** U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons
(see instructions)

54 During the current tax year, did you receive more than $100,000 that you treated as gifts or bequests from a
nonresident alien or a foreign estate? See instructions for special rules regarding related donors .......................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more
space is needed, attach a statement.

| (a)<br>Date of gift<br>or bequest | (b)<br>Description of property received | (c)<br>FMV of property received |
|---|---|---|
| | | |
| | | |
| | | |

Total .......................................................................................................... ▶ $

55 During the current tax year, did you receive more than $15,797 that you treated as gifts from a foreign corporation
or a foreign partnership? See instructions regarding related donors .......................................... ☐ Yes ☐ No

If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach a statement.

| (a)<br>Date of gift | (b)<br>Name of foreign donor | (c)<br>Address of foreign donor | (d)<br>Identification number,<br>if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

| (e)<br>Check the box that applies to the foreign donor | | (f)<br>Description of property received | (g)<br>FMV of property received |
|---|---|---|---|
| Corporation | Partnership | | |
| | | | |
| | | | |
| | | | |

56 Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and
55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions .......................................... ☐ Yes ☐ No

**Sign Here**
Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature ▶               Title ▶               Date ▶

| **Paid Preparer Use Only** | Print/Type preparer's name<br>KAREN E WILSON | Preparer's signature<br>KAREN E WILSON | Date<br>01/08/19 | Check ☐ if<br>self-employed | PTIN<br>P00449883 |
|---|---|---|---|---|---|
| | Firm's name ▶ MOWAT MACKIE & ANDERSON LLP | | | Firm's EIN ▶ | 94-6357165 |
| | Firm's address ▶ 1999 HARRISON STREET, SUITE 1500<br>OAKLAND CA 94612-3577 | | | Phone no. | 510-893-1120 |

Form 3520 (2017)

713308 11-09-17

Form 3520-A (2016)                                                                                        Page 3

## 2016 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | |
|---|---|
| **1a** Name of foreign trust <br> UELAND SUPERANNUATION FUND | **b(1)** Employer identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) <br> LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) |

| **d** City or town <br> CHATSWOOD | **e** State or province <br> NSW | **f** ZIP or foreign postal code <br> 2067 | **g** Country <br> AUSTRALIA |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  ☐ Yes  ☒ No
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of trustee <br> UELAND PTY LIMITED | **b** Identification number (if any) |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) <br> LEVEL ONE 54 NERIDAH STREET | |

| **d** City or town <br> CHATSWOOD | **e** State or province <br> NSW | **f** ZIP or postal code <br> 2067 | **g** Country <br> AUSTRALIA |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates ▶ 2016

| **6a** Name of U.S. owner <br> PHILIP UELAND | **b** Identification number <br> -9050 |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) <br> 8A NORTH PARADE | |

| **d** City or town <br> HUNTERS HILL | **e** State or province <br> NSW | **f** ZIP or postal code <br> 2110 | **g** Country <br> AUSTRALIA |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax returns ▶ AUSTIN, TX

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person. SEE STATEMENT 6

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner .................. $ 1,827,436.

## 2016 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

Report each item on the proper form or schedule of your tax return.

| | | |
|---|---|---:|
| **Income** | **1a** Taxable interest | 5,883. |
| | **b** Tax-exempt interest ▶ | |
| | **2a** Total ordinary dividends | |
| | **b** Qualified dividends ▶ | |
| | **3** Gross rents and royalties | |
| | **4** Income from partnerships and fiduciaries | |
| | **5** Capital gains (losses) | -9,003. |
| | **6** Ordinary gains (losses) | |
| | **7** Other income (attach statement) SEE STATEMENT 4 | 58,422. |
| **Expenses** | **8** Interest expense | |
| | **9a** Foreign taxes (attach statement) SEE STATEMENT 5 | 1,579. |
| | **b** State and local taxes | |
| | **10** Amortization and depreciation (depletion) | |
| | **11** Trustee and advisor fees | 2,621. |
| | **12** Charitable contributions | |
| | **13** Other expenses (attach statement) | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Trustee Signature ▶                Title ▶                Date ▶

613543 11-03-16                                                              Form 3520-A (2016)

10

APPENDIX A-25

PHILIP C. & NICOLE S. UELAND                                          9050

---

FORM 3520-A P3        STATEMENT OF FOREIGN TRUST INCOME        STATEMENT    4
                            OTHER INCOME

PHILIP UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| EMPLOYER CONTRIBUTIONS | 9,896. |
| PERPETUAL ORDINARY INCOME (PFIC) | 21,329. |
| CHARTER HALL LONG WALE REIT (PFIC) | 27,197. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 7 | 58,422. |

---

FORM 3520-A P3        STATEMENT OF FOREIGN TRUST INCOME        STATEMENT    5
                            FOREIGN TAXES

PHILIP UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| AUSTRALIA TAXES PAID | 1,579. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 9A | 1,579. |

PHILIP C. & NICOLE S. UELAND 9050

---

| FORM 3520-A, P3 | FACTS AND LAW | STATEMENT | 6 |

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

14

STATEMENT(S) 6
78705_02

APPENDIX A-27

Form 3520-A (2016)                                                                                          Page 3

## 2016 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | |
|---|---|
| **1a** Name of foreign trust<br>UELAND SUPERANNUATION FUND | **b(1)** Employer Identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? ☐ Yes ☒ No
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of trustee<br>UELAND PTY LIMITED | **b** Identification number (if any) |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
LEVEL ONE 54 NERIDAH STREET

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates ▶ 2016

| **6a** Name of U.S. owner<br>NICOLE S. UELAND | **b** Identification number<br>████-4211 |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
8A NORTH PARADE

| **d** City or town<br>HUNTERS HILL | **e** State or province<br>NSW | **f** ZIP or postal code<br>2110 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax returns ▶ AUSTIN, TX

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.   SEE STATEMENT 7

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner ............................. $ 1,923,567.

## 2016 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

Report each item on the proper form or schedule of your tax return.

| | | |
|---|---|---:|
| Income | **1a** Taxable interest | 5,952. |
| | **b** Tax-exempt interest ▶ | |
| | **2a** Total ordinary dividends | |
| | **b** Qualified dividends ▶ | |
| | **3** Gross rents and royalties | |
| | **4** Income from partnerships and fiduciaries | |
| | **5** Capital gains (losses) | -9,109. |
| | **6** Ordinary gains (losses) | |
| | **7** Other income (attach statement)   SEE STATEMENT 8 | 49,096. |
| Expenses | **8** Interest expense | |
| | **9a** Foreign taxes (attach statement)   SEE STATEMENT 9 | 10,045. |
| | **b** State and local taxes | |
| | **10** Amortization and depreciation (depletion) | |
| | **11** Trustee and advisor fees | 2,652. |
| | **12** Charitable contributions | |
| | **13** Other expenses (attach statement) | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

613543 11-03-16                                                                              Form 3520-A (2016)

APPENDIX A-28

PHILIP C. & NICOLE S. UELAND  9050

| FORM 3520-A, P3 | FACTS AND LAW | STATEMENT 7 |
| --- | --- | --- |

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

PHILIP C. & NICOLE S. UELAND                        █████ 9050

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME<br>OTHER INCOME | STATEMENT | 8 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| PERPETUAL ORDINARY INCOME (PFIC)<br>CHARTER HALL LONG WALE REIT (PFIC) | 21,580.<br>27,516. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 7 | 49,096. |

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME<br>FOREIGN TAXES | STATEMENT | 9 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
|---|---|
| AUSTRALIA TAXES PAID | 10,045. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 9A | 10,045. |

APPENDIX A-30

Form 3520-A (2015)                                                                                        Page 4

## 2016 Foreign Grantor Trust Beneficiary Statement

**Important:** Trustee must prepare a separate statement for each U.S. beneficiary that received a distribution from the trust during the tax year and include a copy of each statement with Form 3520-A. Trustee is also required to send to each such beneficiary a copy of the beneficiary's statement. Each U.S. beneficiary must attach a copy of its statement to its Form 3520.

| 1a Name of foreign trust | b(1) Employer Identification number |
|---|---|
| UELAND SUPERANNUATION FUND | |

| c Number, street, and room or suite no. (if a P.O. box, see instructions) | b(2) Reference ID number (see instructions) |
|---|---|
| LEVEL ONE 54 NERIDAH STREET | |

| d City or town | e State or province | f ZIP or foreign postal code | g Country |
|---|---|---|---|
| CHATSWOOD | NSW | 2067 | AUSTRALIA |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? .............................................................................................................. ☐ Yes ☒ No

If "Yes," complete lines 3a through 3g.

If "No," do you agree that either the IRS or the U.S. beneficiary can inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish that the trust should be treated for U.S. tax purposes as owned by another person? ..................................................... ☒ Yes ☐ No

| 3a Name of U.S. agent | b Identification number |
|---|---|
| | |

| c Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
|---|---|---|---|

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| | | | |

| 4a Name of trustee | b Identification number (if any) |
|---|---|
| UELAND PTY LIMITED | |

| c Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
|---|---|---|---|
| LEVEL ONE 54 NERIDAH STREET | | | |

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| CHATSWOOD | NS | 2067 | AUSTRALIA |

**5** The first and last day of the tax year of the foreign trust to which Form 3520-A applies ▶ 07/01/16    06/30/17

| 6a Name of U.S. beneficiary | b Identification number |
|---|---|
| PHILIP UELAND | ████-9050 |

| c Number, street, and room or suite no. (if a P.O. box, see instructions) | | | |
|---|---|---|---|
| 8A NORTH PARADE | | | |

| d City or town | e State or province | f ZIP or postal code | g Country |
|---|---|---|---|
| HUNTERS HILL | NSW | 2110 | AUSTRALIA |

**7** Description of trust property (including cash) that was either (1) distributed, or treated as distributed, directly or indirectly to the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person during the tax year or (2) used by the U.S. person who is a beneficiary of the trust or a U.S. person related to that U.S. person without compensating the trust for the FMV of the use of the property within a reasonable period of time. (See the instructions for Part III of Form 3520 for U.S. tax treatment of these amounts.)

| (a) Description of property | (b) FMV |
|---|---|
| CASH | 73,378. |
| | |
| | |

**8** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by another person.   SEE STATEMENT 10

**9** Owner of the foreign trust is (check one):
☒ Individual          ☐ Partnership          ☐ Corporation

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

Form 3520-A (2016)

813544 11-03-16

APPENDIX A-31

PHILIP C. & NICOLE S. UELAND

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

| FORM 3520-A, P4 | FACTS AND LAW | STATEMENT 10 |
|---|---|---|

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.



Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577

9314 8699 0430 0054 5759 16
RETURN RECEIPT (ELECTRONIC)

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

Total Postage: $3.99



APPENDIX A-34





Welcome to the Correspondence Imaging System. If you are utilizing assistive technologies, click the following link to skip repetitive navigation links at the top of each page. Skip Navigation

 **Correspondence Imaging System** 

❓ Help
❌ Logoff

## Case Notes

**Case Assigned To: 0433911071**
**Case ID: CISY6FD6P6**

### Case Notes

Return to Case

| Note Description | Employee | Date |
|---|---|---|
| Case closed no action | 0433911071 | 2019/11/16 |
| CLOSED TO LINKED CASE | 0433911071 | 2019/11/16 |
| Case Assigned From: 0436000005 To: 0433911071 | SYSTEM | 2019/11/04 |
| Transcript TRNS223 case received. TIN:   9050V MFT: 68 TXPD: 201712 CCSN: BMF2019080013629 | SYSTEM | 2019/03/04 |
| Case Assigned | SYSTEM | 2019/03/04 |

-1:vp2smembpservd1 / 15- BFS- 01  1 06 30 2021 10 41 22 0748

**06/30/2021**

APPENDIX A-37
6/30/2021

**IRS** Department of the Treasury
Internal Revenue Service

OGDEN   UT   84201-0034

OMB Clearance No.:   1545-0159

In reply refer to:   0425807462
Dec. 24, 2018   LTR 3653C     0 R
▓▓▓▓▓9050V 201712 68
                              00023323
                         BODC: SB

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND   CA   94612

018992

          Taxpayer identification number:   ▓▓▓▓9050V
                            Tax period:   Dec. 31, 2017
                                  Form:   3520
                                         60383-328-00328-8

Dear Taxpayer:

Thank you for filing your foreign trust return.

You must complete lines 15 through 18, and include any relevant copies
of trust documents, if applicable, because you answered "No" to line 3
or did not complete lines 3a through 3g, of Form 3520, Annual Return
To Report Transactions With Foreign Trusts and Receipt of Certain
Foreign Gifts. Complete these lines on Form 3520 and send it and any
attachments to us with a copy of this letter.

You must complete line 23 because you checked the box on the top of
page 1 of Form 3520, Annual Return To Report Transactions With Foreign
Trusts and Receipt of Certain Foreign Gifts, indicating that you're a
U.S. owner of all or any portion of a foreign trust at some time
during the tax year. Complete line 23 on Form 3520 and send it to us
with a copy of this letter.

Note: If you check the "Yes" box on line 22, then you must attach a
copy of the Foreign Grantor Trust Owner Statement, page 3 of Form
3520-A, Annual Information Return of Foreign Trust With a U.S. Owner
(Under section 6048(b)) to your return. However, if you check the "No"
box on line 22, then you must complete and attach a substitute Form
3520-A to your return.

You must complete lines 31 through 38 of Schedule A because you
answered "No" to line 29 or 30 of Form 3520, Annual Return To Report
Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts.
Also, if you entered an amount greater than zero on line 37 of
Schedule A, you must also complete lines 48 through 53 of Schedule C
using Form 4970, Tax on Accumulation Distribution of Trusts, as a
worksheet. Complete these lines on Form 3520, attach a completed Form
4970, and send both forms to us with a copy of this letter.

Please provide the information requested within 30 days from the
date of this letter. Mail it to the address at the top of this letter.
If you don't respond, we will continue to process your return and
consider you in non-compliance with Internal Revenue Code Section

**APPENDIX B**

```
                                              0425807462
                         Dec. 24, 2018  LTR 3653C   0 R
                         █████   9050V 201712 68
                                              00023324
```

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND  CA  94612


6048.

We will apply penalties in one or more of the following amounts (as
applicable) for incomplete, inaccurate, and/or late filed Forms 3520
and 3520-A:
- The greater of $10,000 or 35% of the gross value of any
  property transferred to a foreign trust for failure to report
  the creation of or transfer to a foreign trust (Part I of Form
  3520);
- The greater of $10,000 or 35% of the gross value of the
  distributions received from a foreign trust for failure to
  report the receipt of the distribution (Part III of Form
  3520); and/or
- The greater of $10,000 or 5% of the gross value of the portion
  of the foreign trust's assets treated as owned by you if you
  fail to file Form 3520 (Part II of Form 3520). You may be
  subject to an additional separate penalty of the greater of
  $10,000 or 5% if the trust (1) fails to file Form 3520-A, (2)
  does not furnish all the required information, or (3) includes
  incorrect information and you fail to file a correct and
  accurate substitute Form 3520-A.

We can impose additional penalties if the non-compliance (i.e., the
incomplete, inaccurate, and/or late forms) continues for more than 90
days after we've sent you notice of failure to comply with the
required reporting. Refer to the respective forms' instructions for
more information about penalties.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
1-800-TAX-FORM (1-800-829-3676).

If you have any questions, you can call 1-800-829-0115.

If you prefer, you can write to the address at the top of this letter.

We apologize for any inconvenience and thank you for your cooperation.

APPENDIX B

0425807462

Dec. 24, 2018  LTR 3653C   0 R
9050V 201712 68

00023325

PHILIP C & NICOLE S EULAND UELAND
% MM&A
1999 HARRISON ST APT 1500
OAKLAND   CA   94612



01£992

Sincerely yours,

Karen E. Peat

Karen Peat
Department Manager, ICO/ERS/Rejects

Enclosures:
Copy of this letter
Envelope

Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577



**9314 8699 0430 0054 5759 16**

RETURN RECEIPT (ELECTRONIC)

Total Postage: $5.95

Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

Reference Number: Form 3520 Ueland (JSL)

APPENDIX C

# Transaction Details

Recipient:
Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0034

Sender:
Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577

Transaction created by:   walzpro@mowat.com
User ID:                           17252
Firm Mailing Book ID:    None
Batch ID:

Date Created:                              01/08/2019 9:09 AM
USPS Article Number:                   9314869904300054575916
Return Receipt Article Number:     Not Applicable

Service Options:          Return Receipt - Electronic
Mail Service:               Certified
Reference #:                Form 3520 Ueland (JSL)
Postage:                     $1.00
Certified Mail Fees:      $4.95
Status:                       Delivered

---

# Transaction History

| Event Description | Event Date | Details |
|---|---|---|
| USPS® Certified Mail | 01-08-2019 01:12 PM | [USPS] - PRESHIPMENT INFO SENT  USPS AWAITS ITEM at TEMECULA,CA |
| USPS® Certified Mail | 01-08-2019 11:03 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at OAKLAND,CA |
| USPS® Certified Mail | 01-10-2019 01:17 PM | [USPS] - PROCESSED THROUGH USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-10-2019 10:59 PM | [USPS] - DEPART USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-11-2019 02:14 AM | [USPS] - PROCESSED THROUGH USPS FACILITY at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-11-2019 02:15 AM | [USPS] - ARRIVAL AT UNIT at SALT LAKE CITY,UT |
| USPS® Certified Mail | 01-13-2019 11:11 PM | [USPS] - CERTIFIED MAIL DELIVERED FRONT DESKRECEPTIONMAIL ROOM at OGDEN,UT |

APPENDIX C



Department of the Treasury
Internal Revenue Service
Ogden, UT 84201-0025

**IRS**

| Notice | CP49 |
|---|---|
| Tax Year | 2019 |
| Notice date | November 2, 2020 |
| Social Security number | XXX-XX-9050 |
| To contact us | 800-829-8374 |
| Your Caller ID | 382254 |
| Page 1 of 1 | 89H |

476245.968650.231326.931 1 SP 0.560 636



PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE WA 98101

476245

We applied $95,850.10 of your 2019 overpayment to an unpaid balance

# Refund due: $0.00

We applied your 2019 Forms 1040 overpayment to an amount owed for 2017.

As a result, your refund has been reduced to $0.00.

## Summary

| | |
|---|---|
| Overpayment for 2019 | -$352,336.19 |
| Amount applied to civil penalty owed for December 31, 2017 | 95,850.10 |
| **Refund due** | **$0.00** |

## What you need to do

You don't need to do anything.

## Additional information

- Visit www.irs.gov/cp49
- For tax forms, instructions, and publications, visit www.irs.gov/forms-pubs or call 800-TAX-FORM (800-829-3676).
- You can contact us by mail at the address at the top of this notice. Be sure to include your Social Security number, the tax year, and the form number you are writing about.
- Keep this notice for your records.

If you need assistance, please don't hesitate to contact us.

<span style="color:red">APPENDIX D</span>

**INTERNAL REVENUE SERVICE**

 **IRS**

## FAX TRANSMISSION
## Cover Sheet

Date: December 09, 2020

## To: Mr Serres

Address/Organization: _____

Fax Number: (206) 447-1581 _____ Office Number: _____

## From: Loven Carla U

Address/Organization: _____

Fax Number: _____ Office Number: _____

Number of pages: 3 *Including cover page*

Subject:

This communication is intended for the sole use of the individual to whom it is addressed and may contain confidential information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited by the provisions of the Internal Revenue code. If you have received this communication in error, please contact the sender immediately by telephone. Thank you.

APPENDIX E



Department of the Treasury
Internal Revenue Service

IRS

| Notice | CP15 |
|---|---|
| Tax Year | |
| Notice date | March 11, 2019 |
| Social Security number | |
| To contact us | |
| Page 1 of 2 | |



## Notice of Penalty Charge

You have been charged a penalty under Section 6702(a) of the Internal Revenue Code for Civil Penalty for Frivolous Tax Returns.

## TAX STATEMENT

| Prior Balance | |
|---|---|
| Penalty Assessment | |
| Interest | |
| Bad Check Penalty | |
| **Balance Due** | |

APPENDIX E

| Notice | CP15 |
|---|---|
| Tax Year | |
| Notice date | March 11, 2019 |
| Social Security number | |
| Page 2 of 2 | |

We charged you a penalty under IRC section 6702(a) for filing a frivolous tax return. The penalty applies when a person files what purports to be a return but—

A.

    1. fails to include information on which the substantial correctness of the self-assessment may be judged or

    2. includes information that on its face indicates that the self-assessment is substantially incorrect and

B.

    1. the penalty applies when the underlying conduct in relation to filing such return is based on a position that the Internal Revenue Service has identified as frivolous (see Notice 2007-30) or

    2. the underlying conduct reflects a desire to delay or impede the administration of Federal tax laws.

The penalty is $5,000 for each person who files a frivolous tax return.

If you wish to contest the assertion of this penalty, you must fully pay the entire penalty and file a claim for refund with the IRS within three years from the time a return associated with the penalty was filed or two years from the date the penalty was paid, whichever period expires later.

If your refund claim is pending for six months or more and the IRS has not issued a notice of claim disallowance with regard to the claim, you may file suit in the United States District Court or United States Court of Federal Claims to contest the assertion of the penalty at any time. Once the IRS issues a notice of claim disallowance, however, you must file suit in the United States District Court or The United States Court of Federal Claims within two years of the date the IRS mails a notice of disallowance to you denying the refund claim.

For tax forms, instructions and information visit www.irs.gov. Access to this site will not provide you with any taxpayer account information.

APPENDIX E

 **Internal Revenue Service**
United States Department of the Treasury
PHILADELPHIA, PA 19255-1498



015972.143605.38633.7795 1 8P 0.560 532

PHILIP C UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE, WA 98101

015972

Tracking ID: 100957578208
Date of Issue: 07-26-2021

Tax Period: December, 2017

### Information about the Request We Received

We've enclosed the transcript that you requested on July 26, 2021, for the tax period listed above.

To protect personally identifiable information for both Individuals and Businesses, transcripts only display partial personal information. For example, only the last four digits of the taxpayer's Social Security Number and last four digits of the business' Employer Identification Number are displayed. Full financial and tax information is displayed, such as wages, assets, and income.

An account transcript shows a summary of the tax return and subsequent actions taken. These actions could include filing an amended return and payments made.

If you have any questions, Individuals can call 800-829-1040 and Businesses can call 800-829-4933.

APPENDIX F



# Internal Revenue Service
### United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 07-26-2021
Response Date: 07-26-2021
Tracking Number: 100957578208

Account Transcript

FORM NUMBER: CIVIL PENALTY          TAX PERIOD: Dec. 31, 2017

TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-9050

PHIL C UELA
C/O BB

015972

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:          0.00
ACCRUED INTEREST:         0.00          AS OF: Mar. 29, 2021

ACCOUNT BALANCE
   PLUS ACCRUALS
   (this is not a
   payoff amount):      0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 240 | Miscellaneous penalty 98254-644-52024-0 | 20203605 | 09-21-2020 | $95,850.10 |
| 290 | Additional tax assessed 98254-644-52024-0 | 20203605 | 09-21-2020 | $0.00 |
| 971 | Notice issued | | 09-21-2020 | $0.00 |
| 706 | Credit transferred in from 1040 201912 | | 09-21-2020 | -$95,850.10 |
| 960 | Appointed representative | | 02-23-2021 | $0.00 |
| 961 | Removed appointed representative | | 03-08-2021 | $0.00 |

This Product Contains Sensitive Taxpayer Data

<span style="color:red">APPENDIX F</span>



TEL: (925) 202-2922
FAX: (925) 906-9927

August 19, 2021

*VIA FACSIMILE*
877-891-6035

Internal Revenue Service
Central Processing Unit
Stop 93A
Post Office Box 621506
Atlanta, GA 30362

RE:    Freedom of Information Act Request
        Taxpayer / TIN:
                Philip Craig Ueland SSN: ███████9050
                Nicole Ueland SSN ███████4211
        Tax Forms:    3520
        Tax Periods:   2017

Dear Disclosure Manager:

This request for information is submitted under the Freedom of Information Act, 5 U.S.C. § 552, and the regulations thereunder (FOIA) on behalf of the above-identified taxpayers. I represent the above-identified taxpayer(s). My Form 2848, Power of Attorney, is attached.

The taxpayer(s) request a copy of –

- All notices relating to the civil penalty assessed for the 2017 tax year, including a notice issued on or about September 21, 2020 (the account transcript for the civil penalty is attached for your reference);

- Any documents filed and/or provided by the Taxpayers which form the basis of the civil penalty, including envelopes if such document was submitted via mail; and

- Administrative file pertaining to the assessment of a civil penalty, including but not limited to any analysis and/or determination as to the penalty, worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or

Internal Revenue Service
Central Processing Unit
August 19, 2021
Page 2

accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, Case Activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty(ies).

The Internal Revenue Service is authorized to charge us for searching for the records, for reviewing the records and making any necessary deletions there from, and for making the requested copies, up to a maximum of $250 without further authorization. If the total charges are estimated to exceed this amount, please provide us with an estimate of the charges and seek further authorization from us.

As proof of my identity, and to establish my right to disclosure of the requested records, I am attaching a copy of my driver's license. The appended declaration of representative includes an attestation regarding my requester status, which is "other requester."

Please address the requested records to me at my address noted on Form 2848. If you have any questions concerning this request or require further identifying information, please contact me by telephone at the number set forth above.

Please respond within 20 working days, as provided by FOIA, 5 U.S.C. § 552(a)(6)(A)(i). Thank you for your consideration of this matter.

REPRESENTATIVE'S DECLARATION

I, Jenny Lin, as a power of attorney representative, prepared and submitted this letter and accompanying documents. I declare and affirm under penalty of perjury that the statements made herein (including accompanying documents) are true and correct to the best of my knowledge, information and belief. For purposes of this FOIA request, I declare that my status as a requester is that of "other requester" in that I represent the above-named taxpayer.

Sincerely,

Jenny Lin

Encl.   Form 2848
        Copy of Representative's Driver's License
        Civil Penalty Account Transcript for TY 2017

Form **2848**
(Rev. February 2020)
Department of the Treasury
Internal Revenue Service

**Power of Attorney
and Declaration of Representative**

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

**For IRS Use Only**

Received by:

Name _____

Telephone _____

Function _____

Date ___/___/___

**Part I** **Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1** Taxpayer information. Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Craig Ueland | -9050 |
| 8A North Parade | Daytime telephone number · Plan number (if applicable) |
| Hunters Hill, NSW 2110, Australia | +1-206-604-2092 |

*pw* (handwritten)
*Philip* (handwritten)

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2** **Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Jenny C. Lin c/o Lin Tax Law | CAF No. 0100-21585R |
| 1655 N. Main Street, Suite 350 | PTIN _____ |
| Walnut Creek, CA 94596 | Telephone No. 925-202-2922 |
| | Fax No. 925-906-9927 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No. _____ |
| | PTIN _____ |
| | Telephone No. _____ |
| | Fax No. _____ |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3** **Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| civil penalties | n/a | 2017, inclusive |
| | | |
| | | |

**4** **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . ▶ ☐

**5a** **Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties; ☐ Substitute or add representative(s); ☐ Sign a return; _____
_____
_____

☐ Other acts authorized: _____
_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.   Cat. No. 11980J   Form **2848** (Rev. 2-2020)

**Appendix G**

Form 2848 (Rev. 2-2020)                                                                                                          Page **2**

b **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): _____

see attached appendix

6 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7 **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| _(signature)_ | 12/21/20 | |
| Signature | Date | Title (if applicable) |

PHILIP
**Craig Ueland**

| | |
|---|---|
| Print name | Print name of taxpayer from line 1 if other than individual |

### Part II  Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;
• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

d Officer—a bona fide officer of the taxpayer organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

h Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). **See Special Rules and Requirements for Unenrolled Return Preparers** *in the instructions for additional information.*

k Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

r Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | CA | 211997 | _(signature)_ | 12/22/2020 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 2-2020)

Appendix G

## APPENDIX A

Excluded are powers to: Accept any service of process or notices even if requested and received, extend any statute of limitations, sign offers in compromise, make admissions against interest, or provide any address, including any last known addresses of taxpayers or any notice as defined under 26 U.S.C. §7609.

This authorization, disclosure and representation also covers the representation in the investigation, audit, ascertainment, calculation of any assessment, the assessment as well as collection of the taxes for the tax year(s) or periods(s) listed on the Form 2848.

Compliance with Circular Section 230 is subject to the Canons of Ethics of the California State Bar and the related interpretative administrative and Court law decisions.

This authorization and representation also authorizes the representative to pursue any rights and remedies under the Administrative Procedure Act, Internal Revenue Code, the Freedom of Information Act, and all supporting regulations and decisional authority. This includes the disclosure of any documents or information. This statement fulfills all the written requirements of 26 U.S.C. §6103(a) and (c) and the underlying §6103(c) regulations. All other applicable statutory or regulation requirements concerning privacy are expressly waived by the taxpayer(s).

Initialed by:   PHILIP ⨉ (Craig Ueland)        12/21/20
                                                  Date

                ℓ (Jenny C. Lin)               12/22/2020
                                                  Date

| Form **2848** (Rev. February 2020) Department of the Treasury Internal Revenue Service | **Power of Attorney and Declaration of Representative** ▶ Go to *www.irs.gov/Form2848* for instructions and the latest information. | OMB No. 1545-0150 |
|---|---|---|

<table>
<tr><td colspan="2"></td><td>**For IRS Use Only**<br>Received by:<br>Name _____<br>Telephone _____<br>Function _____<br>Date ___ / ___ / ___</td></tr>
</table>

**Part I   Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1   Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| **Nicole Ueland**<br>**8A North Parade**<br>**Hunters Hill, NSW 2110, Australia** | ·421·<br>Daytime telephone number  (206) 747-0573   Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| **Jenny C. Lin c/o Lin Tax Law**<br>**1655 N. Main Street, Suite 350**<br>**Walnut Creek, CA 94598** | CAF No.   0100-21585R<br>PTIN<br>Telephone No.   925-202-2922<br>Fax No.   925-906-9927 |
| Check if to be sent copies of notices and communications ☑ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No.<br>PTIN<br>Telephone No.<br>Fax No. |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No.<br>PTIN<br>Telephone No.<br>Fax No. |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | |
|---|---|
| | CAF No.<br>PTIN<br>Telephone No.<br>Fax No. |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3   Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| **civil penalties** | **n/a** | **2017, inclusive** |
| | | |
| | | |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See *Line 4. Specific Use Not Recorded on CAF* in the instructions . . . . . . . . . . . . . . . . . ▶ ☐

**5a   Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return; _____
_____
_____

☐ Other acts authorized: _____
_____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.     Cat. No. 11980J     Form **2848** (Rev. 2-2020)

**Appendix G**

Form 2848 (Rev. 2-2020)                                                                 Page **2**

**b** **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b): ..............................

see attached appendix ..............................................................................................................

**6** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative (or designated individual, if applicable), executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| *Nicole S Ueland* (signature) | *12-21-20* | |
|---|---|---|
| Signature | Date | Title (if applicable) |

Nicole Ueland

| Print name | Print name of taxpayer from line 1 if other than individual |
|---|---|

| **Part II** | **Declaration of Representative** |

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended. governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

**a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

**b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

**c** Enrolled Agent—enrolled as an agent by the IRS per the requirements of Circular 230.

**d** Officer—a bona fide officer of the taxpayer organization.

**e** Full-Time Employee—a full-time employee of the taxpayer.

**f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

**g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the IRS is limited by section 10.3(d) of Circular 230).

**h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). **See Special Rules and Requirements for Unenrolled Return Preparers** *in the instructions for additional information.*

**k** Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

**r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

Note: For designations d–f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r). | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | CA | 211997 | *(signature)* | 12/22/2020 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Form **2848** (Rev. 2-2020)

Appendix G

## APPENDIX A

Excluded are powers to: Accept any service of process or notices even if requested and received, extend any statute of limitations, sign offers in compromise, make admissions against interest, or provide any address, including any last known addresses of taxpayers or any notice as defined under 26 U.S.C. §7609.

This authorization, disclosure and representation also covers the representation in the investigation, audit, ascertainment, calculation of any assessment, the assessment as well as collection of the taxes for the tax year(s) or periods(s) listed on the Form 2848.

Compliance with Circular Section 230 is subject to the Canons of Ethics of the California State Bar and the related interpretative administrative and Court law decisions.

This authorization and representation also authorizes the representative to pursue any rights and remedies under the Administrative Procedure Act, Internal Revenue Code, the Freedom of Information Act, and all supporting regulations and decisional authority. This includes the disclosure of any documents or information. This statement fulfills all the written requirements of 26 U.S.C. §6103(a) and (c) and the underlying §6103(c) regulations. All other applicable statutory or regulation requirements concerning privacy are expressly waived by the taxpayer(s).

Initialed by: _____ (Nicole Ueland)          12 - 21 - 20
                                            Date

          _____ (Jenny C. Lin)              12/22/2020
                                            Date



 **Internal Revenue Service**
United States Department of the Treasury
PHILADELPHIA, PA 19255-1498

015972.143605.38633.7795 1 8P 0.560 532

PHILIP C UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE, WA 98101



015972

Tracking ID: 100957578208
Date of Issue: 07-26-2021

Tax Period: December, 2017

### Information about the Request We Received

We've enclosed the transcript that you requested on July 26, 2021, for the tax period listed above.

To protect personally identifiable information for both Individuals and Businesses, transcripts only display partial personal information. For example, only the last four digits of the taxpayer's Social Security Number and last four digits of the business' Employer Identification Number are displayed. Full financial and tax information is displayed, such as wages, assets, and income.

An account transcript shows a summary of the tax return and subsequent actions taken. These actions could include filing an amended return and payments made.

If you have any questions, Individuals can call 800-829-1040 and Businesses can call 800-829-4933.

Appendix G

# Internal Revenue Service
## United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

Request Date: 07-26-2021
Response Date: 07-26-2021
Tracking Number: 100957578208

Account Transcript

FORM NUMBER: CIVIL PENALTY          TAX PERIOD: Dec. 31, 2017

TAXPAYER IDENTIFICATION NUMBER:          XXX-XX-9050

PHIL C UELA
C/O BB

015972

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE:          0.00
ACCRUED INTEREST:         0.00          AS OF: Mar. 29, 2021

ACCOUNT BALANCE
    PLUS ACCRUALS
    (this is not a
    payoff amount):      0.00

** INFORMATION FROM THE RETURN OR AS ADJUSTED **

TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|------|----------------------------|-------|------|--------|
| 240 | Miscellaneous penalty<br>98254-644-52024-0 | 20203605 | 09-21-2020 | $95,850.10 |
| 290 | Additional tax assessed<br>98254-644-52024-0 | 20203605 | 09-21-2020 | $0.00 |
| 971 | Notice issued | | 09-21-2020 | $0.00 |
| 706 | Credit transferred in from<br>1040 201912 | | 09-21-2020 | -$95,850.10 |
| 960 | Appointed representative | | 02-23-2021 | $0.00 |
| 961 | Removed appointed representative | | 03-08-2021 | $0.00 |

This Product Contains Sensitive Taxpayer Data

Appendix G

RECEIVED AUG 2 ⁻ 2021

 **Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

Jenny C. Lin
% Lin Tax Law
1655 N. Main Street, Suite 350
Walnut Creek,, CA  94596

Date:
August 24, 2021
Employee name:
Kathryn Hornberger
Employee ID number:
1000436774
Telephone number:
240-613-6665
Fax number:
855-203-7002
Case number
2021-22531
Re: Philip and Nicole Ueland

Dear Jenny C. Lin:

This is in response to your Freedom of Information Act (FOIA) request dated August 19, 2021,
received in our office on August 19, 2021.

You asked for copy of:

- A copy of the original filed 2017 Form 3520 and any subsequently filed Form 3520 in
  response to IRS notice:
- All IRS notices relating to 2017 Form 3520, including but not limited to a notice dated on
  or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to 2017 Form 3520
  and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers,
  notes, emails, documents, memoranda, computations and other materials prepared or
  accumulated relative to this penalty(ies) by IRS employees, including internal documents,
  memoranda of all interviews of persons regarding the individual income tax liabilities of
  the taxpayer, case activity record, written reports and recommendations concerning the
  assessment of penalties and any other information that is related to the penalty.

You submitted an identical request dated January 15, 2021. We responded to you on
July 9, 2021, case number 2021-06605. You should direct further inquiries concerning this
response to GLDS Support Services address above and please reference case 2021-06605.

Please include case number 2021-06605 on your follow-up correspondence regarding these
requested records.

If you would like to discuss our response, you have the right to contact the FOIA Public Liaison,
David Fish, at 202-317-8465.

The FOIA Public Liaison responds to FOIA requests for copies of documents maintained by the
IRS. There is no provision in the FOIA to resolve tax, collection, or processing issues. If you
need assistance with tax-related issues, you can call the IRS at 800-829-1040.

If you have questions, you can contact the person at the telephone number at the top of this letter.

Sincerely,

Jennifer Dotson
Disclosure Manager
Disclosure Office 02

APPENDIX H

**Jenny Lin**

| | |
|---|---|
| **From:** | Hornberger Kathryn A <Kathryn.Hornberger@irs.gov> |
| **Sent:** | Friday, October 08, 2021 7:08 AM |
| **To:** | Jenny Lin |
| **Subject:** | RE: Case No. 2021-22531 |

Hello,

I have been looking into this case and reviewed the letter and  documents provided to you previously. There are no records regarding the penalty because it was automatically assessed. Per the Letter 3652C, it appears that the Form 3520-A was not completed as per instructions, so the penalty was assessed. Please let me know if you have any additional questions.

### Kathy Hornberger
Disclosure Specialist
ID# 1000436774
DO 02, PGLD
Mail Stop C-2-235
5000 Ellin Road, Room C-2-272
Lanham, MD 20706
Desk: 240-613-6665
Fax: 855-203-7002
IRS employees:  Contact the Disclosure Help Desk from 11am to 5 pm EST at 866-591-0860 with disclosure questions

---

**From:** Jenny Lin <jlin@lintaxlaw.com>
**Sent:** Thursday, October 07, 2021 7:29 PM
**To:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Subject:** RE: Case No. 2021-22531

Dear Ms. Hornberger,

May I follow-up with you on the status of the request below?

Thank you.

Jenny

Jenny C. Lin, J.D., LLM



1655 N. Main Street, Suite 350
Walnut Creek, CA 94596
Tel: (925)202-2922
Fax: (925)906-9927
Email: jlin@lintaxlaw.com

1

<span style="color:red">APPENDIX I</span>



*Please contact my assistant, Tenaaz Mubaraki, at* tmubaraki@lintaxlaw.com *if this relates to scheduling a call or meeting. Thank you.*

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

---

**From:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Sent:** Thursday, September 09, 2021 6:45 AM
**To:** Jenny Lin <jlin@lintaxlaw.com>
**Subject:** RE: Case No. 2021-22531

Good morning,

I am looking at your request again. I will be in touch.

**Kathy Hornberger**
Disclosure Specialist
ID# 1000436774
DO 02, PGLD
Mail Stop C-2-235
5000 Ellin Road, Room C-2-272
Lanham, MD 20706
Desk: 240-613-6665
Fax: 855-203-7002
IRS employees:  Contact the Disclosure Help Desk from 11am to 5 pm EST at 866-591-0860 with disclosure questions

---

**From:** Jenny Lin <jlin@lintaxlaw.com>
**Sent:** Thursday, September 02, 2021 4:43 PM
**To:** Hornberger Kathryn A <Kathryn.Hornberger@irs.gov>
**Subject:** Case No. 2021-22531

Dear Ms. Hornberger,

I am writing in response to your letter of August 24, 201 pertaining to my FOIA request.

In the letter, you indicated that I asked for the following and that I submitted an identical request on July 9, 2021.

APPENDIX I

- A copy of the original filed 2017 Form 3520 and any subsequently filed Form 3520 in response to IRS notice:
- All IRS notices relating to 2017 Form 3520, including but not limited to a notice dated on or about September 21, 2020
- Administrative file pertaining to the assessment of a penalty relating to 2017 Form 3520 and/or IRC 6702(a) penalty, including but not limited to any worksheets, workpapers, notes, emails, documents, memoranda, computations and other materials prepared or accumulated relative to this penalty(ies) by IRS employees, including internal documents, memoranda of all interviews of persons regarding the individual income tax liabilities of the taxpayer, case activity record, written reports and recommendations concerning the assessment of penalties and any other information that is related to the penalty.

You submitted an identical request dated January 15, 2021. We responded to you on July 9, 2021, case number 2021-06605. You should direct further inquiries concerning this response to GLDS Support Services address above and please reference case 2021-06605.

I wish to point out that my August 19, 2021 request did not request a copy of the original filed 2017 Form 3520. While I did request a copy of the notice dated September 21, 2020 and believed at that time it was related to Form 3520, the response to case 2021-06605 indicates that no penalty action was taken.

After obtaining the civil penalty account transcript for 2017, it was confirmed that there was a September 21, 2020 notice mailed. Since the response to case 2021-06605 showed no penalty action, the notice must not have been related to Form 3520. This is the reason why I made another request.

To date, we have not been able to determine why the taxpayer was subject to a civil penalty. I believe that the September 21, 2020 notice and files surrounding that notice is key to understanding the penalty so that I may properly advise the taxpayer.

I would appreciate it if you could review my request again as it is different from case 2021-06605.

Thank you.

Sincerely,

Jenny C. Lin, J.D., LLM



1655 N. Main Street, Suite 350
Walnut Creek, CA 94596
Tel: (925)202-2922
Fax: (925)906-9927
Email: jlin@lintaxlaw.com



APPENDIX I

***Please contact my assistant, Tenaaz Mubaraki, at*** tmubaraki@lintaxlaw.com ***if this relates to scheduling a call or meeting. Thank you.***

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

APPENDIX I

## Declaration of Philip Craig Ueland and Nicole Ueland

1. We began living in Australia in December 2010. We resided in Australia in 2017 and at the time our 2017 return was filed.

2. When we moved to Australia, we used our residential address in Australia on our U.S. income tax returns.  Beginning for the 2017 tax year, however, we used our tax preparer's address in the U.S. on our U.S. income tax returns due to past delays in receiving IRS notices.

3. We filed Form 3520 for the 2017 tax year as required.

4. In early December 2020, we were contacted by our then preparer William F. Serres II that he received a notice from the IRS dated November 2, 2020.  The notice indicated that a portion of our 2019 overpayment was used to pay a civil penalty for 2017 in the amount of $95,850.10.

5. Prior to the November 2, 2020 notice, we were not aware of any civil penalty being proposed or assessed for 2017.  We also did not receive any notices regarding a 2017 civil penalty until the November 2, 2020 notice.

6. To date, we also do not know or understand which civil penalty has been assessed, why it was assessed, or how it was computed despite my preparer's and counsel's efforts to obtain information relating to the civil penalty.


I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: ___12/16/2021___

Philip Craig Ueland

Dated: ___12 · 16 · 2021___

Nicole Ueland

## Declaration of Karen E. Wilson

1. I am an Enrolled Agent licensed by the Internal Revenue Service.

2. My current office address is 1999 Harrison Street, Suite 1500, Oakland, CA 94612-3577. My office has been at this location since about November 2008.

3. I was the return preparer for Philip Craig Ueland and Nicole Ueland ("Uelands") for the 2011 to 2018 tax years. The Uelands retained a different preparer beginning in early 2020 for the 2019 tax year.

4. In the past, the Uelands used their residential address on their U.S. tax returns, including when they moved to Australia. However, IRS notices mailed to the Uelands' address in Australia were often very delayed. As a result, my office address was used on the Uelands' U.S. income tax returns for the 2017 and 2018 tax years.

5. In late December 2018 or early January 2019, my office received an IRS notice for the Uelands dated December 24, 2018. *See* Appendix 1, pp. 3-6. The notice requested additional information relating to the Uelands' 2017 Form 3520. The notice requested a response within 30 days from the date of the letter and indicated that a failure to respond will result in "non-compliance" with Internal Revenue Code Section 6048. The notice did not indicate that a penalty was being assessed at the time of the notice.

6. On or about January 8, 2019, I submitted a package in response to the IRS' notice dated December 24, 2018. *See* Appendix 1. The package was delivered to the IRS on January 13, 2019. *See* Appendix 1, p. 2.

7. After I submitted the package as described in ¶6, neither my office nor I received any additional notices from the IRS relating to the Ueland's 2017 Form 3520, including any penalty notice or collection notice.

8. In early December 2020, I was contacted by Mr. Ueland and his then preparer William F. Serres II regarding a November 2020 notice which Mr. Serres received. It is my understanding the notice indicated that a part of the Uelands' 2019 refund was being applied to pay their 2017 civil penalty in full. Mr. Ueland and Mr. Serres inquired whether I had received any notices relating to the 2017 civil penalty, including one dated September 21, 2020. I reviewed our file and confirmed that a September 21, 2020 notice for the Uelands relating to the 2017 tax year was not received by my office.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated: December 9, 2021

Karen E. Wilson

## Declaration of William F. Serres II

1. I am a Certified Public Accountant licensed in the state of Washington.

2. My office address if 1501 Fourth Ave., Suite 2880, Seattle, WA 98101. My office has been at this location since about 2004.

3. In early 2020, I was hired by Philip Craig Ueland and Nicole Ueland (Taxpayers) to prepare and file their 2019 U.S. income tax return and related information returns.

4. I e-filed the Taxpayers' 2019 U.S. income tax return and related information returns on October 12, 2020. Their 2019 U.S. income tax return listed my office address as the Taxpayers' mailing address since the Taxpayers resided overseas.

5. In late November 2020, my office received a notice dated November 2, 2020 from the IRS relating to the Taxpayers. See Appendix A. The notice indicated that $95,850.10 of Taxpayers' 2019 overpayment was applied to a civil penalty owed for December 31, 2017.

6. Neither the Taxpayers nor I were aware of any civil penalty for the 2017 tax year. Consequently, I contacted the IRS on or about December 9, 2020, via the Practitioner Hotline to find out more information regarding the penalty. I spoke with Loven Carla. She indicated that there was a notice relating to the penalty issued on or about September 21, 2020. She indicated that the penalty appears to be for the failure to report transactions with a foreign trust. However, she was not able to provide a copy of the notice issued on or about September 21, 2020.

7. Instead, Ms. Loven Carla faxed a notice dated March 11, 2019, to me. The notice was for a penalty under Section 6702(a) for frivolous tax returns. See Appendix B. All identifying information on the notice was redacted when it was faxed to me.

8. To my knowledge, neither the Taxpayers nor the Taxpayers' prior return preparer received the September 21, 2020, notice. To date, we have also not been able to obtain a copy of the notice or confirm the type of penalty assessed or how it was calculated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Dated December 3, 2021

William F. Serres II

 **IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0025



068237.255465.476721.18615 1 SP 0.600 693

 PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE   WA   98101

068237

CUT OUT AND RETURN THE VOUCHER AT THE BOTTOM OF THIS PAGE IF YOU ARE MAKING A PAYMENT,
EVEN IF YOU ALSO HAVE AN INQUIRY.

---

The IRS address must appear in the window.

      0433890360

  BODCD-

Use for payments

Letter Number: LTR0854C
Letter Date  : 2022-08-26
Tax Period   : 000000

9050*

PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE   WA   98101

INTERNAL REVENUE SERVICE

OGDEN  UT  84201-0025

537489050 AX UELA 00 0 000000 670 00000000000

**APPENDIX 2**

**IRS** Department of the Treasury
Internal Revenue Service

OGDEN  UT  84201-0025

In reply refer to:  0433890360
Aug. 26, 2022    LTR 854C    0
***-**-9050  000000 00

00018468
BODC: SB

PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE  WA  98101

068237



Taxpayer identification number:  ***-**-9050
Tax periods:  Dec. 31, 2017

Form:  3520
3520-A

Kind of Penalty:  CIVIL PENALTY

CISN1VHF91

Dear Taxpayer:

Thank you for your inquiry dated Dec. 16, 2021.

The information you submitted doesn't establish reasonable cause or show due diligence. Therefore, we must deny your request for penalty adjustment.

To qualify as reasonable cause, the death, serious illness or unavoidable absence must be that of:

1.   the person who's responsible for filing the return or paying the tax if the return is an individual return, or

2.   the person who has sole authority to execute the return or pay the tax if the return is a corporate, estate, or trust return.

The death, serious illness or unavoidable absence of a member of the immediate family of the person described in 1 or 2 above will also qualify as reasonable cause. However, the death, serious illness or unavoidable absence of the person responsible for preparing the return or writing the check doesn't qualify for reasonable cause.

Penalty was not assessed for Form 3520. It was assessed for late filing of Form 3520-A. The Form 3520-A was received Mar. 12, 2019, and the due date was Mar. 15, 2018. There is no record on the account of an extension.

If you want to appeal or give us more information, the following will be helpful.

APPEALS PROCEDURES

APPENDIX 2

```
                                                            0433890360
                          Aug. 26, 2022    LTR 854C   0
                          ***-**-9050   000000 00
                                                            00018469
```

PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE  WA  98101


If you have additional information and want your case to receive
further consideration by the IRS Independent Office of Appeals,
provide a detailed written statement of the dispute issues, along
with supporting documentation, to the Service Center Penalty Appeals
Coordinator within 60 days from the date of this letter. It must
include:

    1. Your name and address;
    2. Your taxpayer identification number (Social Security number,
       individual taxpayer identification number, or employer
       identification number);
    3. A statement that you want to appeal the findings;
    4. A statement of facts supporting your position on the issues
       you are appealing;
    5. If possible, a statement outlining the law or other authority
       on which you rely;
    6. A copy of your original request, if available; and
    7. A copy of this letter.

The statement of facts, in 4 above, should be detailed and complete,
including specific dates, names, amounts, and locations. You must
declare the statement true under penalties of perjury. You may do
this by adding to your statement the following signed declaration:

"Under penalties of perjury, I declare that the facts presented in my
written protest, which are set out in the accompanying statement of
facts, schedules, and other statements are, to the best of my
knowledge and belief, true, correct, and complete."

If your authorized representative sends us the protest for you, he
or she may substitute a declaration stating that he or she prepared
the statement and accompanying documents and whether he or she knows
that the statement and accompanying documents are true and correct.

Please send your response to:

    Internal Revenue Service
    Service Center Penalty Appeals Coordinator
    Attn:  CM
           PO Box 9941 TPR M/S 6731
           OGDEN  UT  84409

The Service Center Penalty Appeals Coordinator will review your appeal
information to determine whether the penalty should be removed or
reduced. If your appeal can't be resolved immediately with the
additional information, the coordinator will send your written

APPENDIX 2

```
                                                              0433890360
                                        Aug. 26, 2022    LTR 854C   0
                                        ***-**-9050   000000 00
                                                              00018470
```

PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE  WA  98101



068237

statement to the Appeals Office serving your district.

REPRESENTATION

An attorney, certified public accountant, or person enrolled to
practice before the IRS can represent you. To have someone represent
you, attach a Form 2848, Power of Attorney and Declaration of
Representative, (or similar written authorization) to your written
statement.

Forms, instructions, and Treasury Department Circular 230,
Regulations Governing Practice before the Internal Revenue Service,
are available at www.irs.gov/forms or by calling 800-TAX-FORM
(800-829-3676).

OTHER INFORMATION

If taxes are overdue on your account, you'll continue to receive
bills, even if you appeal the penalty. If you decide to appeal, you
can pay the penalty to avoid further interest charges on the penalty
amount. If you appeal the penalty and the Appeals Officer determines
you aren't required to pay it, we'll adjust your account and send you
a refund.

If you don't appeal, you can file a claim for refund after you pay the
penalty. If you want to take your case to court immediately, you
should request, in writing, that your claim for refund be immediately
rejected. Then you'll be issued a notice of disallowance. You
generally have two years from the date of the notice of disallowance
to bring suit in the United States District Court having jurisdiction
or in the United States Court of Federal Claims.

You can get the forms or publications mentioned in this letter by
visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call Customer Service at
267-941-1000 between 4:00 p.m. and 11:00 p.m. EDT.

If you prefer, you can write to us at the address at the top of the
first page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you.

Keep a copy of this letter for your records.

<span style="color:red">APPENDIX 2</span>

```
                                                    0433890360
                            Aug. 26, 2022    LTR 854C    0
                            ***-**-9050   000000 00
                                                    00018471
```

PHILIP C & NICOLE S UELAND
C/O BBJS 1501 4TH AVE 2880
SEATTLE  WA  98101


Thank you for your cooperation.

                         Sincerely yours,

                         *Tracie A Nicholas*

                         Tracie A. Nicholas
                         Program Manager, AM OPS 2

Enclosures:

APPENDIX 2

Form **3520-A**

Department of the Treasury
Internal Revenue Service

# Annual Information Return of Foreign Trust With a U.S. Owner
## (Under section 6048(b))
▶ Go to www.irs.gov/Form3520A for instructions and the latest information.

OMB No. 1545-0160

**2017**

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20____ .

Check appropriate boxes.  ☐ Initial return   ☐ Final return   ☐ Amended return

Check if any excepted specified foreign financial assets are reported on this form (see instructions) ................... ☒

| Part I | General Information (see instructions) |
|---|---|

**1a** Name of foreign trust

UELAND SUPERANNUATION FUND

**b(1)** Employer identification number

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

LEVEL ONE 54 NERIDAH STREET

**b(2)** Reference ID number (see instructions)

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| CHATSWOOD | NSW | 2067 | AUSTRALIA |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information? ☐ Yes ☒ No

If "Yes," skip lines 2a through 2e and go to line 3.

If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

Have you attached a copy of:

|  |  | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| **a** | Summary of all written and oral agreements and understandings relating to the trust? | | ☒ | | |
| **b** | The trust instrument? | ☒ | | | |
| **c** | Memoranda or letters of wishes? | | ☒ | | |
| **d** | Subsequent variances to original trust documents? | | ☒ | | |
| **e** | Other trust documents? | | ☒ | | |

**3a** Name of U.S. agent

**b** Identification number

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| | | | |

**4a** Name of trustee

UELAND PTY LIMITED

**b** Identification number, if any

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

LEVEL ONE 54 NERIDAH ST

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| CHATSWOOD | NSW | 2067 | AUSTRALIA |

**5** Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions) ☐ Yes ☒ No

**6** Enter the number of **Foreign Grantor Trust Owner Statements** (page 3) included with this Form 3520-A ........... ▶ 2

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ Trustee's Signature       ▶ Title       Date

| **Paid Preparer Use Only** | Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | KAREN E WILSON | KAREN E WILSON | 01/30/19 | | P00449883 |

Firm's name ▶ MOWAT MACKIE & ANDERSON LLP   Firm's EIN ▶ 94-6357165

Firm's address ▶ 1999 HARRISON STREET, SUITE 1500
OAKLAND, CA 94612-3577   Phone no. 510-893-1120

LHA **Paperwork Reduction Act Notice, see instructions.**   Form **3520-A** (2017)

COPY DO NOT PROCESS

713541 11-09-17

16210130  758433  78705.0       2017.05030 UELAND, PHILIP           78705_03

Form 3520-A (2017)                                                                                              Page **2**

| Part II | Foreign Trust Income Statement |

Enter totals from books and records of foreign trust (see instructions).

| | | | |
|---|---|---|---:|
| **Income** | 1 | Interest | 15,880. |
| | 2 | Dividends | |
| | 3 | Gross rents and royalties | |
| | 4 | Income (loss) from partnerships and fiduciaries | |
| | 5 | Capital gains: | |
| | a | Net short-term capital gain (loss) | |
| | b | Net long-term capital gain (loss) | 88,168. |
| | 6 | Ordinary gains (losses) | |
| | 7 | Other income (attach statement)    SEE STATEMENT 2 | 331,121. |
| | 8 | Total income (add lines 1 through 7) | 435,169. |
| **Expenses** | 9 | Interest expense | |
| | 10a | Foreign taxes (attach statement)    SEE STATEMENT 1 | 26,311. |
| | b | State and local taxes | |
| | 11 | Amortization and depreciation (depletion) | |
| | 12 | Trustee and advisor fees | 11,272. |
| | 13 | Charitable contributions | |
| | 14 | Other expenses (attach statement) | |
| | 15 | Total expenses (add lines 9 through 14) | 37,583. |
| | 16 | Net income (loss) (subtract line 15 from line 8) | 397,586. |

17a  Enter the fair market value (FMV) of total distributions from the trust to all persons whether U.S. or foreign  ▶

b  Distributions to U.S. owners:

| (i) Name of owner | (ii) Identification number | (i) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

c  Distributions to U.S. beneficiaries:

| (i) Name of beneficiary | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

| Part III | Foreign Trust Balance Sheet | | |

| | **Assets** | Beginning of Tax Year (a) | (b) | End of Tax Year (c) | (d) |
|---|---|---|---:|---|---:|
| 1 | Cash | | 748,104. | | 663,455. |
| 2 | Accounts receivable | | 48,740. | | 129,503. |
| 3 | Mortgages and notes receivable | | | | |
| 4 | Inventories | | | | |
| 5 | Government obligations | | | | |
| 6 | Other marketable securities | | 2,628,994. | | 2,711,795. |
| 7 | Other nonmarketable securities | | | | |
| 8a | Depreciable (depletable) assets | | | | |
| b | Less: accumulated depreciation (depletion) | | | | |
| 9 | Real property | | | | |
| 10 | Other assets (attach statement)  STMT 3 | | 325,165. | | 416,549. |
| 11 | Total assets | | 3,751,003. | | 3,921,302. |
| | **Liabilities** | | | | |
| 12 | Accounts payable | | 43,541. | | 0. |
| 13 | Contributions, gifts, grants, etc., payable | | | | |
| 14 | Mortgages and notes payable | | | | |
| 15 | Other liabilities (attach statement)  STMT 4 | | | | 9,537. |
| 16 | Total liabilities | | 43,541. | | 9,537. |
| | **Net Worth** | | | | |
| 17 | Contributions to trust corpus | | 2,040,657. | | 1,934,270. |
| 18 | Accumulated trust income | | 1,666,805. | | 1,977,495. |
| 19 | Other (attach statement) | | | | |
| 20 | Total net worth (add lines 17 through 19) | | 3,707,462. | | 3,911,765. |
| 21 | Total liabilities and net worth (add lines 16 and 20) | | 3,751,003. | | 3,921,302. |

713542  11-09-17                                                                                     Form **3520-A** (2017)

COPY DO NOT PROCESS

16210130  758433  78705.0          2017.05030  UELAND, PHILIP          78705_03

PHILIP C. & NICOLE S. UELAND                                         9050

---

FORM 3520-A    FOREIGN TRUST INCOME STATEMENT - FOREIGN TAXES    STATEMENT    1

| DESCRIPTION | AMOUNT |
|---|---|
| INCOME TAX EXPENSE | 26,311. |
| TOTAL TO FORM 3520-A, PAGE 2, PART II | 26,311. |

---

FORM 3520-A    FOREIGN TRUST INCOME STATEMENT - OTHER INCOME    STATEMENT    2

| DESCRIPTION | AMOUNT |
|---|---|
| EMPLOYER CONTRIBUTIONS | 14,804. |
| PERPETUAL ORDINARY INCOME (PFIC) | 59,168. |
| CHARTER HALL LONG WALE REIT (PFIC) | 71,619. |
| UNREALIZED GAINS/LOSSES - VALUATION | 203,767. |
| UNREALIZED GAINS/LOSSES - FOREIGN EXCHANGE | -18,237. |
| TOTAL TO FORM 3520-A, PAGE 2, PART II | 331,121. |

---

FORM 3520-A    FOREIGN TRUST INCOME STATEMENT - OTHER ASSETS    STATEMENT    3

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| CURRENT TAX ASSET | 7,147. | 0. |
| VAXXAS BARE TRUST | 318,018. | 416,549. |
| TOTAL TO FORM 3520-A, PAGE 2, PART III | 325,165. | 416,549. |

---

FORM 3520-A   FOREIGN TRUST INCOME STATEMENT - OTHER LIABILITIES   STATEMENT    4

| DESCRIPTION | BEGINNING OF TAX YEAR | END OF TAX YEAR |
|---|---|---|
| CURRENT TAX LIABILITY | 0. | 9,537. |
| TOTAL TO FORM 3520-A, PAGE 2, PART III | 0. | 9,537. |

COPY DO NOT PROCESS

Form 3520-A (2017)                                                                                              Page **3**

## 2017 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | | |
|---|---|---|
| **1a** Name of foreign trust<br>UELAND SUPERANNUATION FUND | **b(1)** Employer identification number | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) | |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  ☐ Yes  ☒ N
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of trustee<br>UELAND PTY LIMITED | **b** Identification number (if any) |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
LEVEL ONE 54 NERIDAH ST

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates ▶ 2018

| **6a** Name of U.S. owner<br>PHILIP UELAND | **b** Identification number<br>▨▨▨-9050 |
|---|---|

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)
C/O MM&A, 1999 HARRISON ST 1500

| **d** City or town<br>OAKLAND | **e** State or province<br>CA | **f** ZIP or postal code<br>94612 | **g** Country |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax return ▶ E FILED

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.   SEE STATEMENT 7

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner ........................ $ 1,917,002.

## 2017 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)
Report each item on the proper form or schedule of your tax return.

| | | | |
|---|---|---|---|
| **Income** | **1a** Taxable interest | | 7,753. |
| | **b** Tax-exempt interest ▶ | | |
| | **2a** Total ordinary dividends | | |
| | **b** Qualified dividends ▶ | | |
| | **3** Gross rents and royalties | | |
| | **4** Income from partnerships and fiduciaries | | |
| | **5** Capital gains (losses) | | 43,048. |
| | **6** Ordinary gains (losses) | | |
| | **7** Other income (attach statement)   SEE STATEMENT 5 | | 78,661. |
| **Expenses** | **8** Interest expense | | |
| | **9** Foreign taxes (attach statement)   SEE STATEMENT 6 | | 13,983. |
| | **b** State and local taxes | | |
| | **10** Amortization and depreciation (depletion) | | |
| | **11** Trustee and advisor fees | | 5,504. |
| | **12** Charitable contributions | | |
| | **13** Other expenses (attach statement) | | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

713543  11-09-17                                                                               Form **3520-A** (2017)

COPY DO NOT PROCESS

APPENDIX 3 -4

Form 3520-A (2017)                                                                                             Page **3**

## 2017 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.

| | |
|---|---|
| **1a** Name of foreign trust<br>UELAND SUPERANNUATION FUND | **b(1)** Employer identification number |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH STREET | **b(2)** Reference ID number (see instructions) |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or foreign postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?  ☐ Yes  ☒ N
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of trustee<br>UELAND PTY LIMITED | **b** Identification number (if any) |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>LEVEL ONE 54 NERIDAH ST | |

| **d** City or town<br>CHATSWOOD | **e** State or province<br>NSW | **f** ZIP or postal code<br>2067 | **g** Country<br>AUSTRALIA |
|---|---|---|---|

**5** The tax year of the owner of the foreign trust to which this statement relates ▶ 2018

| **6a** Name of U.S. owner<br>NICOLE S. UELAND | **b** Identification number<br>███–4211 |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions)<br>C/O MM&A, 1999 HARRISON ST 1500 | |

| **d** City or town<br>OAKLAND | **e** State or province<br>CA | **f** ZIP or postal code<br>94612 | **g** Country |
|---|---|---|---|

**h** Service Center where U.S. owner files its income tax return ▶ E FILED

**7** Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person.  SEE STATEMENT 8

**8** If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9** Gross value of the portion of the trust treated as owned by the U.S. owner ........................ $ **2,004,300.**

## 2017 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)

Report each item on the proper form or schedule of your tax return.

| | | |
|---|---|---|
| **Income** | **1a** Taxable interest | 8,126. |
| | **b** Tax-exempt interest ▶ | |
| | **2a** Total ordinary dividends | |
| | **b** Qualified dividends ▶ | |
| | **3** Gross rents and royalties | |
| | **4** Income from partnerships and fiduciaries | |
| | **5** Capital gains (losses) | 45,120. |
| | **6** Ordinary gains (losses) | |
| | **7** Other income (attach statement)   SEE STATEMENT 9 | 66,929. |
| **Expenses** | **8** Interest expense | |
| | **9a** Foreign taxes (attach statement)   SEE STATEMENT 10 | 12,328. |
| | **b** State and local taxes | |
| | **10** Amortization and depreciation (depletion) | |
| | **11** Trustee and advisor fees | 5,769. |
| | **12** Charitable contributions | |
| | **13** Other expenses (attach statement) | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Trustee Signature ▶                              Title ▶                                    Date ▶

713543  11-09-17                                                                              Form **3520-A** (2017)

COPY DO NOT PROCESS

APPENDIX 3 -5

16040130  758433  78705.0          2017.05030  UELAND, PHILIP          78705_03

PHILIP C. & NICOLE S. UELAND                                    ██████-9050

---

FORM 3520-A P3        STATEMENT OF FOREIGN TRUST INCOME        STATEMENT    5
                              OTHER INCOME

---

PHILIP UELAND

DESCRIPTION                                                         AMOUNT
------------                                                     ----------
EMPLOYER CONTRIBUTIONS                                              14,804.
PERPETUAL ORDINARY INCOME (PFIC)                                   28,889.
CHARTER HALL LONG WALE REIT (PFIC)                                 34,968.
                                                                ----------
TOTAL TO FORM 3520-A, PAGE 3, LINE 7                               78,661.
                                                                ==========

---

FORM 3520-A P3        STATEMENT OF FOREIGN TRUST INCOME        STATEMENT    6
                              FOREIGN TAXES

---

PHILIP UELAND

DESCRIPTION                                                         AMOUNT
-----------                                                     ----------
AUSTRALIA TAXES PAID                                               13,983.
                                                                ----------
TOTAL TO FORM 3520-A, PAGE 3, LINE 9A                              13,983.
                                                                ==========

COPY DO NOT PROCESS

16040130 758433 78705.0        2017.05030 UELAND, PHILIP        78705__03

PHILIP C. & NICOLE S. UELAND                                    ███-9050

---

FORM 3520-A, P3              FACTS AND LAW              STATEMENT    7

---

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

COPY DO NOT PROCESS

PHILIP C. & NICOLE S. UELAND                                    ███████-9050

---

FORM 3520-A, P3              FACTS AND LAW              STATEMENT    8

---

UNDER IRC SECTIONS 671-679, THE UELAND SUPERANNUATION FUND
MAY BE CONSIDERED A FOREIGN GRANTOR TRUST, TO BE TREATED FOR
US TAX PRINCIPLES AS OWNED BY PHILIP C. UELAND AND NICOLE S.
UELAND. THE TAXPAYER IS FILING THIS FORM AS A PROTECTIVE
MEASURE IN CASE THE UELAND SUPERANNUATION FUND QUALIFIES AS
A FOREIGN GRANTOR TRUST.

COPY DO NOT PROCESS

PHILIP C. & NICOLE S. UELAND _____                                         █████9050

---

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME OTHER INCOME | STATEMENT 9 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
| --- | --- |
| PERPETUAL ORDINARY INCOME (PFIC) | 30,279. |
| CHARTER HALL LONG WALE REIT (PFIC) | 36,650. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 7 | 66,929. |

---

| FORM 3520-A P3 | STATEMENT OF FOREIGN TRUST INCOME FOREIGN TAXES | STATEMENT 10 |

NICOLE S. UELAND

| DESCRIPTION | AMOUNT |
| --- | --- |
| AUSTRALIA TAXES PAID | 12,328. |
| TOTAL TO FORM 3520-A, PAGE 3, LINE 9A | 12,328. |

COPY DO NOT PROCESS

16040130 758433 78705.0        2017.05030 UELAND, PHILIP        78705_03

# Ueland Superannuation Fund

## SMSF Trust Deed

Prepared for

## Continuum Accounting



APPENDIX 3 -10



APPENDIX 3 -11

# Ueland Superannuation Fund

SMSF Trust Deed

Prepared by:



Gateway
1 Macquarie Place
Sydney NSW 2000



**Copyright © 2011 Reckon Docs Pty Ltd**

Copyright in this document ("Document") is owned by Reckon Docs Pty Ltd. No part of the Document may be reproduced in Australia or in any other country by any process, electronic or otherwise, in any material form or transmitted to any other person or stored electronically in any form without the prior written permission of Reckon Docs, except as permitted by the *Copyright Act 1968*.

When you access the Document you agree:

- Not to reproduce all or any part of the Document without the prior written permission of Reckon Docs;

- Not to make any charge for providing the Document or any part of the Document to another person or in any way make commercial use of the Document without the prior written consent of Reckon Docs and payment of a copyright fee determined by Reckon Docs;

- Not to modify or distribute the Document or any part of the Document without the express prior written permission of Reckon Docs.

Document Version: HH-1.04b

**Disclaimer**

The Document has been prepared by Hunt & Hunt Lawyers. The Document has not been prepared by Reckon Docs and neither Hunt & Hunt nor Reckon Docs gives any warranties or represent that the Document is accurate or complete. Neither Hunt & Hunt nor Reckon Docs nor their employees accept any liability for any loss or damages of any kind whatsoever arising as a result of use of this Document. When accessing the Document you must rely on your own judgment and the advice of your own professional advisers as to the accuracy and completeness of the Document.

## TRUST DEED

**THIS DEED** is made on the date specified in the Schedule by the person or persons named in the Schedule to this Deed.

**RECITALS**

The Trustees wish to establish a self-managed superannuation fund for the benefit of those people who become Members of the Fund on the terms and conditions set out in this Deed.

**A. Establishment**

The Trustee by this Deed establishes the Fund as a Self Managed Superannuation Fund. The Fund will be vested in the Trustees and will at all times be held, controlled and managed by the Trustees subject to the trusts, powers and provisions of this Deed and the Rules.

The Fund was established on the date specified in the Schedule.

**B. Trustee**

The Trustee consent to act as trustees of the Fund with effect from the date specified in the Schedule and acknowledge by execution of this Deed that they have read and agree to be bound by this Deed and the Rules.

**C. Fund Details**

The Fund will be in existence from the date specified in the Schedule and will be known by the name in the Schedule or such other name as the Trustees might in writing determine.

**D. Fund Deed and Rules**

This Deed includes the Rules. The Rules are those attached to this Deed as amended from time to time.

**E. Purpose of the Fund**

The Fund is to be maintained for the sole purpose of providing superannuation benefits for its Members and their Dependants.

**F. Compliance**

The Trustee must ensure that the Fund, from the date of creation, continues its status as a Complying Self Managed Superannuation Fund as defined by and for the purposes of the *Superannuation Industry (Supervision) Act 1993*.

COPY DO NOT PROCESS

*{This page is intentionally left blank}*

## SCHEDULE

| | |
|---|---|
| **Creation Date:** | 10 / 5 / 2011 |
| **Fund Name:** | Ueland Superannuation Fund |
| **Meeting Address:** | 8A North Parade Hunters Hill NSW 2110 |
| **Trustee:** | |
| | Ueland Pty Ltd ACN 150 818 241 |
| **Members:** | |
| | Nicole Ueland |
| | Philip Craig Ueland |

COPY DO NOT PROCESS

*{This page is intentionally left blank}*

**EXECUTED AS A DEED** by **Ueland Pty Ltd
ACN 150 818 241** as Trustee in accordance
with *section 127* of the *Corporations Act
2001*, by its Directors or Director and/or
Secretary:

Nicole S. Ueland

............................................................
Please Print Name of Director

Nicole S. Ueland
............................................................
Signature

Philp Craig Ueland
............................................................
Please Print Name of Director/Secretary*

Philp C Ueland
............................................................
Signature

COPY DO NOT PROCESS



*{This page is intentionally left blank}*

## RULES OF THE FUND

1. Definitions ................................................................................................... 1

2. Purpose of the Fund ..................................................................................... 5

3. Trustees ....................................................................................................... 5

    Who may be a Trustee ..................................................................................... 5
    Who may not be a Trustee ............................................................................... 6

4. Compliance with Superannuation Law .......................................................... 6

    The provisions of this clause 4 override any other provisions of this Deed ........ 6
    Power to comply with the Superannuation Law ................................................ 6
    Deemed compliance ....................................................................................... 7
    Conflict with the Superannuation Law ............................................................. 7

5. Trustee Appointment ................................................................................... 7

6. Trustee Removal .......................................................................................... 8

7. Trustee Remuneration and Indemnification .................................................. 9

8. Trustee Meetings ......................................................................................... 10

9. Trustee Records and Registers .................................................................... 11

10. Trustee Powers ............................................................................................ 11

11. The Trustee May Borrow as Permitted by the Act ......................................... 15

12. Assets ......................................................................................................... 15

13. Trustee May Receive Gifts or Distributions .................................................. 16

14. Members ...................................................................................................... 16

15. Members Application .................................................................................... 16

16. Termination of Membership .......................................................................... 17

17. Member's Accounts ...................................................................................... 17

18. Contributions ............................................................................................... 18

19. Estate Planning ........................................................................................... 19

    Non-Binding Death Benefit Nominations ........................................................ 19
    Binding Death Benefit Nominations ................................................................ 19
    Death Benefit Request .................................................................................... 20

20. Benefits ....................................................................................................... 20

    Pension Benefit ............................................................................................. 21
    Incapacity ...................................................................................................... 21
    Temporary Incapacity ..................................................................................... 21

|  | Permanent Incapacity | 22 |
|  | Death of a Member | 22 |
|  | Payment of a Death Benefit | 22 |
|  | Conversion of a Lump Sum Benefit into a Pension | 22 |
|  | Commutation of a Pension | 23 |
| **21.** | **Investments** | **23** |
|  | Investment Strategy | 23 |
|  | The Trustee must invest the assets of the Fund | 24 |
|  | A Member can request the Trustee to invest their account separately or jointly | 24 |
|  | Authorised Investments | 24 |
|  | Investment Manager | 25 |
|  | Trustee not bound to act personally | 25 |
|  | Trustee to appoint Auditor | 25 |
| **22.** | **Operation and Administration** | **25** |
|  | Fund Compliance | 25 |
|  | Fund Insolvency | 26 |
|  | Earnings | 26 |
|  | Taxation | 26 |
|  | Annual Accounts | 27 |
| **23.** | **Reserves** | **27** |
| **24.** | **Insurance** | **27** |
|  | The Trustee may establish an insurance plan | 27 |
|  | Self Insurance | 27 |
|  | The Trustee has discretion as to the application of any insurance proceeds | 28 |
| **25.** | **Changes** | **28** |
|  | Amendment of the Deed or the Rules | 28 |
| **26.** | **Governing Law** | **29** |
| **27.** | **Status of the Act** | **29** |
| **28.** | **Termination of the Fund** | **29** |
| **29.** | **Transfers To and From Other funds** | **29** |
|  | Transfers from other Funds | 29 |
|  | Transfers to other Funds | 30 |
| **30.** | **Interpretation** | **30** |

COPY DO NOT PROCESS

## 1.   DEFINITIONS

In this Deed the following words or expressions have the meaning thereafter ascribed to them:

| | |
|---|---|
| **Act** | The *SIS Act 1993*, the *Tax Act*, the *Corporations Act 2001* (Cth), the *Family Law Act 1975* (Part VIIIB), the *Social Security Act 1991*, the *Veterans' Entitlements Act 1986*, any successor acts and all regulations made pursuant to the foregoing acts. |
| **Ancillary Purposes** | Those purposes as defined in section 62 of the *SIS Act* including the purpose of providing such benefits as the Regulator approves in writing. |
| **Application Form** | An application form provided by the Trustees for prospective members to complete and submit to the Trustees. |
| **Associate** | Has the meaning given by the *Act*. |
| **Auditor** | An auditor who is an Approved Auditor as defined in section 10(1) of the *SIS Act* or any successor *Act* or otherwise determined by the Regulator. |
| **Asset** | Means any asset that the Trustees hold for the purposes of the Fund. |
| **Benefit** | An entitlement payable or distributable by the Fund which may include a Pension or lump sum payment. |
| **Benefit Arrangement** | Means any fund or arrangement established to receive superannuation contributions or amounts arising from such contributions. For example, it includes a superannuation fund, approved deposit fund, retirement savings account and the Superannuation Holding Accounts Special Account established under the *Small Superannuation Accounts Act 1995* (Cth). |
| **Beneficiary** | Includes Members and any person entitled at the relevant time to receive a payment from the Fund in respect of a Member and any other person who is a Beneficiary for the purposes of the *Act*. |
| **Binding Death Benefit Nomination** | A direction given to the Trustees by a Member in accordance with and subject to Rule 19 in such form and manner as the Trustees may from time to time specify which is a binding direction for the purposes of the *Act* as to payment of the Member's Death Benefit in the event of the Member's death. |
| **Child** | Includes an adopted child, a step child, an ex-nuptial child, a child of the Spouse of the Member and a child of the Member within the meaning of the *Family Law Act 1975* (Cth). |
| **Complying Superannuation Fund** | A Self Managed Superannuation Fund which is compliant with Section 42A of the *SIS Act*. |
| **Constitutional Corporation** | A body corporate which is a trading or non-trading entity or financial corporation which is formed within the meaning of paragraph 51(xx) of the *Constitution of the Commonwealth of Australia* and to include a company incorporated under the provisions of the *Corporations Act 2001*. |

| | |
|---|---|
| **Contributions** | Amounts paid or property transferred to the Trustees for the benefit of a Member or Members. |
| **Core Purposes** | Those purposes as defined in section 62 of the *SIS Act*. |
| **Death Benefit** | Means a benefit payable on a Member's death. |
| **Deed** | The deed establishing the Fund as amended from time to time. |
| **Dependant** | Includes a person who is the Spouse or Child of the Member or any other person with whom the Member has an Interdependency Relationship. |
| **Earnings** | Includes any income received and accrued, realised and unrealised gains and any other amount the Trustees believe should form part of the earnings. |
| **Eligible Rollover Fund** | A fund defined by regulation 10.01 of the SIS Regulations as an eligible rollover fund. |
| **Employer** | A person who engages an "employee" or "employees" for the purposes of section 17A of the *SIS Act*. |
| **Excess Contributions Tax** | Any tax imposed by reason of the Superannuation (*Excess Concessional Contributions Tax*) Act 2007 or the Superannuation (*Excess Non- Concessional Contributions Tax*) Act 2006 or successor legislation. |
| **Financial Year** | A year ended 30 June or that period of twelve months adopted by the Trustees as the Fund's financial year. |
| **Fund** | Means the fund referred to in the Schedule and established by this Deed. |
| **Gainful Employment** | That activity in which a person is engaged for gain or reward in any business, trade, profession, vocation, calling or occupation or if the Act prescribes a different meaning. |
| **Interdependency Relationship** | Has the meaning given in the Act. |
| **Legal Personal Representative (LPR)** | The executor of the will or administrator of the estate of a deceased Member, the Trustee of the estate of a Member under a legal disability or a person who holds an enduring power of attorney granted by a Member. |
| **Manager** | The person or entity appointed by the Trustees to manage the Fund. |
| **Market Value** | The amount a willing buyer of an asset could reasonably be expected to pay to acquire the asset from a willing seller if the following assumptions were made: |

    (a)    that the buyer and the seller dealt with each other at arm's length in relation to the sale;

    (b)    the sale occurred after proper marketing of the asset; and

    the buyer and seller acted knowledgeably and prudently in relation to the sale.

| | |
|---|---|
| **Member** | Any person accepted by the Trustees as a member of the Fund and who has not ceased to be a Member and includes a person in receipt of a pension from the Fund. |
| **Member's Account** | An account established and maintained by the Trustees on behalf of a Member in accordance with Rule 17. |
| **Member's Accumulation Account** | A Member's Account established by the Trustees, to accumulate the investments and earnings of the Member. |
| **Member's Pension Account** | A Member's Account established by the Trustees from which the payment of a Pension will be debited. |
| **Non-Binding Death Benefit Nomination** | A nomination given to the Trustees by a Member in such form and manner as the Trustees may from time to time specify the direction of which the Trustees can but are not bound to follow in the event of the Member's death. |
| **Old age pensions** | Has the meaning given by the Act. |
| **Payment Split** | Has the meaning given to that term in Part VIIIB of the *Family Law Act 1975* (Cth). |
| **Pension** | Means a benefit taken to be a pension payable by the Fund in accordance with the *SIS Act*. |
| **Pension Dependants** | Those entitled recipients specified in reg 6.21 (2A) and (2B) of the SIS Regulations. |
| **Permanent Incapacity** | In relation to a Member means ill health (whether physical or mental) where the Trustees are is reasonably satisfied that the Member is unlikely, because of the ill health, to engage in Gainful Employment for which the Member is reasonably qualified by education, training or experience. |
| **Policy** | Means an insurance policy arranged by the Trustees in accordance with Rule 24. |
| **Product Disclosure Statement (PDS)** | A statement which provides a description of the features and benefits of the Fund. |
| **Preserved Benefits** | Means any part of an amount held in the Fund in respect of the Member that the Act requires to be retained in the Fund or another complying Benefit Arrangement until the Member has retired from the work force and attained the age specified by the Act, or until such other circumstances as the Act permits. |
| **Regulated Superannuation Fund** | A superannuation fund that is regulated as defined within section 19 of the *SIS Act*. |
| **Regulator** | The Commissioner of Taxation or any person or entity appointed to regulate the Fund as defined in section 10(1) of the *SIS Act*. |
| **Relative** | Has the meaning given by s17A(9) of the SIS Act. |
| **Reserve Account** | Means the Account referred to in Rule 23. |

COPY DO NOT PROCESS

| | |
|---|---|
| **Rules** | Means such one or more rules of the Fund. |
| **Self Managed Superannuation Fund** | A fund as defined in section 17A of the *SIS Act*. |
| *SIS Act* | The *Superannuation Industry (Supervision) Act 1993* (Cth). |
| *SIS Regulations* | The *Superannuation Industry (Supervision) Regulations 1994* |
| **Splittable Contributions** | An amount that has the meaning for the purposes of Part 6 of the SIS Regulations. |

**Spouse**    In relation to a person includes:

(a)    a person, who whether or not legally married to the Member or who lives with the Member on a genuine domestic basis as the husband or wife of the Member;.

(b)    any other person who is accepted by the Trustees as being the Member's Spouse for the purposes of the Act; and

(c)    another person (whether of the same sex or a different sex) with whom the person is or was in a relationship that was registered under a law of a State or a Territory prescribed for the purposes of Section 22B of the *Acts Interpretation Act 1901* (Cth) as a kind of relationship prescribed for the purposes of that section.

**Superannuation Entity**

(a)    a Regulated Superannuation Fund, or

(b)    an approved deposit fund, or

(c)    retirement savings account; or

(d)    eligible rollover fund

or any other arrangement which the Trustees determined should be treated for the purposes of the Fund as a Superannuation Entity.

**Superannuation Interest**    In relation to a Member means an interest in the Fund or such other interest as defined in section 995-1(1) of the Tax Act as determined by the Trustees with reference to section 307-200 of the Tax Act and relevant Regulations.

**Superannuation Law**

(a)    the SIS Act

(b)    the Tax Act;

(c)    the Family Law Legislation;

(d)    the *Corporations Act 2001* (Cth);

(e)    the *Bankruptcy Act 1966* (Cth);

(f)    the *Anti-Money Laundering and Counter-Terrorist Financing Act 2006* (Cth);

(g)    any replacement or additional Commonwealth or State law; and

(h)   any other present, future or proposed legal requirements with which the Trustees:

(1)   are legally obliged to comply; or

(2)   must comply to obtain the maximum Tax concessions available to the Fund.

**Tax**  Includes all actual or anticipated tax, Surcharge, levy or impost on income, capital gains and superannuation contributions, stamp, financial institutions, registration and other duties, bank accounts debits tax, goods and services tax and other taxes, levies, imposts, deductions and charges together with interest, fines and penalties (if any) and charges, fees or other amounts made or payable in respect of them

**Tax Act**  Either or both of the *Income Tax Assessment Act 1936* and the *Income Tax Assessment Act 1997* (as the case may be including any replacement, modification of supplement to those Acts).

**Taxable Component**  Has the meaning given by section 995-1(1) of the *Tax Act*.

**Temporary Incapacity**  In relation to a Member, who has ceased to be gainfully employed (including a Member who has ceased temporarily to receive any gain or reward under a continuing arrangement for the Member to be gainfully employed) means ill-health (whether physical or mental) that caused the Member to cease to be gainfully employed but does not constitute Permanent Incapacity)

**Termination Date**  The date on which the Fund terminates.

**Trustee**  A person or company that has been appointed a trustee of the Fund. Where there is more than one trustee it refers to each trustee for the time being of the Fund. The expression also includes replacement or additional trustees.

## 2.   PURPOSE OF THE FUND

2.1.   The Trustees must ensure that the Fund is maintained for one or more of the Core Purposes or for one or more of the Core Purposes and for one or more of the Ancillary Purposes permitted under the *SIS Act* and for no other purpose.

2.2.   If the Trustee is not a company the sole or primary purpose of the Fund is the provision of old age pensions.

2.3.   The Trustees must cause the Fund at all times to be a Regulated Superannuation Fund.

## 3.   TRUSTEES

### Who may be a Trustee

3.1.   A Trustee may be a natural person or a company.

3.2.   An individual may only be a Trustee if the individual is a Member.

3.3.   A company may only be a Trustee if all the directors of the company are Members.

APPENDIX 3 -26

3.4.   Notwithstanding the above rules if there is only one person who is a Member then:

   (a)   that Member or a LPR of that Member and one other natural person who is a Relative of the Member or is a person who is not an Employer of the Member may be the Trustee; and

   (b)   a company may be the Trustee the sole director of which is the Member or a LPR of the Member or the company may have two directors one of which is the Member or the LPR of the Member and another person who is a Relative of the Member or is a person who is not an Employer of the Member.

3.5.   A member cannot be appointed as Trustee if they have a legal disability but a LPR of that Member can be appointed as a Trustee on their behalf.

3.6.   A Regulator may appoint a person or company as Trustee.

3.7.   A Trustee will comply with all requirements under the *Act* in relation to their appointment.

   **Who may not be a Trustee**

3.8.   A person cannot be a Trustee if that person is a disqualified person under the *SIS Act*.

3.9.   A body corporate cannot be a Trustee if that body corporate is a disqualified person under the *SIS Act*:

   (a)   the company knows, or has reasonable grounds to suspect, that a director is a disqualified person under the *SIS Act* and the disqualification has not been waived or revoked;

   (b)   an administrator or provisional liquidator has been appointed;

   (c)   a receiver, or a receiver and manager has been appointed over the property beneficially owned by the company; and

   (d)   the company has begun to be wound up.

## 4.   COMPLIANCE WITH SUPERANNUATION LAW

4.1.   **The provisions of this clause 4 override any other provisions of this Deed**

   The Trustees must comply with the requirements of the Superannuation Law and is fully empowered (without being obliged) to comply with any provision or standard of the Superannuation Law which is not a requirement.

4.2.   **Power to comply with the Superannuation Law**

   (a)   The Trustees may:

      (1)   do anything that the Trustees are required to do or that the Trustees consider necessary, expedient or desirable to comply with any requirement of the Superannuation Law (including expending monies of the Fund); and

      (2)   refrain from doing anything (including, without limitation, delaying or refusing any request or transaction in connection with a Beneficiary's interest in the Fund) that would result in a breach of, or the Trustees breaching, a requirement of the Superannuation Law.

APPENDIX 3 -27

(b)   The Trustees may rely on anything (including any statutory presumptions available to it) in the Superannuation Law, to the extent that the Trustees are entitled to do so in their capacity as trustee of the Fund.

(c)   The Trustees are entitled to be indemnified out of the assets of the Fund for any Liabilities that the Trustees properly incur pursuant to this clause.

### 4.3.   Deemed compliance

The Trustees are deemed to comply with the Superannuation Law and this Deed if the Regulator:

(a)   is satisfied that the Trustees have complied with the Superannuation Law;

(b)   determines that the Fund will be treated as if it had complied with the Superannuation Law; or

(c)   has advised the Trustees that it will not take action against the Trustees or the Fund in respect of a failure to comply with the Superannuation Law.

### 4.4.   Conflict with the Superannuation Law

(a)   To the extent that any provision, or part of a provision, of this Deed conflicts with the Superannuation Law or is invalid for any other reason whatsoever:

   (1)   that provision, or part, must be read down, changed, construed or severed to avoid such conflict or invalidity; and

   (2)   to the extent that such conflict or invalidity cannot be avoided, the provision or part of the Superannuation Law shall prevail to the extent of the conflict or invalidity only and the provision, or part, will be of no effect and will not affect the remainder of this Deed.

(b)   If a provision of this Deed would otherwise be void under the Superannuation Law because it:

   (1)   subjects the Trustees to direction by another person; or

   (2)   permits a person to exercise a discretion without the consent of the Trustees;

other than in the circumstances permitted by the Superannuation Law, the Trustee's consent is required for the giving of the direction or the exercise of the discretion.

## 5.   TRUSTEE APPOINTMENT

### 5.1.   Upon establishment of the Fund a person is appointed as Trustee provided that the person:

(a)   has agreed to their appointment as Trustee by execution of the Deed;

   (1)   has consented in writing to become a Member or is a LPR on behalf of a person and has consented in writing to that person becoming a Member; and

   (2)   if the Fund has only one Member, is a Relative of the Member or is a person who is not an Employer of the Member;

COPY DON'T PROCESS

(b)     has read and understood the PDS and agrees to be bound by the Deed and the Rules of the Fund; and

(c)     is not a disqualified person under the *SIS Act*.

5.2.     Upon establishment of the Fund a company is appointed as Trustee provided that the:

(a)     the company and its directors have agreed to its appointment as Trustee by execution of the Deed;

(b)     all directors have consented to become Members or they are the LPR of a person and have agreed in writing to that person becoming a Member;

(c)     if the Fund has only one Member and two directors, the director that is not a Member is a Relative of the Member or is a person who is not an Employer of the Member;

(d)     the company and its directors have read and understood the PDS and agree to be bound by the Rules of the Fund; and

(e)     the company or its directors are not a disqualified company or person under the *SIS Act*.

5.3.     Subject to the provisions of these Rules, where the Trustees accept a person as a Member that person or a LPR of that person is appointed as a Trustee unless that person or a LPR of that person becomes a director of a company which is the Trustee.

5.4.     On retirement of a Trustee one of the following is appointed Trustee in place of the Trustee who has retired (provided the person or company is not already a Trustee):

(a)     if the retiring Trustee is a person, another person who is a Member or a LPR of that Member or a company of which that Member or LPR of that member is a director; and

(b)     if the retiring Trustee is a company, a company all the directors of which are Members or are the LPR's of Members.

## 6.     TRUSTEE REMOVAL

6.1.     A Trustee will hold office until:

(a)     the Trustee retires in accordance with this Rule

(b)     being a Constitutional Corporation, it goes into liquidation or has a receiver appointed or enters into administration;

(c)     the Trustee is removed, or ceases to be eligible to act as Trustee under the *Act*; or

(d)     being a natural person, the Trustee dies

6.2.     A Trustee may retire at any time.

6.3.     If the Fund has only one Member, a person who is not a Member and who is a Trustee may retire as a Trustee provided that another person who is a Relative of the Member or is a person who is not an employer of the Member is appointed as a Trustee.

6.4.    A company may retire as a Trustee provided:

(a)    all the directors of that company are appointed as Trustees; or

(b)    another company is appointed as a Trustee where all directors of the resigning company are also directors of the company being appointed as Trustee.

6.5.    A Trustee may retire as Trustee of the Fund so long as a new Trustee has first been appointed as a Trustee of the Fund;

6.6.    A person or company is removed as Trustee:

(a)    if a Member is the Trustee, when that person ceases to be a Member;

(b)    if a Member is the Trustee, when that person is incapable of acting as Trustee unless a LPR of the Member is appointed as Trustee in place of the Member;

(c)    if the Trustee is a company, on the date four months from the time one or all directors of the company cease to be Members or the LPRs of the Members;

(d)    on the date the Trustee is prohibited from being a Trustee under the Rules or the *Act*; and

(e)    if the continued appointment of the Trustee will result in the Fund losing its status as a Complying Superannuation Fund.

# 7.    TRUSTEE REMUNERATION AND INDEMNIFICATION

7.1.    No Trustee of the Fund will receive any salary or remuneration from the Fund for acting as Trustee.

7.2.    The Trustees and, where the Trustee is a corporation, its directors and officers are entitled, to the maximum extent permitted by the *Act*, and by law, to be indemnified from the Fund against all liabilities incurred by each of them in connection with execution, attempted execution, or in respect of non-execution of the Trustee's powers and discretions under this Deed.

7.3.    Subject to the *Act*, the Trustee and its directors and officers may recover from the Fund amounts necessary:

(a)    to meet the indemnities referred to in Rule 7.2; and

(b)    to meet all liabilities whatsoever in connection with the Fund and the exercise of their powers and duties under or in connection with this Deed.

To this end, to the maximum extent permitted by the *Act*, the Trustee and its directors and officers have, and may exercise, a lien over the Fund.

7.4.    If liabilities are incurred by a Trustee or former Trustee in the management, administration, maintenance, or operation of the Fund, then the Trustee may apply the assets of the Fund in indemnification of itself or a former Trustee provided all actions performed by the Trustee or the former Trustee in respect of which indemnification is sought were honest or the required degree of care and diligence was exercised.

APPENDIX 3 -30

## 8.   TRUSTEE MEETINGS

8.1.

    (a)   The Trustees may meet as and when required to make decisions in performance of their obligations as Trustees of the Fund under the provisions of this Deed, the Rules or the *Act*. Reasonable notice of such meetings is required in the manner set out in clause 8.2.

    (b)   The Trustees may adjourn and regulate their meetings as they see fit.

    (c)   If there is more than one Trustee, the Trustee must meet if Members, whose account balances combined equal or exceed fifty percent of the Fund's cumulative account balance, serve notice of meeting on the Trustee requiring the Trustee to make a decision regarding an issue relating to the Fund, its administration or management. 14 days notice of such meetings is required in the manner set out in clause 8.2.

8.2.   Written notice of meetings must be given to each Trustee at their last nominated mail, facsimile or email address stating the:

    (a)   place, date and time for the meeting; and

    (b)   the general reason for the meeting.

8.3.   If a Trustee is able to attend the meeting through a communication link established by telephone, audio or audio-visual communication or other approved device, all proceedings will be valid and effective as if that person were physically present.

8.4.   At any meeting of Trustees a quorum will be formed with the presence of those Trustees who represent Members, the balance of whose Member's Accounts in aggregation exceeds one half of the aggregated amount of all Member's Account balances.

8.5.

    (a)   The Trustees will determine by majority approval at the first meeting of Trustees one of the following as the method by which Trustees will be entitled to cast votes at all meetings of Trustees:

        (1)   each Trustee being entitled to cast the number of votes nearest to the number of whole dollars of that Member's Account the Trustee represents and any amounts in Reserve that an actuary has determined might be transferred to the Member's Account to pay a Pension, but no less than one vote each; or

        (2)   each Trustee being entitled to cast one vote each.

    (b)   If the Trustees fail to make a determination in accordance with clause 8.5(a), clause 8.5(a)(2) will apply.

    (c)   If clause 8.5(a)(2) applies and there is a deadlock in making any Trustee decision, the deadlock shall be resolved by weighting each Trustee's votes nearest to the number of whole dollars of that Member's Account the Trustee represents and any amounts in Reserve that an actuary has determined might be transferred to the Member's Account to pay a Pension, but no less than one vote each

APPENDIX 3 -31

8.6.    A resolution will be passed by a majority of votes of those who are present at the meeting and who are entitled to vote.

8.7.    A person may appoint, in writing, another person to act as that person's proxy at any Trustee meeting.

8.8.    If a written resolution has been signed by all persons entitled to attend a Trustee meeting, the resolution in the terms stated will be deemed as passed at the time and date which the document was last signed by any such person. More than one identical written resolution, each of which has been signed by one or more persons, will constitute one document.

## 9.    TRUSTEE RECORDS AND REGISTERS

The Trustee must create and keep such records and registers of the Fund and decisions made as are required by this Deed and the *Act*.

## 10.    TRUSTEE POWERS

10.1.    In addition to those powers, authorities and discretions conferred on the Trustees by this Deed, the Rules, the Superannuation Law or the *Act*, the Trustee will have the following additional powers:

**Assets**: to sell, call in, convert into money, grant options or rights to purchase, mortgage, charge, sub-charge, or otherwise deal with or dispose of or transfer any item or asset comprising the whole or part of the Fund;

**Assurance Policies**: to effect or acquire policies of life assurance of any kind on the life of any Member or in respect of sickness, disability or accident to any Member, to pay premiums, transfer, surrender, change the place of and deal with the policies in any way whatsoever, to purchase or enter into insurance or investment bonds whether or not the bonds are linked to a policy over the life of any person;

**Bank accounts**: to establish and close a bank account with any bank or financial institution in the name of the Trustees as Trustee for the Fund;

**Borrow**: to borrow as permitted by the *Act* to any percentage of the valuation of the security provided, as approved by the Trustee so long as it is in accordance with the investment strategy;

**Choses in action**: to acquire choses in action including debts and obligations of all kinds for value or by way of gift or at a discount or at a premium and to assign, release, vary relinquish or otherwise deal with the choses in action in any way on terms and conditions as the Trustees see fit;

**Corporate Securities**: in reference to any entity in which the Trustees hold shares, stocks, debentures, options, convertible notes or is otherwise interested or concerned ("securities"), may exercise the following powers in addition to those conferred by law:

(a)    pay calls on securities or to permit securities to be forfeited and sold;

(b)    purchase securities and to take up securities of a new issue;

(c)    attend meetings personally or by proxy, attorney or representative and vote at the discretion of the Trustees;

(d)    sell securities at such price and upon such terms with or without security as the Trustee decides;

APPENDIX 3 -32

(e)   agree to any arrangement relating to the sale, transfer or exchange of any securities, or modifying any rights, privileges or interests in relation to the securities, to agree to any scheme or arrangement for the increase or reduction of the value or amounts of any shares or stock or of the capital of any company in which any securities form the whole or any part of the Fund, or by which any such securities are substituted or given in exchange, either wholly or partly for other securities, whether in the same company or not, for any such purpose to deposit, surrender or exchange any scrip or documents of title relating to the securities and generally to manage and deal with any securities as if the Trustee owned them beneficially; and

(f)   agree in respect of a winding up with the liquidator of a company or any member of such company or any other person, in all things as the Trustee will decide, for the division or partition in kind or specie of the assets or property of whatsoever nature of the company and to accept any of the assets and property in payment or satisfaction of any interest of the Trustee in the company with power to pay any moneys by way of equality of division or partition;

**Custodian**: the appointment of a custodian to hold the legal title of any asset which has been acquired or is to be acquired by the Trustees on such terms as the Trustees think fit;

**Debt**: if the Trustees believe that funds are required to be set aside to cover any liability or debt, to meet that liability or debt from the assets of the Fund, provided the Trustees are permitted by Superannuation Law;

**Delegation**: the Trustees may delegate to any one or more persons, firms or companies on such terms as the Trustees may think fit any of the authorities, powers and discretions conferred upon the Trustees. Without limiting this general power the Trustees may:

(a)   appoint from time to time any one or more persons, firms or companies as the Trustees may think fit to act as Manager, custodian or investment manager subject to such conditions as the Trustees may from time to time determine;

(b)   delegate to and confer upon the Manager, custodian or investment manager such authorities, power or discretions, including the Trustees' power of delegation, as the Trustees may think fit;

(c)   pay out of the Fund to any Manager, custodian, investment manager or other delegate such remuneration for its services as the Trustees consider proper; and

(d)   remove from time to time any Manager, custodian or investment manager.

**Expenses**: to pay expenses from the assets, Reserves or income of the Fund, including:

(a)   Management expenses: including all costs, charges and expenses relating to management of the Fund, which may include acquiring the services of specialists or administrators;

(b)   General expenses: including all costs, charges and expenses in connection with any real or personal property, which may include insurance premiums, rates, taxes, rent, repairs and any other expense the Trustees may consider necessary;

COPY – DO NOT PROCESS

**Franchises**: to acquire, sell or otherwise deal with franchises, franchise agreements, licences and related dealings;

**Futures contracts and options**: provided the Trustees maintains a risk management strategy, to engage brokers or commission agents, vary and determine terms of any such engagement directly or through a broker or agent in any market in any part of the world to:

(a)     buy, sell, open, close-out or otherwise deal in futures contracts of all kinds;

(b)     enter into, vary, exercise, abandon or sell any put or call option or rights;

(c)     place bids, make offers, hedge and effect orders including buy, sell, straddle, switch and stop-loss order;

(d)     tender and take delivery of commodities and currencies which are the subject of any futures contract or option; and

(e)     otherwise do and perform all things to operate on, utilise or deal with facilities of any stock or futures exchange.

**Gifts**: to receive property by gift or by distribution under a will or under the provisions of any other trust or otherwise from any person as an addition to the Fund, whether subject to liabilities or not and to hold these gifts according to the Rules and to administer such additions under these provisions;

**Incidental Powers**: to do all such other things as may be incidental to the exercise of the powers, rights, discretions otherwise provided by the Deed, the Rules or by law;

**Indemnities**: to give indemnities to or on behalf of any person that the Trustees think fit.

**Intellectual property**: to apply for, purchase or otherwise acquire and to sell intellectual property (including patents, patent rights, copyrights, trade marks, designs, formulas, licenses, concessions, know-how and the like), conferring any exclusive or non-exclusive or limited right to use intellectual property rights as well as develop or grant licenses in respect of intellectual property rights or information so acquired;

**To Let**: to lease, rent and let property owned by the Fund or held by the Trustees pursuant to the provisions of these Rules upon terms and conditions as the Trustees may decide, to accept surrenders from and to make arrangements with a lessee or tenant as the Trustees may consider appropriate;

**Lease**: to rent premises, to acquire the interest of any lessee in any lease, purchase, hire, take on lease, grant leases, sub-leases, tenancies or rights of any nature to any real estate, motor vehicles, computer hardware and software, fixtures and fittings, furniture, utensils, plant and equipment and other personal property of any description;

**Legal proceedings**: to institute, join in and defend proceedings at law or by way of mediation or arbitration and to proceed to the final end and determination of, or to compromise the same and to compromise and settle any such dispute or proceedings for such consideration and upon the terms and conditions as the Trustees may decide;

**Lend**: may lend and advance moneys as permitted by the *Act*;

**Licences**: may acquire, sell or transfer any licence or permit which the Trustees sees fit to engage or facilitate any business which the Trustees are permitted to under these Rules or the *Act*;

APPENDIX 3 -34

**Power of attorney**: in the exercise of all or any of the powers herein confirmed upon the Trustees to appoint an attorney and to execute any power of attorney or such other instrument that the Trustees consider necessary for the exercise of those powers;

**Property**: to maintain and preserve in good condition any:

(a)     real property: and to acquire, dispose of, exchange, strata title, subdivide, mortgage, sub-mortgage, lease, sub-lease, grant, release or vary any right or easement or otherwise deal with any interest in real property;

(b)     personal property: and to acquire, dispose of, exchange, hire, lease, mortgage or otherwise deal with any interest in personal property;

**Release of powers**: by irrevocable deed to renounce and release any power conferred on the Trustees under the Rules in respect of the whole or any part of the Fund or the income or any part thereof;

**Specialists**: to employ or engage and pay from the Fund, agents or professionals including such managers, agents, self managed superannuation fund advisers, solicitors, barristers, auditors, accountants, brokers, surveyors or other persons to transact any business or to do any act required to be done in connection with the administration and management of the Fund, to act upon the opinion or advice of these agents or professionals without being responsible for any loss or damage occasioned by so acting;

**Subdivision of Property**: to partition or to subdivide any property or interest in property which may be subject to these trusts and to pay moneys by way of equality or partition;

**Trustee's power to deal with itself**: notwithstanding any rule or law or equity to the contrary, and provided the in-house assets rules are complied with:

(a)     to acquire, as property of the Fund, the legal and beneficial interest in real or personal property which is, at the date of acquisition, the absolute property of the Trustee provided that any property so acquired is acquired for a consideration not greater than the current Market Value of the property and upon such acquisition the beneficial interest in the property will be held by the Trustee according to the Rules;

(b)     to dispose of any beneficial interest in property of the Fund to itself;

(c)     to lease to the Fund any real or personal property the legal and beneficial interest in which is at the date of such acquisition the absolute property of the Trustee; and

(d)     to lease any property of the Fund to itself;

**Unit trust interests**: to acquire units or sub-units of any fixed or flexible unit trust whether by way of application or purchase or by way of settlement by the Trustee in the establishment of such unit trust and to exercise all rights and perform all obligations and receive all distributions as a holder of any units in such a trust.

10.2.   These powers will be in addition to any other powers, authorities and discretions vested in the Trustee by another provision of the Deed, the Rules, or by Superannuation Law.

10.3.   These powers will not be limited by, or be construed so as to be limited by any other powers, authorities and discretions otherwise provided by the Deed, the Rules, or by Superannuation Law.

10.4.   In exercising these powers the Trustees must ensure at all times that the Fund remains a Complying Superannuation Fund.

10.5.   A Trustee who is a natural person may be a director of any company in which any moneys forming part of the Fund are from time to time invested and may receive remuneration attached to such office without being liable to account for it unless that appointment would compromise or affect the Fund's status as a Complying Superannuation Fund.

10.6.   Subject to the terms of these Rules the Trustees may exercise or concur in exercising all powers and discretions given under this Deed or by law, notwithstanding that it or any person who is a director or shareholder of the Trustee has or may have a direct or indirect interest in the result of exercising such powers or discretion or may benefit either directly or indirectly as a result of the exercise of any such power or discretion and notwithstanding that the Trustee at the time is the sole Trustee.

## 11.   THE TRUSTEE MAY BORROW AS PERMITTED BY THE ACT

11.1.   In general circumstances and unless permitted by the *Act* and the Rules, the Trustees must not:

(a)   borrow money;

(b)   maintain an existing borrowing of money;

(c)   recognise, or in anyway encourage or sanction, a charge over, or in relation to a Member's Benefits; and

(d)   give a charge over, or in relation to, an asset of the Fund.

11.2.   The Trustees may borrow funds if permitted by the *Act* provided:

(a)   the asset is held in trust and the Fund will hold a beneficial interest in the asset;

(b)   the Fund may acquire legal and beneficial ownership of the asset; and

(c)   the rights of the lender against the Fund for default on the borrowing are limited to the rights relating only to the asset acquired with the borrowed funds.

## 12.   ASSETS

12.1.   The Trustees must not acquire an asset from a Member or an Associate of a Member unless that asset is an allowable acquisition under the *Act* and acquired at Market Value.

12.2.   Except if required for the purposes of limited recourse borrowing arrangements permitted under these Rules and the *SIS Act*, the assets of the Fund must be held in the Trustees' names and must be held separately from any assets held by the Trustees personally, a Member, by an employer of a Member or any other person unless otherwise allowed by the *SIS Act*.

COPY DO NOT PROCESS

## 13.   TRUSTEE MAY RECEIVE GIFTS OR DISTRIBUTIONS

A gift or distribution made to the Fund may be accepted and allocated to Earnings, a Reserve or a Member's Account or applied for any purpose as the Trustees determine including the payment of a Pension to a Member or Pension Dependant in the event of the Member's death, provided the status of the Fund as a Complying Superannuation Fund is not affected or compromised.

## 14.   MEMBERS

14.1.   The Trustees have absolute discretion as to who is admitted as a Member provided:

    (a)   that person or that person's LPR has provided the Trustees with an Application Form and has read and agreed to be bound by the Deed and Rules of the Fund;

    (b)   the admittance of that person as a Member would not affect or compromise the Fund's status as a Complying Superannuation Fund; and

    (c)   the person or LPR of the person applying will accept the appointment as Trustee or director of a company that is the Trustee and is not a disqualified person.

14.2.   The Trustees must admit any person as a Member where that person will be paid a Pension from the Fund.

14.3.   If the Fund is a sole member Fund, the Member may give written notice to the Trustees stating that no other Member will be admitted to the Fund.

14.4.   If a Member transfers a property to the Fund, the Member may give written notice to the Trustees stating that the property is to be held specifically for that Member with no other Member to obtain an interest in that property. The Trustees may decline to accept that transfer or may accept that transfer on terms and conditions at the discretion of the Trustees and any expenses of the Fund attributable to that property will be payable from the Member's Account.

## 15.   MEMBERS APPLICATION

15.1.   The Trustees will not admit any person as a Member of the Fund unless that person has submitted an Application Form. The Trustees are not required to admit a person who the Trustees do not believe has read or understood the Rules or the Deed or who has not agreed to be bound by the Deed and Rules of the Fund.

15.2.   Upon death of a Member, any person who may be entitled to receive a Pension Benefit and does not wish to become a Member, or if the Trustees decides not to admit that person as a Member, then the Trustees must transfer the amount that would have funded the Pension to another Benefit Arrangement. The transfer of any amount must be in accordance with Rule 29.Once the Trustees have received all relevant documentation, including the Application Form and any other documentation the Trustees may require, the Trustees may in its absolute discretion admit or refuse to admit that person as a Member of the Fund.

15.3.   The terms and conditions applicable to a Member's membership of the Fund, including the contributions and benefits payable to or in respect of the Member, may be varied by written agreement between the Trustees and the Member.

15.4.   As soon as practicable after the admission of a person as a Member of the Fund the Trustees will give to that Member any information required by the *Act*.

## 16.    TERMINATION OF MEMBERSHIP

**16.1.**    The Trustees have absolute discretion to expel any Member of the Fund. That if a Member ceases to be a Member of the Fund, he or she must retire as a Trustee of the Fund or a director of a corporate trustee of the Fund.

**16.2.**    The Trustees must give notice to the Member of the member's expulsion from the Fund. Where a Member is expelled from or ceases to be a Member of the Fund the balance of the Member's account must be transferred to a Benefit Arrangement in accordance with Rule 29 or as nominated by the Member within 60 days of the date of the Trustee's Member expulsion notice and if a nomination is not made within that period, to an Eligible Rollover Fund at the discretion of the Trustee.

**16.3.**    Unless prohibited by the *Act*, a Member will be deemed to have ceased to be a Member on the first to occur of the following:

(a)      when the Member is no longer entitled to receive Benefits from the Fund;

(b)      when the Trustees determine that the Member should no longer be a Member;

(c)      on the death of the Member, or if the Trustees decide otherwise, no later than the time any LPR of the Member ceases to act as Trustee or director the Trustee company;

(d)      no later than the earliest of either:

(1)      four months from the date a Member became ineligible to be a Trustee or to be a director of a company which is a Trustee unless a LPR of that Member is appointed a Trustee; or

(2)      the date just before a Member became ineligible to be a Trustee or to be a director of a company which is a Trustee unless a LPR of that Member is appointed as a Trustee.

## 17.    MEMBER'S ACCOUNT

**17.1.**    A record of all Contributions, Earnings, amounts allocated to or from any Fund reserves, Benefits paid and all other amounts credited or debited to a Member's Account must be kept by the Trustees on behalf of the Members.

**17.2.**    The Trustees may keep more than one account for a Member, which may include more than one Member's Accumulation Account and more than one Pension account.

**17.3.**    A record of the tax free and Taxable Components of a Member's Account must be kept by the Trustees.

**17.4.**    The Trustees will, subject to any restrictions imposed by the *Act*, add to a Member's Account the following received on behalf of the Member or attributable to the Member's Account:

(a)      Contributions received; and

(b)      Earnings; and

(c)      Splittable Contributions; and

(d)      Payment Split; and

(e)      Reserves; and

COPY DO NOT PROCESS

    (f)      the proceeds of any Policy; and

    (g)      any other amount which the Trustees with the consent of the Member determine will be credited to the Member's Account.

**17.5.**    The Trustees will subject to any restrictions imposed by the *Act* deduct from a Member's Account the following:

    (a)      any costs or fees and any other liabilities attributed to it;

    (b)      Losses of the Fund;

    (c)      Benefit payments paid to that Member or persons entitled to receive them or transferred to another Benefit Arrangement;

    (d)      Tax payable;

    (e)      Excess Contributions Tax liability;

    (f)      Splittable Contributions;

    (g)      Payment Split; and

    (h)      Any other amount including an amount to be transferred to a Reserve Account which the Trustees with the consent of the Member, determine will be debited to the Member's Account.

## 18.   CONTRIBUTIONS

**18.1.**    The Trustees may accept any Contributions made on behalf of a Member or a Spouse of a Member by any person, entity or government body so long as the acceptance by the Fund of that contribution:

    (a)      will not compromise or affect the Fund's status as a Complying Superannuation Fund; or

    (b)      is permitted by the *Act*.

**18.2.**    The Trustees are required to comply with the provisions of the *Act* concerning any Excess Contributions Tax imposed on a Member.

**18.3.**    The Trustees, at the request of a Member, will allot, transfer or rollover, within the period required by the *Act*, of all or part of a Member's Account to another Superannuation Entity or another Member's Account, if

    (a)      the Trustees are satisfied that any such action will not compromise or affect the Fund's status as a Complying Superannuation Fund, or

    (b)      the Trustees are required by order or agreement under the provisions of the *Family Law Act 1975* to perform such an action.

**18.4.**    The Trustees will not transfer or rollover a Member's Account to a Superannuation Entity or another Member's Account if prohibited by the *Act*, if it will cause a breach of the minimum benefit provisions of Division 5.3 of the SIS Regulations or if it will compromise or affect the Fund's status as a Complying Superannuation Fund.

**18.5.**    The Trustees have absolute discretion as to whether the transfer will be in the form of cash or assets, with or without conditions.

18.6.   The Trustees have absolute discretion and may accept transfers or rollovers from another Superannuation Entity, whether conditionally or not, provided it does not breach the *Act* or compromise or affect the Fund's status as a Complying Superannuation Fund.

## 19.   ESTATE PLANNING

19.1.   Non-binding Death Benefit Nominations

(a)   A Member may provide a written Non-Binding Death Benefit Nomination to the Trustees, by which the Trustees may, in their discretion, provide benefits to the beneficiaries listed in that nomination. Subject to the *Act*, the Trustees must accept a Non-Binding Death Benefit Nomination, but it is not binding on the Trustees.

(b)   A Member or the LPR of the Member may confirm, amend or revoke the nomination previously given to the Trustees.

(c)   A Member or the LPR of the Member may give direction to the Trustees to act in a particular way upon the Member's death or incapacity, but the Trustees are not obligated to follow such instructions.

(d)   The Trustees must not comply with any nomination or direction that would compromise or affect the Fund's status as a Complying Superannuation Fund.

19.2.   Binding Death Benefit Nominations

(a)   Trustees should provide a Member with information that it believes the Member needs for the purposes of submitting a Binding Death Benefit Nomination.

(b)   A Member may provide a written Binding Death Benefit Nomination, by which the Trustees are bound to provide Benefits to the beneficiaries listed in and in accordance with that nomination, provided the nomination is valid and binding at the date of death of the Member.

(c)   Subject to the *Act*, the Trustees must accept a Binding Death Benefit Nomination and will be bound by it.

(d)   A Member may confirm, amend or revoke the nomination by written notice given to the Trustees.

(e)   The Trustees must not comply with any nomination or direction that would compromise or affect the Fund's status as a Complying Superannuation Fund.

(f)   A Binding Death Benefit Nomination and any revocation or amendment to it must:

(1)   be in writing;

(2)   require that all Benefits would be payable to one or more of a LPR or a Dependant of the Member; and

(3)   be signed by the Member in the presence of more than one person:

(A)   each of whom has turned 18 years of age; and

(B)   neither of whom is a person mentioned in the Binding Death Benefit Nomination.

COPY DO NOT PROCESS

APPENDIX 3 -40

(g)    If proceedings, for dissolution of a Member's marriage to a spouse, under the *Family Law Act 1975* or some similar foreign legislation have commenced, then any nomination which states that the Benefit is to be paid to that spouse of the Member will be deemed to be revoked.

(h)    A Binding Death Benefit Nomination will have an indefinite term unless the Member has stipulated otherwise or the nomination is revoked by written notice to the Trustees.

**19.3.**  Death Benefit Request

(a)    A Member or the Legal Personal Representative of the Member may provide the Trustee with a notice in writing requesting the Trustee to establish a Death Benefit Rule that requires the Trustee to pay Benefits in the event of the death of the Member in a manner and form that the Member or the Legal Personal Representative of the Member so chooses; including whether the Benefit is to be a Lump Sum Benefit, a Pension Benefit or combination of both.

(b)    The Trustee may accept or reject any notice referred to at Rule 19.3 (a) and must reject if the Trustee holds a Binding Death Benefit Nomination from that Member. If the Trustee accepts the notice, the Trustee shall be bound to act in accordance with that Death Benefit Rule that would be established as a consequence of accepting the notice.

(c)    A Member, or the Legal Personal Representative of the Member, may provide the Trustee with a notice in writing requesting the Trustee to delete or amend a Death Benefit Rule that was previously established at the request of the Member and, if amended, the Trustee shall act in accordance with that amended Death Benefit Rule.

(d)    The Trustee shall not accept any notice referred to at Rule 19.3 (a) or (c) if that would cause the Fund to become a Non-Complying Self Managed Superannuation Fund.

## 20.   BENEFITS

**20.1.**  A Member or any other person permitted to receive a Member's Benefit by the *Act*, may be entitled to receive one or more of:

(a)    a lump sum Benefit;

(b)    a Pension Benefit;

(c)    a Temporary Incapacity Benefit:

(d)    a Permanent Incapacity Benefit; and

(e)    such other Benefit including the proceeds of any Policy that may be permitted to be paid to a Member under the *Act*, including in situations of Severe Financial Hardship or on Compassionate Grounds, as the Trustees might determine;

provided that the payment of any such Benefit would not breach the minimum Benefit provisions of Division 5.3 of the SIS Regulations or compromise or affect the Fund's status as a Complying Superannuation Fund or be in breach of the *Act*.

**20.2.**  A Benefit will be payable to a Member, Dependant of a Member, LPR of a Member or to some other person provided it is required to be paid by the Rules or the *Act*.

APPENDIX 3 -41

20.3.   A Member or the LPR of a Member may request that a lump sum Benefit be paid, and the Trustees at their discretion may pay the Benefit provided it is permitted by the *Act* and will not compromise or affect the Fund's status as a Complying Superannuation Fund.

20.4.   A Trustee may pay a lump sum Benefit to a Member that will not exceed the balance of that Member's Accumulation Account although, in addition, the Trustee at its discretion may pay the whole or part of any Reserves to the Member.

**Pension Benefit**

20.5.   Where a Member or a Member's LPR requests that the Trustees pay a Pension to a Member or after the Member's death, to their Pension Dependant, the Trustees may do so provided it is permitted by the *Act*, and provided the payment will not compromise or affect the Fund's status as a Complying Superannuation Fund.

20.6.   Any Pension must be paid in accordance with these Rules and comply with the standards for the provision of Pensions of the SIS Regulations (which are deemed incorporated in these Rules).

20.7.   A Trustee must notify a Member in writing of any Pension it will pay to the Member and the notification will outline the terms or conditions of the Pension which will be deemed to be a Rule unless payment of the Pension would affect or compromise the Fund's status as a Complying Superannuation Fund.

20.8.   Subject to the Rules and the *Act,* the Trustees in their sole discretion may utilise any amount standing in the Member's Account, a Member's Pension Account or a reserve to provide a Pension to a Member, or if permitted by the *Act*, their Dependants, a LPR of a Member, or any other person.

**Incapacity**

20.9.   The Member is to advise the Trustees of incapacity:

(a)   if a Member becomes incapacitated that Member or their LPR will advise the Trustees as soon as practicable. The Trustees may request the Member submit to any reasonable medical examinations, as it sees fit;

(b)   upon receipt of any documentation required by the Trustees regarding a Member's incapacity, the Trustees at their sole discretion will determine whether or not the Member suffers Temporarily Incapacity or Permanent Incapacity.

**Temporary Incapacity**

20.10. If the Trustees are reasonably satisfied that a Member suffers Temporary Incapacity, it may choose to pay a Benefit in the manner and for no more than the amount permitted by the *Act* to the Member from the time of that Temporary Incapacity to the earlier of:

(a)   the date the Member is re-instated in similar employment the Member was previously engaged in prior to suffering the Temporary Incapacity;

(b)   the date on which the Trustees believe the Member commenced to suffer Permanent Incapacity;

(c)   the date of death of the Member; or

(d)   such other time permitted under the *Act*.

APPENDIX 3 -42

**20.11.** The Trustees, in their sole discretion, may deduct an amount from a Reserve Account or any of the Member's accounts to pay the Temporary Incapacity Benefit.

**Permanent Incapacity**

**20.12.** If the Trustees are reasonably satisfied that a Member suffers Permanent Incapacity the Trustee may pay all or part of any of a Member's Accounts to the Member, or if permitted by the *Act*, to a Dependant or Pension Dependant or LPR of the Member whether as a lump sum or a Pension or a combination of both, in its absolute discretion.

**20.13.** The Trustees in their sole discretion may allocate any amount from any Reserve Account held in the Fund to pay the Benefit on the Member's Permanent Incapacity.

**Death of a Member**

**20.14.** On the death of a Member:

    (a)    if the member was a Trustee or a director of the corporate Trustee, the Member's LPR will be appointed as a replacement Trustee or a director of the corporate Trustee until the date Benefits payable on the death of the Member commence to be payable provided that the LPR is eligible to act as Trustee and has consented to act as Trustee; and

    (b)    the Trustees may transfer or continue to pay any Pension previously payable to a Member to such Pension Dependants of the Member as are permitted by the *Act* to receive the Pension.

**Payment of a Death Benefit**

**20.15.** In the event of a Member's death, the Trustees at their sole discretion, but subject to Rule 20.17, will pay a Death Benefit any one or more of the Member's Dependants or the Member's LPR or another person as permitted by the *Act*.

**20.16.** If the Trustees hold a Non-Binding Death Benefit Nomination by the deceased Member, the Trustees in their sole discretion may choose but is not obliged to pay such Benefits to persons nominated in that Non-Binding Death Benefit Nomination, provided the payment is permitted by the *Act*.

**20.17.** If the Trustees hold a Binding Death Benefit Nomination by the deceased Member the Trustees must pay such Benefits in the manner and form as requested in that Binding Death Benefit Nomination provided the payment is permitted by the *Act*.

**20.18.** Provided it is permitted by the *Act*, the Trustees may pay additional amounts to the deceased Member's Dependants or LPR including from a Reserve Account but these amounts would not form part of the deceased Member's Benefit.

**Conversion of a Lump Sum Benefit into a Pension**

**20.19.** Should a Member, or a deceased Member's LPR or a deceased Member's Dependants so request, the Trustees in their sole discretion may convert any lump sum Benefit payable to or in respect of a Member either in whole or in part to a Pension payable to the Member, or the deceased Member's Pension Dependants as permitted by the *Act*.

**20.20.** A Member or a deceased Member's LPR or a deceased Member's Dependants must notify the Trustees of the Pension required and the Trustees are to use the Member's lump sum Benefit to fund any Pension.

APPENDIX 3 -43

**Commutation of a Pension**

20.21.   By written request of a Member or in the event of a Member's death, the Member's Pension Dependants and provided it is permitted by the *Act*, the Trustees, in their absolute discretion, may commute the whole or any part of any Pension payable to the Member in accordance with the Rules below.

20.22.   Any amount resulting from the commutation may be applied by the Trustees:

    (a)   to pay a lump sum Benefit to a Member, or in the event of the death of the Member, to any one or more of the Member's Pension Dependants; or

    (b)   to be allocated into the Member's Accumulation Account.

20.23.   The Trustees will determine any possible Tax consequences or commutation limits prior to commuting a Pension. The Trustees must also notify the Member, Dependants or LPR of the Member of this information.

## 21.   INVESTMENTS

**Investment strategy**

21.1.   The Trustees must formulate and implement an investment strategy that reflects the purpose and circumstances of the Fund and considers:

    (a)   the risk and liquidity involved in making, holding and realising and likely return from investments having regard to the Funds objectives and expected cash flow requirements;

    (b)   the composition of the Fund's investments as a whole and the Benefits and risks associated with diversification;

    (c)   the liquidity of the Fund's investments in view of its expected cash flow;

    (d)   the ability of the Fund to discharge its existing and prospective liabilities; and

    (e)   the needs of Members considering their age, income level and retirement needs.

21.2.   The investment strategy could consist of one or more strategy for the whole of the Fund or separate strategies for various parts of the Fund.

21.3.   The investment strategy should identify the investment objectives and provide detail of the investment methods the Fund may adopt to implement the strategy.

21.4.   The Trustee will review this strategy annually and can amend the strategy at any time deemed appropriate. The Trustee must advise all Members affected by written notice of all details outlined in any amendment.

21.5.   Should a Member request to view the Fund's investment strategy the Trustee will comply with this request by the Member.

21.6.   The Trustees must also set an investment strategy for one or more reserves of the Fund. Any such investment strategy must be based upon the prudential management of assets of the reserve or such other requirements as laid down in the *Act*.

21.7.   The Trustees in their sole discretion may act on the advice of an adviser or a specialist in documenting the Fund's investment strategy so long as the Trustee believes the adviser has adequate credentials to provide such advice.

COPY DO NOT PROCESS

APPENDIX 3 -44

**The Trustee must invest the assets of the Fund**

21.8. The Trustees must invest the assets of the Fund in accordance with the Fund's investment strategy.

**A Member can request the Trustee to invest their account separately or jointly**

21.9. A Member or the LPR of the Member may request the Trustees to invest all or part of the amount standing to the credit in the Member's Account separately from other investments held in the Fund however it is in the Trustees sole discretion to accept, subject to conditions, or reject the request from the Member.

**Authorised investments**

21.10. The Trustee may invest the assets of the Fund as if it were the absolute and beneficial owner of those assets and will exercise such diligence and prudence that an ordinary person would exercise in conducting their own affairs.

21.11. The Trustees may invest in investments both within and outside Australia. The Trustees have the power to apply or invest any moneys required to be invested either alone or in partnership or co-ownership with any other person or persons.

21.12. The Trustees may invest in:

(a) **Authorised investments**: in any one or more investments as sanctioned by law in any State or Territory of Australia relating to the investment of trust moneys;

(b) **Real and Personal property**: in the acquisition of real or personal property or any interest in it including intellectual property rights or privileges in Australia or any other country;

(c) **Shares**: in the acquisition of fully or partly paid shares including redeemable, preference or redeemable preference shares, stock debentures, debenture stock bonds, units, securities or obligations or any interest, with or without deferred, restricted, qualified or special rights relating thereto and whether or not there is or is not a liability in respect of any such shares, units, securities or interests, of or in any public proprietary or no liability company, association, firm, mutual fund or unit trust wherever incorporated or formed, whether carrying on business in Australia or in any other country, or in giving any guarantee or otherwise becoming a proprietor of a company limited by guarantee;

(d) **Option and rights**: in the acquisition of options, entitlements or rights to any of the securities mentioned in paragraph (c) of this sub-clause;

(e) **Deposit**: on fixed deposit or at-call with any bank, savings bank, building society, company, corporation or firm wherever incorporated or situated and wherever carrying on business;

(f) **Insurance**: in the acquisition of any policy of assurance or insurance of any kind whatsoever and wherever made;

(g) **Loans**: in making loans to any person or company, except to Members or a relative of a Member;

(h) **Precious objects**: in the purchase of gold, silver, works of art, coins, stamps, furniture, ornaments, precious objects, jewellery and antiques, or any other similar objects;

(i)    **Commodity** contracts: in the acquisition of foreign currencies, hedging contracts, commodity contracts and also options or futures contracts of any other kind quoted on a recognised stock exchange;

(j)    **Permanent building society**: in the lodgement of moneys with a permanent building society wherever situated, by taking up shares in or depositing funds with;

(k)    **Deferred property**: in the acquisition of any reversionary or deferred property or rights of any description;

**Investment manager**

21.13.  The Trustees may in writing appoint a person (not disqualified from acting as such) as investment manager of the Fund assets for such periods and subject to such conditions as the Trustees may from time to time determine, except the investment manager may not be exempted from or have limited liability for negligence.

21.14.  The Trustees:

(a)    may delegate to and confer upon that investment manager such powers, discretions and authorities relating to the investments, sale, getting in and disposal of the Fund assets as the Trustee may think fit;

(b)    will have power, as an expense of the Fund, to pay out of the Fund assets to that investment manager such remuneration for its services as the Trustees considers proper; and

(c)    will have power to remove that investment manager.

21.15.  No investment manager appointed by the Trustees will be entitled to take any part in the proceedings or deliberations of the Trustees.

21.16.  No delegation of powers and discretions and authorities under this clause, however, will be made in the breach of any of the provisions of the *Act* and in particular must be in accordance with s102 of the *SIS Act*.

**Trustee not bound to act personally**

21.17.  The Trustees are not bound in any case to act personally but is at liberty to employ any person to act as manager, lawyer, accountant, clerk, contractor, workman, or employee or any agent to transact any business. The Trustees may determine the remuneration to be paid and allowed for those services.

**Trustee to appoint Auditor**

21.18.  On establishment of the Fund and in every year of income of the Fund, the Trustees must appoint an Auditor to audit the Fund who must give the Trustees a report in the form required by the *Act*.

## 22.   OPERATION AND ADMINISTRATION

**Fund Compliance**

22.1.  If a Trustees are aware or notified by the Auditor, an adviser to the Fund or the Regulator of the Fund that it may lose its status as a Complying Superannuation Fund the Trustees must:

(a) liaise with the Auditor, adviser or Regulator to implement a compliance plan to ensure the Fund's status as a Complying Superannuation Fund will be maintained;

(b) notify all Members of any action required under the compliance plan; and

(c) take any such action as required under the compliance plan within a reasonable time frame and before the lodgement of the Fund's next regulatory return.

### Fund Insolvency

22.2. If the Trustees are notified by the Auditor or the Fund's actuary or becomes aware the Fund is or may become insolvent, the Trustees must:

(a) liaise with the actuary or Auditor to determine a solvency plan to ensure the Fund's solvency, including but not limited to reducing any Members' Accounts or Members' Benefits;

(b) notify Members of any action required under the solvency plan; and

(c) take such action as is required under the solvency plan prior to the lodgement of the Fund's next regulatory return.

### Earnings

22.3. The Trustees will determine the amount of the Fund's Earnings for all or part of a Financial Year.

22.4. The Trustees have sole discretion as to where to allocate Earnings including allocating Earnings to a Member's Accumulation Account, a Member's Pension Account, or a reserve and using Earnings to pay a Benefit or expense of the Fund or any tax imposed upon the Fund.

### Taxation

22.5. The Trustees must pay all Tax properly assessed to the Trustees.

22.6. The Trustees may in their sole discretion deduct from a Member's Account Tax paid or payable by the Trustees:

(a) as a consequence of the receipt by the Trustee of a Contribution for the Benefit of a Member,

(b) payable on any income which may be added to a Member's Account, and

(c) any Tax which the Trustee believes may be payable as a consequence of a payment given to a Member.

22.7. The Trustee may in their discretion deduct from any account, including a Reserve Account, Tax paid or payable by the Trustee provided that any such deduction will not affect or compromise the Fund's status as a Complying Superannuation Fund.

22.8. If the Trustees receive a refund of Tax the Trustee may allocate the refund to any Member's Account or a Reserve Account as it sees fit provided that this would not affect or compromise the Fund's status as a Complying Superannuation Fund.

**Annual Accounts**

22.9.  The Trustees must keep annual accounting records as required by the *Act*.

22.10.  Accounting records are to be kept in such form and supported by any documentation as to enable them to be properly audited.

22.11.  The Trustees must in a reasonable time frame after the end of each Financial Year:

   (a)  organize a statement of the Fund's financial position recording all assets and liabilities at the end of that preceding Financial Year;

   (b)  organize an operating statement recording any profit derived or loss incurred by the Fund for that preceding Financial Year (or part year if the Fund was not in existence for a full year);coordinate for these statements and all accounting records of the Fund to be audited by an approved Auditor;

   (c)  arrange for all tax returns and other statements required to be lodged pursuant to the *Act* by the Fund to be lodged as required; and

   (d)  prepare any Member and other statements and reports as required by the *Act*.

22.12.  The Trustees must keep accounts and statements for a minimum period of 5 years after the end of the Financial Year to which they relate.

## 23.  RESERVES

23.1.  The Trustees may maintain reserves for specific purposes and applications and may add, deduct and allocate amounts to those Reserve Accounts as it considers appropriate.

23.2.  The Trustees must formulate and implement a separate investment strategy for any reserve that is consistent with the Fund's investment strategy. Investments must be in accordance with the Fund's investment strategy and with the Trustee's ability to discharge liabilities, either actual or contingent, as and when they fall due.

23.3.  No Member or any other person will have any entitlement to any amount in a Reserve Accounts.

## 24.  INSURANCE

**The Trustee may establish an insurance plan**

24.1.  The Trustees may establish and implement an insurance plan for the Benefit of the Fund to enable the Fund to make payments (including the payment of Benefits on a Member's death or disability) to a Member, a Member's Dependant or the LPR of a Member in the event of a Member's death, disablement, illness or otherwise as permitted by the *Act*.

**Self Insurance**

24.2.  The Trustees can elect to self insure and may establish a Reserve:

   (a)  to which such amounts as the Trustees might require will be added for the purpose of self insurance;

   (b)  from which the Trustees may pay amounts required to paid as a consequence of the Trustees self insuring against an event; and

COPY DO NOT PROCESS

(c)     from which amounts no longer required for the purpose of self insurance may be transferred to such other Reserve or to such Member's Account as the Trustees may determine.

**The Trustee has discretion as to the application of any insurance proceeds**

24.3.   The Trustees have absolute discretion as to the application of any insurance proceeds received by the Fund and may allocate the insurance proceeds to any Member's Account or to Reserves held in the Fund.

24.4.   No Member nor their LPR nor any other person has any interest in any insurance proceeds that might be received by the Fund.

24.5.   If a Benefit would ordinarily include an insured component under a Policy (for example a benefit payable on the Member's death or disablement) but:

(a)     no amount is paid under that Policy; or

(b)     the amount paid under the Policy is less than the amount that would ordinarily be payable;

the amount payable to the Member may be adjusted accordingly.

24.6.   This clause is:

(a)     for the protection of the Trustees and the Fund; and

(b)     not to be taken as conferring any rights on Beneficiaries in respect of benefits additional to those conferred under other provisions of this Deed.

## 25.     CHANGES

**Amendment of the Deed or the Rules**

25.1.   The Trustees may in their absolute discretion amend vary or alter any provision of this Deed or the Rules (in whole or in part) by way of written resolution provided:

(a)     any change to the Deed will not affect or compromise the Fund's status as a Complying Superannuation Fund and is not in breach of the *Act*;

(b)     the amendment does not reduce the amount of any Benefit accrued or accruing to a Member as at the date of amendment unless the Member or the LPR of the Member has in writing consented to any such amendment;

(c)     the amendment does not amend the term of a Pension unless the Member or the LPR of the Member who accepted the term of the Pension has in writing consented to any such amendment;

(d)     the amendment does not allow a person other than a Constitutional Corporation to be eligible for appointment as a Trustee unless the Rules provide and will continue to provide after the amendment is made that the Fund has as its sole or primary purpose the provision of old age pensions, and

(e)     the amendment does not allow the sole or primary purpose of the Fund to be a purpose other than the provision of old age pensions unless the Rules provide and will continue to provide after the amendment is made that the Trustee must be a Constitutional Corporation.

APPENDIX 3 -49

## 26.   GOVERNING LAW

The law applicable to the Fund is the law of the State or Territory of the Commonwealth of Australia where the Trustee resides.

## 27.   STATUS OF THE ACT

In every respect, these Rules are subject to the provisions of the *Act*. Any Rule, to the extent that it affects or compromises the Fund's status as a Complying Superannuation Fund, will not apply and will have no force or effect. If there is any inconsistency between the provisions of the *Act* and these Rules, the provisions of the *Act* will prevail. Provided there is no inconsistency between the provisions of these Rules and the *Act*, any authority or discretion given to the Trustee by the *Act* will be incorporated into these Rules as if it were a Rule.

## 28.   TERMINATION OF THE FUND

28.1.   The Fund will be terminated on the first to occur of the following:

(a)   the Trustees resolve that the Fund should be wound up and terminated;

(b)   the Fund must be wound up for any purposes under the *Act*;

(c)   the Fund ceases to have Members;

(d)   the Regulator requires that the Fund be wound up; or

(e)   the Trustee's office becomes vacant and no new Trustee is appointed within ninety (90) days.

28.2.   The Trustees will on the Termination Date deal with the Fund in the following order:

(a)   dispose of any assets in the Fund in order to have sufficient cash with which to meet any debts and liabilities the Fund may have incurred. The Trustees have discretion to determine which of the Fund's assets are to be disposed;

(b)   pay out any outstanding debts and liabilities of the Fund;

(c)   pay out any Benefits due by the Fund to the Members. The Trustees retain sole discretion as to how these amounts will be paid;

(d)   transfer or rollover amounts standing to the credit of remaining Member's Accounts as if the Members had been expelled under rule 16.2; and

(e)   determine to whom any Benefits are to be paid including former Members, trusts that former Members were beneficiaries of, the LPR of former Members or any other person. The Trustees will retain sole discretion as to where and how those Benefits are to be paid and must ensure that the payment complies with the *Act*.

## 29.   TRANSFERS TO AND FROM OTHER FUNDS

### 29.1.   Transfers from other Funds

Subject to the *Act*, the Trustees may accept into the Fund an amount or asset in respect of a Member or prospective Member that is transferred from another Benefit Arrangement.

APPENDIX 3 -50

29.2.   **Transfers to Other Funds**

(a)   The Trustees may transfer the whole or part of any amount held in the Fund in respect of a Member to another Benefit Arrangement.

(b)   The Trustees may make such a transfer without the Member's consent where the *Act* permits (including to a Successor Fund or an Eligible Rollover Fund).

(c)   The Trustees may make such enquiries as it considers appropriate to satisfy itself that the Benefit Arrangement complies with the requirements of the *Act* (or in the case of a retirement savings account, the *Retirement Savings Account Act 1997* (Cth)) and that any Preserved Benefits must continue to be preserved in accordance with the requirements of the *Act*.

A transfer of an amount under this clause 29 is a complete discharge to the Trustees in relation to any liability to the Member or any person claiming through the Member in relation to the amount transferred

## 30.   INTERPRETATION

30.1.   In the Deed and the Rules unless the contrary intention appears or can be reasonably implied from the context:

(a)   The singular includes the plural and vice versa.

(b)   A reference to one gender includes a reference to all other genders.

(c)   Headings of clauses are included for the sake of convenience only and will not affect the interpretation of the clauses to which they relate.

(d)   References to any statute or statutory provision include that statute or statutory provision as amended, extended, consolidated or replaced by subsequent legislation and any orders, regulations, instruments or other subordinate legislation made under the relevant statute.

(e)   The words "including", "includes", "such as" and "for example" should be read as if followed by the words "without limitation".

(f)   The word person means and includes a natural person, a company, a firm or any other legal entity whether acting as a trustee or not.

(g)   A reference to 'interest', 'earnings' or 'investment returns' or such other similar term can refer to either positive or negative 'interest', 'earnings' or 'investment returns'.

(h)   If an expression is defined in the *Act*, but is not defined in this Deed, then that expression will have the meaning given to it in the *Act*.

(i)   The Deed will bind each party's legal personal representatives, successors and assigns.

(j)   When a party comprises two or more person the rights and obligations of such persons pursuant to this Deed will enure for the benefit of and bind all of them jointly and each of them severally.

COPY DO NOT PROCESS

APPENDIX 3 -51

**2017**

Department of the Treasury
**Internal Revenue Service**

# Instructions for Form 3520-A

### Annual Information Return of Foreign Trust With a U.S. Owner

Section references are to the Internal Revenue Code unless otherwise noted.

## General Instructions

### Future Developments

For the latest information about developments related to Form 3520-A and its instructions, such as legislation enacted after they were published, go to *IRS.gov/Form3520A*.

### Purpose of Form

Form 3520-A is the annual information return of a foreign trust with at least one U.S. owner. The form provides information about the foreign trust, its U.S. beneficiaries, and any U.S. person who is treated as an owner of any portion of the foreign trust under the grantor trust rules (sections 671 through 679).

### Who Must File

A foreign trust with a U.S. owner must file Form 3520-A in order for the U.S. owner to satisfy its annual information reporting requirements under section 6048(b). Each U.S. person treated as an owner of any portion of a foreign trust under the grantor trust rules (sections 671 through 679) is responsible for ensuring that the foreign trust files Form 3520-A and furnishes the required annual statements to its U.S. owners and U.S. beneficiaries.

**Exception.** Custodians of Canadian registered retirement savings plans (RRSPs) and Canadian registered retirement income funds (RRIFs) are not required to file Form 3520-A with respect to a U.S. citizen or resident alien who holds an interest in an RRSP or RRIF. In addition, custodians of any other Canadian retirement plan within the meaning of section 3 of Rev. Proc. 2014-55 are not required to file Form 3520-A for a U.S. citizen or resident alien owner or beneficiary. See Rev. Proc. 2014-55, 2014-44 I.R.B. 753, available at *IRS.gov/irb/2014-44_IRB/ar10.html*.

### When and Where To File

File a complete Form 3520-A (including the statements on pages 3 and 4) with the Internal Revenue Service Center, P.O. Box 409101, Ogden, UT 84409, by the 15th day of the 3rd month after the end of the trust's tax year. Give copies of the **Foreign Grantor Trust Owner Statement** (page 3 of Form 3520-A) and the **Foreign Grantor Trust Beneficiary Statement** (page 4 of Form 3520-A) to the U.S. owners and U.S. beneficiaries by the 15th day of the 3rd month after the end of the trust's tax year.

An extension of time to file Form 3520-A (including the statements on pages 3 and 4) may be granted by filing Form 7004. For details, see Form 7004, Application for

Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns.

**Note.** An extension of time to file an income tax return will not provide an extension of time to file Form 3520-A. Form 7004 must be filed in order to request an extension of time to file Form 3520-A.

### Who Must Sign

If the return is filed by:
• An individual or fiduciary, it must be signed and dated by that individual or fiduciary;
• A partnership, it must be signed and dated by a general partner or limited liability company member; or
• A corporation, it must be signed and dated by the president, vice president, treasurer, assistant treasurer, chief accounting officer, or any other corporate officer (such as a tax officer) authorized to sign.

The paid preparer must complete the required preparer information and:
• Sign the return in the space provided for the preparer's signature, and
• Give a copy of the return to the filer.

### Penalties

The U.S. owner is subject to an initial penalty equal to the greater of $10,000 or 5% of the gross value of the portion of the trust's assets treated as owned by the U.S. person at the close of that tax year, if the foreign trust (a) fails to file a timely Form 3520-A, or (b) does not furnish all of the information required by section 6048(b) or includes incorrect information. See section 6677(a) through (c).

The U.S. owner is subject to an additional separate penalty equal to the greater of $10,000 or 5% of the gross value of the portion of the trust's assets treated as owned by the U.S. person at the close of that tax year, if the U.S. owner (a) fails to file a timely Form 3520 (Part II), or (b) fails to furnish all of the information required by section 6048(b) or includes incorrect information. See section 6677(a) through (c) and the Instructions for Form 3520.

Additional penalties will be imposed if the noncompliance continues for more than 90 days after the IRS mails a notice of failure to comply with the required reporting. For more information, see section 6677.

Criminal penalties may be imposed under sections 7203, 7206, and 7207 for failure to file on time and for filing a false or fraudulent return.

Penalties may also be imposed under section 6662(j) for undisclosed foreign financial asset understatements.

**Reasonable cause.** No penalties will be imposed if the taxpayer can demonstrate that the failure to comply was due to reasonable cause and not willful neglect.

**Note.** The fact that a foreign country would impose penalties for disclosing the required information is not reasonable cause. Similarly, reluctance on the part of a foreign fiduciary or provisions in the trust instrument that prevent the disclosure of required information is not reasonable cause.

# Definitions

## Distribution

A distribution for section 6048(c) reporting purposes is any gratuitous transfer of money or other property from a trust, whether or not the trust is treated as a grantor trust under the grantor trust rules (sections 671 through 679), and without regard to whether the recipient is designated as a beneficiary by the terms of the trust. A distribution includes the receipt of trust corpus and the receipt of a gift or bequest described in section 663(a).

A distribution also includes constructive transfers from a trust. For example, if charges you make on a credit card are paid by a foreign trust or guaranteed or secured by the assets of a foreign trust, the amount charged will be treated as a distribution to you by the foreign trust. Similarly, if you write checks on a foreign trust's bank account, the amount will be treated as a distribution. See section V of Notice 97-34, 1997-25 I.R.B. 22. Also, if you receive a payment from a foreign trust in exchange for property transferred to the trust or services rendered to the trust, and the fair market value (FMV) of the payment you received exceeds the FMV of the property transferred or services rendered, the excess will be treated as a distribution to you. See section V of Notice 97-34, 1997-25 I.R.B. 22.

### Examples

1. If you sell stock with an FMV of $100 to a foreign trust and receive $150 in exchange, you have received a distribution of $50.

2. If you receive $100 from the trust for services performed by you for the trust, and the services have an FMV of $20, you have received a distribution of $80.

## Foreign Trust and Domestic Trust

A foreign trust is any trust other than a domestic trust. A domestic trust is any trust if:

1. A court within the United States is able to exercise primary supervision over the administration of the trust, and

2. One or more U.S. persons have the authority to control all substantial decisions of the trust.

## Grantor

A grantor includes any person who creates a trust or directly or indirectly makes a gratuitous transfer of cash or other property to a trust. A grantor includes any person treated as the owner of any part of a foreign trust's assets under sections 671 through 679, excluding section 678.

**Note.** If a partnership or corporation makes a gratuitous transfer to a trust, the partners or shareholders are generally treated as the grantors of the trust, unless the partnership or corporation made the transfer for a business purpose of the partnership or corporation.

If a trust makes a gratuitous transfer to another trust, the grantor of the transferor trust is treated as the grantor of the transferee trust, except that if a person with a general power of appointment over the transferor trust exercises that power in favor of another trust, such person is treated as the grantor of the transferee trust, even if the grantor of the transferor trust is treated as the owner of the transferor trust.

## Grantor Trust

A grantor trust is any trust to the extent that the assets of the trust are treated as owned by a person other than the trust. See the grantor trust rules in sections 671 through 679. A part of the trust may be treated as a grantor trust to the extent that only a portion of the trust assets are owned by a person other than the trust.

**Note.** Due to changes to section 679(c) made by the HIRE Act, effective after March 18, 2010, a loan of cash or marketable securities from a foreign trust with a U.S. transferor, directly or indirectly, to a U.S. person, or the use of any other trust property directly or indirectly by any U.S. person (whether or not a beneficiary under the terms of the trust) will cause a foreign trust to be treated as having a U.S. beneficiary, unless the U.S. person repays the loan at a market rate of interest or pays the FMV of the use of such property within a reasonable period of time. Thus, in the case of a foreign trust with a U.S. transferor that is treated as having a U.S. beneficiary, the foreign trust is treated as a grantor trust under the grantor trust rules.

## Gross Value

Gross value is the value of property as determined under section 2512 and its regulations, without regard to any prohibitions or restrictions on a person's interest in the property. See section VII of Notice 97-34. Although formal appraisals are not generally required, you should keep contemporaneous records of how you arrived at your good faith estimate.

## Nongrantor Trust

A nongrantor trust is any trust to the extent that the assets of the trust are not treated as owned by a person other than the trust. Thus, a nongrantor trust is treated as a taxable entity. A trust may be treated as a nongrantor trust with respect to only a portion of the trust assets. See *Grantor Trust* above.

## Owner

An owner of a foreign trust is the person that is treated as owning any of the assets of a foreign trust under the grantor trust rules.

## Property

Property means any property, whether tangible or intangible, including cash.

## U.S. Agent

A U.S. agent is a U.S. person (defined later) that has a binding contract with a foreign trust that allows the U.S. person to act as the trust's authorized U.S. agent (see the

instructions for Part I, *Lines 3a through 3g*, later) in applying sections 7602, 7603, and 7604 with respect to:
• Any request by the IRS to examine records or produce testimony related to the proper U.S. tax treatment of amounts distributed, or required to be taken into account under the grantor trust rules, with respect to a foreign trust; or
• Any summons by the IRS for such records or testimony.

A U.S. grantor, a U.S. beneficiary, or a domestic corporation controlled by the grantor or beneficiary may act as a U.S. agent. However, you may not treat the foreign trust as having a U.S. agent unless you enter the name, address, and taxpayer identification number of the U.S. agent on lines 3a through 3g of Part I of the form. See *Identification numbers*, later.

If the person identified as the U.S. agent does not produce records or testimony when requested or summoned by the IRS, the IRS may redetermine the tax consequences of your transactions with the trust and impose appropriate penalties under section 6677.

The agency relationship must be established by the time the U.S. person files Form 3520-A for the relevant tax year and must continue as long as the statute of limitations remains open for the relevant tax year. If the agent's responsibility as an agent of the trust is terminated for any reason (for example, agent's resignation, agent's liquidation, or agent's death), see section IV(B) of Notice 97-34.

## U.S. Beneficiary

A U.S. beneficiary generally includes any person that could possibly benefit (directly or indirectly) from the trust (including an amended trust) at any time, whether or not the person is named in the trust instrument as a beneficiary and whether or not the person can receive a distribution from the trust in the current year. In addition, a U.S. beneficiary includes:
• A foreign corporation that is a controlled foreign corporation (as defined in section 957(a)),
• A foreign partnership if a U.S. person is a partner of the partnership, and
• A foreign estate or trust if the estate or trust has a U.S. beneficiary.

**Foreign trust treated as having a U.S. beneficiary.** In general, a foreign trust will be treated as having a U.S. beneficiary unless the terms of the trust instrument specifically prohibit any distribution of income or corpus to a U.S. person at any time, even after the death of the U.S. transferor or any event terminating the trust, and the trust cannot be amended or revised to allow such a distribution. For these purposes, an amount will be treated as accumulated for the benefit of a U.S. person even if the U.S. person's interest in the trust is contingent on a future event and regardless of whether anything is actually distributed to a U.S. person during that tax year.

*Special rule in case of discretion to identify beneficiaries.* For purposes of the general rule above, if any person has the discretion of making a distribution from the trust to, or for the benefit of any person, the trust will be treated as having a beneficiary who is a U.S. person, unless the terms of the trust specifically identify the class of persons to whom such distributions may be

made, and none of those persons are U.S. persons during the tax year.

*Certain agreements and understandings treated as terms of the trust.* For purposes of the general rule above, if any U.S. person who directly or indirectly transfers property to the trust is directly or indirectly involved in any agreement or understanding (whether written, oral, or otherwise) that may result in the income or corpus of the trust being paid or accumulated to or for the benefit of a U.S. person, such agreement or understanding will be treated as a term of the trust.

*Certain loans or uncompensated use of trust property.* If a foreign trust is not already treated as having a U.S. beneficiary under the rules described above, the trust will be treated as having a U.S. beneficiary if, after March 18, 2010, either:
• The foreign trust loans cash or marketable securities directly or indirectly to a U.S. person and the U.S. person does not repay the loan at a market rate of interest within a reasonable period of time, or
• A U.S. person uses property that is owned by the foreign trust and does not pay FMV of the use of such property within a reasonable period of time.

**Presumption that foreign trust has U.S. beneficiary.** For transfers of property after March 18, 2010, if a U.S. person directly or indirectly transfers property to a foreign trust (other than a deferred compensation or charitable trust described in section 6048(a)(3)(B)(ii)), the IRS may treat such trust as having a U.S. beneficiary for purposes of applying section 679(d) to such transfer if the IRS requests information with respect to the transfer and the U.S. person fails to demonstrate to the satisfaction of the IRS that no portion of the income or corpus of the trust may ever be paid to or accumulated for the benefit of a U.S. person.

## U.S. Person

A U.S. person is:
• A citizen or resident alien of the United States (see Pub. 519, U.S. Tax Guide for Aliens, for guidance on determining resident alien status),
• A domestic partnership,
• A domestic corporation,
• Any estate (other than a foreign estate, within the meaning of section 7701(a)(31)(A)), and
• Any domestic trust (defined earlier).

# Specific Instructions

## Period Covered

File the 2017 return for calendar year 2017 and fiscal years that begin in 2017 and end in 2018. For a fiscal year, fill in the tax year in the space at the top of the form.

## Initial Return, Final Return, Amended Return

**Initial return.** If this is the foreign trust's first return, check the "Initial return" box.

**Final return.** If the foreign trust ceases to exist, check the "Final return" box.

**Amended return.** If this Form 3520-A is filed to amend a Form 3520-A that you previously filed, check the "Amended return" box.

## Excepted Specified Foreign Financial Assets Reported

Check the box only if a U.S. person treated as the owner of any portion of the trust under the grantor trust rules also files Form 8938, Statement of Specified Foreign Financial Assets, for the tax year and includes this form in the total number of Forms 3520-A reported on line 2 of Part IV, Excepted Specified Foreign Financial Assets, of Form 8938. For more information, see the Instructions for Form 8938, generally, and in particular, "Duplicative Reporting" and the specific instructions for Part IV, Excepted Foreign Financial Assets.

## Part I—General Information

**Identification numbers.** Use social security numbers or individual taxpayer identification numbers to identify individuals. Use employer identification numbers (EINs) to identify estates, trusts, partnerships, and corporations.

 *Do not enter a preparer tax identification number (PTIN) in any entry space on Form 3520-A other than the entry space for "PTIN" at the bottom of page 1 of the form.*

**Address.** Include the room, suite, or other unit number after the street address. If the post office does not deliver mail to the street address and the U.S. person has a P.O. box, show the box number instead.

**Foreign address. Do not** abbreviate the country name.

**Line 1b(2).** A reference ID number is required on line 1b(2) only in cases where no EIN was entered for the foreign trust on line 1b(1). However, filers are permitted to enter both an EIN on line 1b(1) and a reference ID number on line 1b(2). If applicable, enter the reference ID number (defined below) you have assigned to the foreign trust.

A "reference ID number" for Form 3520-A purposes is a number established with respect to the foreign trust by or on behalf of the U.S. owner of the foreign trust for which Form 3520-A reporting is required. This number is used to uniquely identify the foreign trust treated as owned by a U.S. person in order to keep track of the trust from tax year to tax year. The reference ID number must meet the requirements set forth below.

**Note.** Because reference ID numbers are established by or on behalf of the U.S. owner of the foreign trust filing Form 3520-A, there is no need to apply to the IRS to request a reference ID number or for permission to use these numbers.

**Note.** When a reference ID number is established with respect to a foreign trust on a Form 3520-A, then the U.S. owner(s) of the foreign trust should also use that same reference ID number with respect to such foreign trust on Form 3520. In general, the reference ID number assigned to a foreign trust on Form 3520-A has relevance only on Form 3520-A and Form 3520 (and on any other form that is attached to or associated with Form 3520-A) and

should not be used with respect to the foreign trust on other IRS forms.

**Requirements.** The reference ID number must be alphanumeric (defined below) and no special characters or spaces are permitted. The length of a given reference ID number is limited to 50 characters.

For these purposes, the term "alphanumeric" means the entry can be alphabetical, numeric, or any combination of the two.

The same reference ID number must be used consistently from tax year to tax year with respect to the foreign trust. If for any reason a reference ID number falls out of use (for example, the foreign trust is terminated and no longer exists), the reference ID number used for that foreign trust cannot be used again for another foreign trust for purposes of Form 3520-A reporting.

There are some situations that warrant correlation of a new reference ID number with a previous reference ID number when assigning a new reference ID number to a foreign trust. See the following examples.
• In the case of a trust that has received assets from another trust, a Form 3520-A filer must use a reference ID number for the receiving trust which correlates the previous reference ID number for the distributed trust with the new reference ID number assigned to the receiving foreign trust.
• You must correlate the reference ID numbers as follows: New reference ID number, Old reference ID number. If there is more than one old reference ID number, you must enter a space between each number. As indicated above, the length of a given reference ID number is limited to 50 characters and each number must be alphanumeric and no special characters are permitted.

**Note.** This correlation requirement applies only to the first year the new reference ID number is used.

**Line 2.** If the trust did not appoint a U.S. agent, attach the following documents to Form 3520-A.
• A summary of the terms of the trust that includes a summary of any oral agreements or understandings you have with the trustee, whether or not legally enforceable.
• A copy of all trust documents (and any revisions), including the trust instrument, any memoranda of wishes prepared by the trustees summarizing the settlor's wishes, any letter of wishes prepared by the settlor summarizing his or her wishes, and any similar documents.

**Lines 3a through 3g.** If a foreign trust with a U.S. owner does not have a U.S. agent, the IRS may determine the amounts required to be taken into account with respect to the foreign trust by the U.S. owner. See section 6048(b)(2). In order to avoid this, a U.S. owner of a foreign trust should ensure that the foreign trust appoints a U.S. person to act as the foreign trust's limited agent for purposes of applying sections 7602, 7603, and 7604 with respect to a request by the IRS to examine records or produce testimony, or a summons by the IRS for such records or testimony. Any U.S. citizen, resident alien, or domestic corporation (including a U.S. grantor or U.S. beneficiary of a foreign trust) may act as the U.S. agent of the trust.

In order to authorize a U.S. person to act as an agent under section 6048(b), the trust and the agent must enter into a binding agreement substantially in the format that follows. Attach a copy of the authorization to Form 3520-A.

### AUTHORIZATION OF AGENT

[ Name of foreign trust ] hereby expressly authorizes [ name of U.S. agent ] to act as its agent solely for purposes of sections 7602, 7603, and 7604 of the Internal Revenue Code with respect to any request to examine records or produce testimony related to the proper treatment of amounts required to be taken into account under the rules of section 6048(b)(1)(A) or to any summons for such records or testimony. I certify that I have the authority to execute this authorization of agent to act on behalf of [ name of foreign trust ].

| _____ | _____ | _____ |
|---|---|---|
| Signature of trustee (or other authorized person) | (title) | (date) |

_____
Your Name (type or print)

_____
Identification Number (if any)

_____
Address

[ Name of agent ] accepts this appointment to act as agent for [ name of foreign trust ] for the above purpose. I certify that I have the authority to execute this authorization of agent to act on behalf of [ name of foreign trust ] and agree to accept service of process for the above purposes.

| _____ | _____ | _____ |
|---|---|---|
| Signature of agent | (title) | (date) |

_____
Your Name (type or print)

_____
Identification Number (if any)

_____
Address

⚠ **CAUTION** *Do not enter a PTIN on the authorization form.*

**Line 5.** Attach a statement that provides the following information concerning the transfer.

1. Name, U.S. taxpayer identification number (if any), and country of organization or residence of the person to whom the property was transferred.

2. A general description of the transfer, and any broader transaction of which it forms a part, including a chronology of the transfers involved and an identification of the other parties to the transaction to the extent known.

3. A description of the property transferred, including the estimated FMV and the adjusted basis of the property.

4. A description of the consideration received by the trust, including its estimated FMV, and for stock or securities, the class or type, amount, and characteristics of the interest received. If no consideration was received by the trust, indicate whether the trust or a U.S. owner exercises any powers over the entity to which the property was transferred (including a description of such powers), and identify the name, U.S. taxpayer identification number (if any), and country of organization or residence of all beneficial owners of such entity.

5. To the extent known, a description of any subsequent transfer of the property, including the name, U.S. taxpayer identification number (if any), and country of organization or residence of the person to whom the property was subsequently transferred.

The statement must also contain a description of the trust ownership structure setting forth the name, U.S. taxpayer identification number (if any), and country of organization of all entities in which the trust has an ownership interest, including an ownership chart showing the trust's position in the chain of ownership and the percentages of ownership.

**Note.** The term "person" includes an individual or an entity, whether U.S. or foreign. See the definition of U.S. person earlier. A foreign person is an individual or entity that is not a U.S. person.

**Line 6.** Enter the number of Foreign Grantor Trust Owner Statements (page 3) included with this Form 3520-A.

## Part II—Foreign Trust Income Statement

Include all income from U.S. and non-U.S. sources. This financial statement must reasonably reflect the trust's income under U.S. income tax principles.

### Income

**Line 1. Interest.** Report all taxable interest income that was received during the tax year. Examples of taxable interest include, but are not limited to, interest from the following.

• Accounts (including certificates of deposit and money market accounts) with banks, credit unions, and thrift institutions.
• Notes, loans, and mortgages.
• U.S. Treasury bills, notes, and bonds.
• U.S. savings bonds.
• Original issue discount.
• Income received as a regular interest holder of a real estate mortgage investment conduit (REMIC).

For taxable bonds acquired after 1987, amortizable bond premium is treated as an offset to the interest income instead of as a separate interest deduction. See Pub. 550, Investment Income and Expenses.

**Line 2. Dividends.** Report all ordinary dividends received during the tax year.

**Note.** Report capital gain distributions on line 5.

**Line 4. Income (loss) from partnerships, fiduciaries, etc.** Enter the trust's share of income or (losses) from partnerships, S corporations, estates, other trusts, and REMICs.

If the trust received a Schedule K-1 from a partnership, S corporation, or other flow-through entity, use the corresponding lines on Form 3520-A to report the interest, dividends, capital gains, etc., from the flow-through entity.

**Line 5. Capital gains (losses).** For capital gains or (losses) attributable to a U.S. owner, use Schedule D (corporate or individual, whichever applies) and Form

8949, Sales and Other Dispositions of Capital Assets, if applicable.

**Line 6. Ordinary gains (losses).** Enter the ordinary gain or (loss) from the sale or exchange of property other than capital assets and also from involuntary conversions (other than casualty or theft).

**Line 7. Other income.** Enter other items of income not included on lines 1 through 6. List the types and amounts on an attached statement if the trust has more than one item.

Items to be reported on line 7 include any part of a total distribution shown on Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., that is treated as ordinary income. For more information, see the instructions for Form 4972, Tax on Lump-Sum Distributions.

### Expenses

**Line 9. Interest expense.** Enter the amount of interest (subject to limitations) paid or incurred by the trust on amounts borrowed by the trust, or on debt acquired by the trust, that is not reported elsewhere in Part II.

If the proceeds of a loan were used for more than one purpose (for example, to purchase a portfolio investment and to acquire an interest in a passive activity), the fiduciary must make an interest allocation according to the rules in Temporary Regulations section 1.163-8T.

Do not include interest paid on indebtedness incurred or continued to purchase or carry obligations on which the interest is wholly exempt from income tax.

**Line 10a. Foreign taxes.** A foreign tax includes only a tax imposed by the authority of a foreign country.

**Line 10b. State and local taxes.** Enter any deductible state and local income or real property taxes paid or incurred during the tax year that are not reported elsewhere in Part II.

Do **not** deduct on line 10b or on any other line of Part II:
• Federal income taxes;
• Estate, inheritance, legacy, succession, and gift taxes; or
• Federal duties and excise taxes.

**Line 11. Amortization and depreciation (depletion).** A reasonable amount is allowed as a depreciation deduction for the exhaustion, wear, and tear of:
• Property used in a trade or business, or
• Property held for the production of income.

**Line 12. Trustee and advisor fees.** Enter the deductible fees paid or incurred to the fiduciary for administering the trust during the tax year.

**Line 13. Charitable contributions.** Generally, any part of the income reported on line 8 that is paid (or treated as paid) during the tax year for a charitable purpose specified in section 170(c) is allowed as a deduction. It is not necessary that the charitable organization be created or organized in the United States.

**Line 14. Other expenses.** Enter other items of expense not listed on lines 9 through 13. List the type and amount

on an attached statement if the trust has more than one item.

**Lines 17b and 17c. Distributions to U.S. owners and beneficiaries.** Separately list the total amount of distributions (including the uncompensated use of trust property) to each U.S. owner and beneficiary. List the full name, identification number, date of distribution, and FMV (dollar amount) for each U.S. owner and beneficiary receiving a distribution. If more space is needed, attach a statement.

Prepare a separate **Foreign Grantor Trust Owner Statement** (see below) or **Foreign Grantor Trust Beneficiary Statement** (see below) for each U.S. owner or for each U.S. beneficiary who receives a distribution from the trust.

## Part III—Foreign Trust Balance Sheet

List all assets and liabilities of the trust, including those assets and liabilities attributable to the portion(s) of the trust (if any) not treated as owned by a U.S. person.

The balance sheet should reflect FMV. Include certificates of deposit as cash on line 1.

**Line 18. Accumulated trust income.** Include the total amount of trust income accumulated and not distributed.

## Foreign Grantor Trust Owner Statement

A copy of this statement (page 3 of Form 3520-A) must be (a) furnished to **each** U.S. person who is treated as an owner of the foreign trust under the grantor trust rules, and (b) included with this Form 3520-A. The statement must be furnished to each U.S. owner no later than the 15th day of the 3rd month following the end of the trust's tax year or later, if an extension of time to file is granted. See *When and Where To File*, earlier.

**Identification numbers and addresses.** See the instructions for Part I, earlier, for information on entering identification numbers and addresses.

**Line 8. Trust documents.** If the trust did not appoint a U.S. agent, list the documents attached to the current year Form 3520-A and those attached to a Form 3520-A filed within the last 3 years. Specify the years the documents were attached. See the instructions for line 2, Part I, for a list of documents the trust is required to attach to Form 3520-A.

### Statement of Foreign Trust Income Attributable to U.S. Owner

The amounts on the statement must include the portion of income reported by the foreign trust deemed attributable to the U.S. owner.

The foreign trust may need to furnish to the U.S. owner additional information, including applicable statements, to ensure that the owner accurately reports income and expenses on the owner's U.S. income tax return.

## Foreign Grantor Trust Beneficiary Statement

A copy of this statement (page 4 of Form 3520-A) must be (a) furnished to each U.S. beneficiary who receives a

distribution (including the uncompensated use of trust property) from the foreign trust during the tax year, and (b) included with this Form 3520-A.

**Exception.** Do not complete this statement for a U.S. person for any portion of the trust of which that U.S. person is treated as the owner; instead, complete the Foreign Grantor Trust Owner Statement for that U.S. person (as described above).

The statement must be furnished to the U.S. beneficiary no later than the 15th day of the 3rd month following the end of the trust's tax year or later, if an extension of time to file is granted. See *When and Where To File*, earlier.

**Identification numbers and addresses.** See the instructions for Part I, earlier, for information on entering identification numbers and addresses.

**Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained for as long as their contents may become material in the administration of any Internal Revenue law.

The time needed to complete and file the form will vary depending on individual circumstances. The estimated average time is:

| | |
|---|---|
| **Recordkeeping**. . . . . . . . . . . . . . . . | 37 hr., 18 min. |
| **Learning about the law or the form**. . . . . . . . . . . . . . . . . . . . . . . | 2 hr., 40 min. |
| **Preparing and sending the form to the IRS**. . . . . . . . . . . . . . . . . . . . . | 3 hr., 24 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can send us comments from *IRS.gov/FormComments*. Click on "More Information" and then on "Give us feedback." Or you can send your comments to: Internal Revenue Service, Tax Forms and Publications Division, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this office. Instead, see *When and Where To File*, earlier.

Mowat Mackie & Anderson LLP
1999 Harrison Street, Suite 1500
Oakland, CA 94612-3577



**9314 8699 0430 0049 9607 27**

RETURN RECEIPT (ELECTRONIC)

Total Postage: $5.42

Internal Revenue Service
P.O. Box 409101
Ogden, UT 84409

Reference Number: Fm7004 Ueland Superan. JL

APPENDIX 5

Form **7004**
(Rev. December 2017)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns
► File a separate application for each return.
► Go to *www.irs.gov/Form7004* for instructions and the latest information.

OMB No. 1545-0233

**Print or Type**

| Name | Identifying number |
|---|---|
| Ueland Superannuation Fund | |

Number, street, and room or suite no. (If P.O. box, see instructions.)
Level One 54 Neridah Street

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code).)
Chatswood, NSW 2067 Australia

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

### Part I   Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.

1   Enter the form code for the return listed below that this application is for . . . . . . . . . . . . . . . . | 2 | 7 |

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND | 19 |
| Form 706-GS(T) | 02 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-PC | 21 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-POL | 22 |
| Form 1041 (trust) | 05 | Form 1120-REIT | 23 |
| Form 1041-N | 06 | Form 1120-RIC | 24 |
| Form 1041-QFT | 07 | Form 1120S | 25 |
| Form 1042 | 08 | Form 1120-SF | 26 |
| Form 1065 | 09 | Form 3520-A | 27 |
| Form 1065-B | 10 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |

### Part II   All Filers Must Complete This Part

2   If the organization is a foreign corporation that does not have an office or place of business in the United States, check here . . . . . . . . . . . . . . . . . . . . . . . . . . ► ☐

3   If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here . . . . . . . . . . . . . . . . . . . . . . . . . ► ☐
   If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

4   If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . ► ☐

5a   The application is for calendar year 20___, or tax year beginning ___July 1___, 20 17 , and ending ___June 30___, 20 18

 b   **Short tax year.** If this tax year is less than 12 months, check the reason: ☐ Initial return  ☐ Final return
   ☐ Change in accounting period  ☐ Consolidated return to be filed  ☐ Other (see instructions—attach explanation)

| | | | |
|---|---|---|---|
| 6 | Tentative total tax . . . . . . . . . . . . . . . | 6 | 0 |
| 7 | **Total** payments and credits (see instructions) . . . . . . . . | 7 | |
| 8 | **Balance due.** Subtract line 7 from line 6 (see instructions) . . . . . . . . . . . . | 8 | 0 |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 13804A   Form **7004** (Rev. 12-2017)

APPENDIX 5

Date Produced: 09/03/2018

WALZ GROUP:

The following is the delivery information for Certified Mail™/RRE item number 9314 8699 0430 0049 9607 27. Our records indicate that this item was delivered on 08/27/2018 at 06:51 p.m. in OGDEN, UT 84409. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

-------------------------------------------------------------------------------------------------------------------------

Information in this section provided by Covius Document Services, LLC.

**Reference Number:**  Fm7004 Ueland Superan. JL